**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CRIMINAL CASE NO.: 9:22-mj-08332-BER-1**

UNITED STATES OF AMERICA,

      Plaintiff,

v.

SEALED SEARCH WARRANT,

      Defendant.

_____/

**MOVANT JUDICIAL WATCH, INC.'S MOTION TO UNSEAL SEARCH WARRANT**

      Movant Judicial Watch, Inc., by counsel, respectfully requests this Court unseal the search warrant materials in *U.S. v. Sealed Search Warrant*, Case No. 9:22-mj-08332 as expeditiously as possible.  As grounds thereof, Judicial Watch states as follows:

      1.      On August 8, 2022, FBI agents executed a search warrant at President Donald J. Trump's residence in Palm Beach, Florida. According to media reports, the warrant relates to an alleged dispute over the Presidential Records Act.

      2.      According to this Court's docket, all entries, including the search warrant are sealed.

      3.      Judicial Watch is a not-for-profit, educational organization that seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. An integral part of Judicial Watch's mission is educating the public about the operations and activities of the government and government officials. To this end, Judicial Watch undertakes investigations of the federal government and federal officials by making extensive use of FOIA, among other

1

investigative tools. Judicial Watch subsequently analyzes all records it receives and disseminates its findings to the public.

4.      Here, Judicial Watch is investigating the potential politicization of the Federal Bureau of Investigation and the U.S. Department of Justice and whether the FBI and the Justice Department are abusing their law enforcement powers to harass a likely future political opponent of President Biden. If the Court were to unseal the materials, Judicial Watch would obtain the materials, analyze them, and make them available to the public. Unsealing the records therefore would further Judicial Watch's mission of educating the public.

5.      Federal courts have long recognized a common-law right of access to judicial records. *Patel v. United States*, 2019 U.S. Dist. LEXIS 152670, *13 (S.D. Fla. Sept. 9, 2019). Such right extends to pre-indictment search-warrant materials. *See Bennett v. United States*, 2013 U.S. Dist. LEXIS 102771, *20 (S.D. Fla. July 23, 2013) (Courts have recognized that the common-law right to inspect judicial records applies where the record at issue is a sealed search-warrant affidavit.") (collecting cases).

6.      "When deciding whether to grant a party's motion to seal or conversely the granting of a party's motion to unseal, the court is required to balance the historical presumption of access against any competing interest." *Id*. at *21 (*quoting In re Search of Office Suites for World and Islam Studies*, 925 F. Supp. 738, 742 (M.D. Fla. 1996). Specifically, courts consider "whether the records are sought for improper purposes, whether access is likely to promote public understanding of historically significant events, and whether the press has already been permitted substantial access to the contents of the records." *In re Four Search Warrants*, 945 F. Supp. 1563, 1568 (N.D. Ga. 1996) (*quoting Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983)).

7.      All three considerations support Judicial Watch's motion to unseal.  First, Judicial Watch seeks access to the warrant materials as part of its educational mission. If the Court were to unseal the materials, Judicial Watch would obtain the materials, analyze them, and make them available to the public. Second, the public has an urgent and substantial interest in understanding the predicate for the execution of the unprecedented search warrant of the private residence of a former president and likely future political opponent. Third, no official explanation or information has been released about the search. As of the filing of this motion, the public record consists solely of speculation and inuendo. In short, the historical presumption of access to warrant materials vastly outweighs any interest the government may have in keeping the materials under seal.

8.      Given the political context, and the highly unusual action of executing a search warrant at the residence of a former President and likely future political opponent, it is essential that the public understands as soon as possible the basis for the government's action. Any government interest in securing the identities of witnesses and confidential sources, if any, may be addressed by appropriate redactions from the search warrant affidavit.

For the foregoing reasons, Judicial Watch respectfully requests this Court unseal the search warrant materials in *U.S. v. Sealed Search Warrant*, Case No. 9:22-mj-08332 as expeditiously as possible.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Dated: August 9, 2022.          Respectfully Submitted,

MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Facsimile: (305) 358-1221

*/s/ Michael S. Budwick*
Michael S. Budwick, Esquire
Florida Bar No. 938777
mbudwick@melandbudwick.com
Gil Ben-Ezra, Esquire
Florida Bar No. 0118089
gbenezra@melandrussin.com

Paul J. Orfanedes, Esquire
*(Pro Hac Vice Application Forthcoming)*
Michael Bekesha, Esquire
*(Pro Hac Vice Application Forthcoming)*
JUDICIAL WATCH, INC.
425 Third Street, S.W., Suite 800
Washington, DC 20024

*Counsel for Movant Judicial Watch, Inc.*