

August 10, 2022

Hon. U.S. Magistrate Judge Bruce E. Reinhart
Paul G. Rogers Federal Building and U.S. Courthouse
701 Clematis Street
West Palm Beach, Florida 33401

**Re: Sealed search warrant(s) / 9:22-mj-08332 / 9:22-mj-08338**

*Sent via email:* [reinhart@flsd.uscourts.gov](mailto:reinhart@flsd.uscourts.gov)

Dear Judge Reinhart:

I am writing this letter to respectfully request the unsealing of certain records that are on file with the clerk's office for the U.S. District Court of the Southern District of Florida.

Upon information and belief, agents with the Federal Bureau of Investigation, through the United States Attorney's office, applied for and received a search warrant in connection with an investigation that involved the residence of Donald J. Trump in Palm Beach, Fla.

On Aug. 8, 2022, a search was executed at the aforementioned residence, at 1100 South Ocean Boulevard, Palm Beach, Fla., by the FBI in plain sight of the public.

In addition, Mr. Trump issued a public statement on Aug. 8, 2022, stating, in part: "These are dark times for our Nation, as my beautiful home, Mar-A-Lago in Palm Beach, Florida, is currently under siege, raided, and occupied by a large group of FBI agents. … After working and cooperating with the relevant Government agencies, this unannounced raid on my home was not necessary or appropriate."

The aforementioned search warrant(s) — and return documents denoting the items seized (once returned to the court) —are filed under seal with the U.S. District Court Clerk's office. I am filing this request seeking the unsealing request of these court records.

As you may know, it is well settled in this Circuit and others that the public has a First Amendment and a common law right to inspect and copy judicial records. It has also been

widely settled in federal courts across the country that a district court's discretion to seal the record of judicial proceedings "is to be exercised charily," and that it is inappropriate to indefinitely seal a warrant affidavit.

The Supreme Court has consistently recognized that the press and the public have a First Amendment right of access to criminal proceedings and records. Circuit courts also have broadly extended that right of access to legal documents and other court records, including pre-trial proceedings, filed in connection with criminal matters.

In this case, the apparent subject of the search, Donald J. Trump, has full knowledge that the FBI searched his residence and that items, including business records and files, were seized.  Federal authorities shared a copy of the search warrant with Mr. Trump's attorney(s), who have stated publicly that the warrant referred to "classified information" and the "Presidential Records Act."

Given that the search warrant(s) have been executed, and the target of that search has full knowledge of what occurred, there is no impediment to any ongoing investigation from the disclosure of the search warrant order or the returns. As such, these records should be unsealed.

Thank you in advance for your consideration of this request and I look forward to hearing from you.

Sincerely,

Brendan J. Lyons
Managing Editor
Times Union
645 Albany-Shaker Road
Albany, New York 12212
518-454-5547
BLyons@timesunion.com