UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-MJ-8332-BER

IN RE SEALED SEARCH WARRANT

_____/

**UNITED STATES' MOTION TO UNSEAL LIMITED WARRANT MATERIALS**

On August 8, 2022, the Department of Justice executed a search warrant, issued by this Court upon the requisite finding of probable cause, *see* Fed. R. Crim. P. 41(c)(1)-(2), at the premises located at 1100 S. Ocean Blvd., Palm Beach, Florida 33480, a property of former President Donald J. Trump.

At the time the warrant was initially executed, the Department provided notice directly to former President Trump's counsel. The Department did not make any public statements about the search, and the search apparently attracted little or no public attention as it was taking place. Later that same day, former President Trump issued a public statement acknowledging the execution of the warrant. In the days since, the search warrant and related materials have been the subject of significant interest and attention from news media organizations and other entities.

In these circumstances involving a search of the residence of a former President, the government hereby requests that the Court unseal the Notice of Filing and its attachment (Docket Entry 17), absent objection by former President Trump. The attachment to that Notice consists of:

- The search warrant signed and approved by the Court on August 5, 2022, including Attachments A and B; and

- The redacted Property Receipt listing items seized pursuant to the search, filed with the Court on August 11, 2022.[1]

The government will respond to the direction of the Court to provide further briefing as to additional entries on the docket, pursuant to the schedule set by the Court.

Consistent with standard practice in this Court, the search warrant and attachments were each filed under seal in Case No. 22-mj-8332-BER prior to the search; the Property Receipt was filed under seal today. Former President Trump, through counsel, was provided copies of each of these documents on August 8, 2022, as part of the execution of the search.

## Argument

### In These Circumstances, the Court Should Unseal the Search Warrant, Including Attachments A and B, and the Property Receipt, Absent Objection from the Former President.

The press and the public enjoy a qualified right of access to criminal and judicial proceedings and the judicial records filed therein. *See, e.g.*, *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). The unsealing of judicial materials pursuant to the common-law right of access "requires a balancing of competing interests." *Chicago Tribune Co.*, 263 F.3d at 1311. "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will

---

[1] The redactions in Docket Entry 17 remove the names of law enforcement personnel who executed the search from the unsealed materials. For ease of reference, the documents the government seeks to unseal, in the form to be made available to the public, have been filed under seal as Docket Entry Number 17.

be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F.3d at 1246.[2] Given the intense public interest presented by a search of a residence of a former President, the government believes these factors favor unsealing the search warrant, its accompanying Attachments A and B, and the Property Receipt, absent objection from the former President.

Although the government initially asked, and this Court agreed, to file the warrant and Attachments A and B under seal, releasing those documents at this time would not "impair court functions," including the government's ability to execute the warrant, given that the warrant has already been executed. *See Romero*, 480 F.3d at 1246. Furthermore, on the day that the search was executed, former President Trump issued a public statement that provided the first public confirmation that the search had occurred. Subsequently, the former President's representatives have given additional statements to the press concerning the search, including public characterizations of the materials sought. *See, e.g., F.B.I Search of Trump's Home Pushes Long Conflict Into Public View*, N.Y. Times (Aug. 9, 2022), *available at* https://www.nytimes.com/2022/08/09/us/politics/fbi-search-trump.html ("Christina Bobb, a lawyer and aide to Mr. Trump who said she received a copy of the search warrant, told one interviewer that the agents were looking for 'presidential records or any possibly classified material.'"). As such, the occurrence of the search and indications of the subject matter involved are already public.

---

[2] In addition, the First Amendment provides a basis for the press and the public's "right of access to criminal trial proceedings." *Chicago Tribune Co.*, 263 F.3d at 1310. However, this Circuit has not addressed whether the First Amendment right of access applies to sealed search warrant materials. *See, e.g.*, *Bennett v. United States*, No. 12-61499-CIV, 2013 WL 3821625, at *3 (S.D. Fla. July 23, 2023) ("this Court has found no Eleventh Circuit decisions addressing whether a First Amendment right of access extends to sealed search-warrant affidavits, particularly at the preindictment stage").

This matter plainly "concerns public officials or public concerns," *Romero*, 480 F.3d at 1246, as it involves a law enforcement action taken at the property of the 45th President of the United States. The public's clear and powerful interest in understanding what occurred under these circumstances weighs heavily in favor of unsealing. That said, the former President should have an opportunity to respond to this Motion and lodge objections, including with regards to any "legitimate privacy interests" or the potential for other "injury" if these materials are made public. *Romero*, 480 F.3d at 1246. To that end, the government will furnish counsel for the former President with a copy of this Motion.

## Conclusion

This Court should unseal Docket Entry 17, subject to the presentation of countervailing interests by former President Trump. A proposed Order is attached herein.

Respectfully submitted,

/s *Juan Antonio Gonzalez*
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY
Florida Bar No. 897388
99 NE 4th Street, 8th Floor
Miami, Fl 33132
Tel: 305-961-9001
Email: juan.antonio.gonzalez@usdoj.gov


*/s/Jay I. Bratt*
JAY I. BRATT
CHIEF
Counterintelligence and Export Control Section
National Security Division
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
Illinois Bar No. 6187361
202.233.0986
jay.bratt2@usdoj.gov

## Certificate of Service

**I HEREBY CERTIFY** that I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF system for filing.

                         /s *Juan Antonio Gonzalez*
                         Juan Antonio Gonzalez
                         United States Attorney