**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

IN RE SEALED SEARCH WARRANT                     Case No.: 9:22-MJ-08332-BER-1
_____/

**THE FLORIDA CENTER FOR GOVERNMENT ACCOUNTABILITY'S
MOTION TO INTERVENE AND SUPPORTING MEMORANDUM OF LAW
SEEKING THE UNSEALING OF JUDICIAL RECORDS**

The Florida Center for Government Accountability, Inc., a Florida not-for-profit corporation, (the "Center") moves to intervene for the limited purpose of unsealing all documents and materials filed with the Court in connection with a search warrant and return executed on Monday, August 8, 2022, at former Mar-a-Lago in Palm Beach, Florida, including any affidavit submitted in support of the search warrant. In support, movant would show the following:

1.  The Center is a non-partisan charitable organization that focuses on providing support and assistance to citizens and investigative journalists to ensure government accountability and transparency.

2.  The Center has unique expertise in access to governmental records, including unsealing state and federal court records. The mission of the Center focuses on public access to governmental records as a tool to aid citizens and journalists in obtaining information that fosters a participatory democracy.

3.  According to published media reports, on Monday, August 8, 2022, a federal search warrant was executed at the property of Former President Donald Trump known as Mar-

a-Lago in Palm Beach County, Florida.[1]  These reports were corroborated by Former President Trump later that same day.

    4.     The day after the search a lawyer for Former President Trump publicly revealed that federal agents seized about a dozen boxes of records and that a copy of the search warrant left by agents at Mar-a-Lago indicated that the subject matter of the search related to possible violations of the Presidential Records Act of 1978 codified at 44 U.S.C. § 2201-2209 (PRA).[2] Recent reporting indicates that classified documents relating to nuclear weapons were among the items FBI agents sought in the search.[3]

    5.     The PRA governs the official records of Presidents and Vice Presidents created or received after January 20, 1981.  Significantly, the PRA vests legal ownership of the official records of the President in the public, and further establishes the legal obligations by which Presidents and the National Archives must manage the records of their administrations.

    6.     Since the execution of the search warrant political figures have demonized the FBI, the Attorney General, and others. For example, one senator characterized the search by federal agents as akin to the infamous acts of Nazi Germany's Gestapo.[4] Others have suggested

---

[1] The story was initially published by Peter Schorsch, publisher of FloridaPolitics.com. *See How a former Florida political operative broke the Mar-a-Lago FBI story*, Washington Post, Aug. 9, 2022, available at https://www.washingtonpost.com/media/2022/08/09/peter-schorsch-trump-fbi-mar-a-lago/.

[2] *See FBI seized about a dozen boxes in raid of Trump home in Florida, lawyer says*, CNBC, Aug. 9, 2022, available at https://www.cnbc.com/2022/08/09/fbi-seized-boxes-in-trump-raid-in-florida-lawyer-says.html.

[3] *See FBI searched Trump's home to look for nuclear documents and other items, sources say*, Washington Post, Aug. 11, 2022, available at https://www.washingtonpost.com/national-security/2022/08/11/garland-trump-mar-a-lago/.

[4] *See Rick Scott on FBI's raid at Mar-a-Lago: Feds are like Nazi Germany's Gestapo*, Sun Sentinel, Aug. 9, 2022, available at https://www.msn.com/en-us/news/politics/rick-scott-on-fbi-e2-80-99s-raid-at-mar-a-lago-feds-are-like-nazi-germany-e2-80-99s-gestapo/ar-AA10u1Dm.

that those responsible for the search warrant are part of a conspiracy to assassinate Former President Trump or plant incriminating evidence against him.[5] Threats against officials involved in the search include that they will soon be incarcerated.[6]

7.      On Thursday, August 11, 2022, an armed man with ties to the January 6 insurrection went into an FBI field office in Cincinnati.[7] After being stopped by security the man fled the building and led law enforcement on a chase and armed standoff that ended when he was shot and killed.

