UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE SEALED SEARCH WARRANT

CASE NO. 22-MJ-8332-BER

_____/

**NON-PARTY AMERICAN BROADCASTING COMPANIES, INC.'S MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF JOINING DOW JONES COMPANY, INC.'S MOTION TO UNSEAL WARRANT MATERIALS**

American Broadcasting Companies, Inc. ("ABC") seeks leave to intervene in this matter for the limited purpose of joining Intervenor Dow Jones Company, Inc.'s ("Dow Jones's") motion to unseal all materials related to the search warrant executed on August 8, 2022, at the home of former President Donald Trump. (D.E. 32.) ABC specifically adopts and incorporates the substance of Dow Jones's motion.

**MEMORANDUM OF LAW**

**I. BACKGROUND**

As explained in Dow Jones's motion, the U.S. Department of Justice's execution on August 8, 2022, of a search warrant at Mr. Trump's home ignited both intense public interest and an aggressive reaction from Mr. Trump and his allies.[1] Multiple news outlets reported that the federal government executed the warrant to find classified documents allegedly removed from the White House and brought to Mr. Trump's home in potential violation of federal law.[2]

---

[1] Donald J. Trump (@realDonaldTrump), TRUTH SOCIAL (Aug. 8, 2022), https://truthsocial.com/@realDonaldTrump/posts/108789700493889917; *Trump Investigation Live Updates*, ABC NEWS (Aug. 12, 2022) https://abcnews.go.com/Politics/live-updates/?id=88284249.

[2] Alex Leary, Aruna Viswanatha, & Sadie Gurman, *FBI Recovered 11 Sets of Classified Documents in Trump Search, Inventory Shows*, THE WALL STREET JOURNAL (Aug. 12, 2022),

The U.S. Government and many media entities petitioned the Court to unseal documents related to the search warrant (D.E. 4, 6, 8, 9, 18, 20, 22, 23, 31, 33), and Mr. Trump also issued a statement requesting an "immediate[]" release of the records.[3] After the U.S. Government represented that Mr. Trump did not oppose unsealing the documents specified in the Government's motion (D.E. 40), the Court unsealed a narrow swath of records. (D.E. 41.)

Considering the Court's unsealing of the seven pages of documents outlined in (D.E. 17), ABC notes that the scope of the unsealed materials is far tighter than what Dow Jones seeks to unseal. *Compare* (D.E. 18 at 1–2) (requesting release only of documents associated with (D.E. 17)) *with* (D.E. 32 at 1) (requesting release of all documents filed under seal in this case). Like Dow Jones, ABC asks the Court to unseal all materials currently under seal in this matter, as the same principles and factors applicable to the materials described in (D.E. 17) apply with equal force to the release of all sealed documents in this case. *See* (D.E. 32 at 4–8) (outlining the factors that courts in this district apply to the unsealing of materials).

## II.  ABC HAS STANDING TO INTERVENE

The Eleventh Circuit has repeatedly recognized the propriety of allowing the public and the press to intervene in connection with the sealing of court records. *See, e.g., Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) ("Because it is the rights of the public . . . that are at stake, any member of the public has standing to . . . unseal the court file in the event the record has been improperly sealed.") ABC has closely followed and reported on Mr. Trump for several decades, including the events of the last four days. Pursuant to the above authority, the

---

https://www.wsj.com/articles/fbi-recovered-eleven-sets-of-classified-documents-in-trump-search-inventory-shows-11660324501?mod=hp_lead_pos1.

[3] Donald J. Trump (@realDonaldTrump), TRUTH SOCIAL (Aug. 11, 2022), https://truthsocial.com/@realDonaldTrump/posts/108807820697397549.

Court has already recognized the right of the press to intervene. (D.E. 11, 26, 35.) For this reason, ABC requests permission to intervene in this action.