8.      The Center joins in the requests to unseal the search warrant, supporting affidavit, and return sought by other intervenors, including the New York Times Company, Judicial Watch, Inc., The Washington Post, CNN, NBC News, and Scripps, for the reasons outlined in their respective motions.

9.      The United States has also moved to unseal the search warrant, two attachments, and a redacted property receipt listing items seized pursuant to the warrant. ECF No. 18. The limited release of information sought by the United States, however, does not satisfy the compelling reasons justifying a full disclosure of the search warrant materials, including the affidavit submitted in support of the warrant.

---

[5] *See Bannon Appears on Alex Jones's Show to Claim FBI is Preparing to Assassinate Trump*, MSN, Aug. 9, 2022, available at https://www.msn.com/en-us/news/politics/bannon-appears-on-alex-jones-s-show-to-claim-fbi-is-preparing-to-assassinate-trump/ar-AA10uj7a

[6] *See GOP Will 'Incarcerate' Officials Who Approved FBI's Trump Raid, Bannon Says*, Newsweek, Aug. 11, 2022, available at https://www.newsweek.com/gop-will-incarcerate-officials-who-approved-fbis-trump-raid-bannon-says-1733024

[7] *See An armed man tried to enter the FBI's Cincinnati office and was fatally shot after a standoff with police,* CNN, Aug. 11, 2022, available at https://www.cnn.com/2022/08/12/us/fbi-cincinnati-office-armed-suspect-what-we-know/index.html

10. On August 11, 2022, Former President Trump publicly stated that he does not oppose the release of the search warrant materials.[8]

11. The Center contacted counsel for the United States on August 11, 2022, regarding its position on intervention, but has not received a response at this writing.

## MEMORANDUM OF LAW

A presumption exists that judicial records are open to the public. Courts must evaluate whether good cause exists to prevent such access." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1363 (11th Cir. 2021). In doing so a "balance of interests" approach is applied to determine whether access should be granted in light of the particular facts of the case. *See Bennett v. United States*, No. 12-61499-CIV-ROSENBAUM, 2013 U.S. Dist. LEXIS 102771, at *21 (S.D. Fla. July 23, 2013). "[A] party should not seek to seal information that is already public." *OJ Com., LLC v. KidKraft, Inc.*, 34 F.4th 1232, 1241 (11th Cir. 2022).

> In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

This is a perilous time for democracy. The ubiquity of social media has contributed to public disinformation on a scale never seen before. Information is weaponized for political gain. The general public that consumes this information is uncertain about what is truth and what is fiction.

---

[8] *See Trump says he will not oppose the release of documents tied to the Mar-a-Lago search*, NPR, updated Aug. 12, 2022, available at https://www.npr.org/2022/08/11/1116974512/justice-department-unseal-warrant-mar-a-lago-trump.

The Court must balance the public's common law right to accurate and timely information against the government's need for secrecy. Under the circumstances of this case, that balance strongly favors disclosure.

WHEREFORE, the Center respectfully requests that the Court grant its motion to intervene and enter an Order unsealing the search warrant, supporting affidavit and return.

Respectfully submitted,

*/s/ Andrea Flynn Mogensen, Esq.*
Andrea Flynn Mogensen, Esq.
Law Office of Andrea Flynn Mogensen, P.A.
677 N. Washington Blvd., Suite 128
Sarasota, FL 34236
Tel: (941) 955-1066
Florida Bar No. 549681
andrea@sarasotacriminallawyer.com


The Law Offices of Nellie L. King, P.A.
319 Clematis Street, Suite 604
West Palm Beach, FL 33401
Tele.: 561-833-1084
Fax: 561-833-1085
Email: Nellie@CriminalDefenseFla.com

*/s/ Nellie L. King*
NELLIE L. KING
Fla. Bar No.: 0099562

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 12, 2022, I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF system for filing.

*/s/ Andrea Flynn Mogensen, Esq.*
Andrea Flynn Mogensen, Esq.

*/s/ Nellie L. King*
NELLIE L. KING