### III. THE SEARCH WARRANT RECORDS SHOULD BE UNSEALED

For the reasons stated in Dow Jones's motion—adopted and incorporated by reference here—ABC asks the Court to unseal all records currently under seal in this matter.

In sum, the press enjoys the right—rooted in both the First Amendment and the common law—of a presumptive access to court records. *See U.S. v. Ochoa-Vasquez*, 428 F.3d 1015, 1029–30 (11th Cir. 2005). *See also Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1359 (11th Cir. 2021) (explaining that access to judicial records "is crucial to our tradition and history, as well as to continued public confidence in our system of justice.") Importantly, this right of access, which includes access to search warrants and related documents, can be overcome only if the party desiring secrecy demonstrates a "compelling interest" to justify the seal. *See In re Search of Office Suites for World and Islam Studies Enter.*, 925 F. Supp. 738, 742 (M.D. Fla. 1996) (noting further that, for this reason, "[i]n most instances, . . . once the warrant and application have been returned to the court, the public and press should have full access"). The party seeking closure, then, bears the burden of "describ[ing] in considerable detail the nature, scope and direction" of how disclosure would contravene the compelling interest. *Bennett v. United States*, 12-61499-CIV, 2013 WL 3821625, at *4 (S.D. Fla. July 23, 2013) (citation omitted).[4]

---

[4] Even if the party seeking maintenance of the seal can clear these hurdles, the next step in the analysis is whether another remedy rather than a seal—such as redaction—can accommodate the interest. *In re Search of Office Suites for World and Islam Studies Enter.*, 925 F. Supp. at 743. *See also Press Enterprise v. Superior Court,* 464 U.S. 501, 510 (1984) (requiring the court to make articulated and specific "findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest").

And where, as here, the sealed documents pertain to "historically significant events," *Comm'r, Alabama Dep't of Corr. v. Advance Local Media, LLC,* 918 F.3d 1161, 1169 (11th Cir. 2019), or "concern[] public officials or public concerns," *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007), the thumb weighs even heavier on the side of access. *See also In re Four Search Warrants*, 945 F. Supp. 1563, 1569 (N.D. Ga. 1996) (unsealing warrant-related records because the underlying event was newsworthy and because disclosure furthered the public's understanding of the legal system, helped preserve of the integrity of the fact-finding process, and furthered the appearance of fairness) (citing *Newman v. Graddick*, 696 F.2d 796, 801 (11th Cir. 1983).

## IV.  CONCLUSION

As noted in (D.E. 32), no apparent reason exists for continued concealment—much less a compelling reason, as required by relevant case law. For this reason, ABC respectfully asks the Court to unseal, without limitation, all materials currently under seal in this matter.

## REQUEST FOR HEARING

Pursuant to Local Rule 7.1(b)(2), ABC requests a hearing for this motion to assist the Court in determining whether any compelling reasons exists for maintaining the warrant-related documents under seal. ABC estimates the time required for argument to be sixty minutes.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

The undersigned certifies that on August 12, 2022, she made reasonable efforts to confer with the Assistant United States Attorney for the Southern District of Florida handling the matter, leaving a message with their office about ABC's intervention. She has yet to receive a return telephone call. Pursuant to (D.E. 18 and 40), the United States and Mr. Trump do not appear principally opposed to the release of many search-related documents.

4

Dated: August 15, 2022

        Respectfully submitted,

        SHULLMAN FUGATE PLLC

        */s/ Rachel E. Fugate*
        Rachel E. Fugate
        Florida Bar No. 144029
        rfugate@shullmanfugate.com
        Deanna K. Shullman
        Florida Bar No. 514462
        dshullman@shullmanfugate.com
        Minch Minchin
        Florida Bar No. 1015950
        mminchin@shullmanfugate.com
        2101 Vista Parkway, Suite 4006
        West Palm Beach, Florida 33411
        Telephone: (813) 935-5098
        *Attorneys for American Broadcasting Companies, Inc.*