**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CRIMINAL CASE No. 9:22-MJ-8332-BER**

**IN RE: SEALED SEARCH WARRANT**

FILED BY_____ D.C.

AUG 1 5 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

_____/

# MOTION OF PAUL M. DORSEY, PRO-SE TO INTERVENE FOR THE LIMITED PURPOSE OF UNSEALING ALL WARRANT MATERIAL

## I.    Introduction:

On August 8, 2022, the Department of Justice executed a search warrant, issued by this

Court with the signature of magistrate judge Bruce E. Reinhart, presumable upon the requisite

finding of probable cause, see Fed. R. Crim. P. 41(c)(1)-(2), at the premises located at 1100 S.

Ocean Blvd., Palm Beach, Florida 33480, a property of former President Donald J. Trump.

Consistent with standard practice in this Court, the search warrant and attachments

were each filed under seal in Case No. 22-mj-8332-BER prior to the search; the Property

Receipt was filed under seal yesterday. In the two day period starting August 10, five seperate

motions have been filed to unseal the search warrant material.

This motion is filed because those motions did not include facts and/or circumstances

relevant to this particular case. Namely, that FBI personnel have a document history of lying to

federal courts when applying for warrants against Donald Trump or his supporters; that the

magistrate judge who signed the warrant against Donald Trump filed a Notice of Recusal on

June 22, 2022 in a case where Donald J. Trump was a plaintiff and this same judge, according to news accounts, has made disparaging statements against Donald Trump (to be clear, these statements were made prior to his appointment as a magistrate judge); and that previous efforts by the United States government against Donald J. Trump have been stacked with an overwhelming number of Democrat investigators on loan from the FBI.

## II. Dorsey Has Standing to Intervene.

The Eleventh Circuit has recognized both the public's and the news media's right to intervene in matters to challenge the denial of access to court records. See, e.g., *United States v. Ellis*, 90 F.3d 447, 449 (11th Cir. 1996), cert. denied, 519 U.S. 1118 (1997); *Newman v. Graddick*, 696 F.2d 796, 800 (11th Cir. 1983). Only through intervention can the public's right to open courts and records be vindicated. See *Newman*, 696 F.2d at 800

Dorsey, a natural born citizen of the United States and a life long Connecticut citizen is a member of the public. As a citizen, he has exercised his right to file several motions in U.S. District Courts to unseal court records in various cases (or, more accurately, to object to motions to restrict access filed by parties to the cases). (see *Martensen v. Koch*, 2013-cv-2411 (doc 231); *Phelps Oil and Gas, LLC v Noble Energy, Inc. et al*, 2014-cv-2604 (doc 193); *Long v. Wyss*, 2014-cv-3200 (doc 20); *Antero Resources Corp. v. South Jersey Resources Group, LLC*, et al, 2015-cv-0656 (doc 182); and *Turnkey Solutions Corp. v. Hewlett-Packard Company*, 2015-cv-1541. All cases from the District of Colorado). Dorsey has also filed similar motions in Connecticut Superior Court and, in one case, successfully appealed an unfavorable decision in the Superior Court to the Appellate Court (see AC 182090 *Federico Bragoni et al. v. Carl Francalangia et al.*)

## III. Legal Standard.

Before 1980, federal courts did not recognize a First Amendment right of access to judicial proceedings and court records. In *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 100 S. Ct. 2814, 65 L. Ed. 2d 973 (1980), the U.S. Supreme Court broke new ground by recognizing that the First Amendment gave the press and public an affirmative qualified right of access to criminal court proceedings. *See,* Eugene Cerruti, *"Dancing in the Courthouse": The First Amendment Right of Access Opens a New Round,* 29 U. RICH. L. REV. 237 (1995).

*Los Angeles Times v. County of Los Angeles,* 956 F. Supp. 1530, 1538-39 (C.D. Cal. 1996).

So, now the press and the public enjoy a qualified right of access to criminal and judicial proceedings and the judicial records filed therein. See, e.g., *Romero v. Drummond Co., Inc.,* 480 F.3d 1234, 1245 (11th Cir. 2007); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1311 (11th Cir. 2001). " . . . [T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." Nixon v. Warner Communications, Inc. *et al.* 435 U.S. 589, 599 (1978).

## IV. Argument.

This court needs to unseal the entire search warrant material. The requested Search Warrant Records include, without limitation: (1) the search warrant itself; (2) the search warrant application; (3) any motion to seal search warrant-related records; (4) any resultant order regarding a motion to seal; (5) any search warrant returns; and (6) all probable cause affidavits filed in support of obtaining the search warrant.

In addition to all the other items, reasons and citations discussed by other interveners, which are hereby adopted, the court should also consider the following four facts and

circumstances (none of which has been mentioned by the other interveners as of document number 36):

First, that FBI personnel have a document history of lying to federal courts when applying for warrants against Donald Trump or his supporters. (see USA v Kevin Clinesmith, 1:2020-cr-0165 Dist of Columbia D.C);

Second, that Bruce E. Reinhart, the United States Magistrate Judge who signed the warrant against Donald Trump filed a Notice of Recusal on June 22, 2022 in a case where Donald J. Trump was a plaintiff against Hillary R. Clinton, *et al.* (See Case No 22-Civ-12102, Doc No. 186, filed June 22, 2022).

Third, that news accounts report that this same Bruce E. Reinhart has made disparaging statements against Donald Trump (as stated earlier, these statements were made prior to his appointment as a magistrate judge).  (See *https://www.dailywire.com/news/judge-who-approved-fbi-raid-disparaged-trump-shared-woke-content-on-facebook-report*   [last visited Aug 12, 2022 at 3:20 pm.])

Forth, that previous efforts by the United States government against Donald J. Trump – this would be the Mueller probe - have been stacked with an overwhelming number of Democrat investigators on loan from the FBI. (see https://www.politifact.com/factchecks/2018/mar/21/donald-trump/fact-checking-donald-trumps-claims-about-Mueller/   [last visited Aug 12, 2022 at 3:25 pm.])

Combined, these four facts and circumstances allow a reasonable person to conclude that the FBI and the district courts are not being fair and honest when it comes to matters concerning Donald J. Trump.  Only full disclosure of the entire search warrant material, as previously listed,

will offset those conclusions. This full disclosure necessarily includes the names of the agents (see fact number four above).

## V. Conclusion.

For the foregoing reasons, Intervenor Paul M. Dorsey requests that the court unseal the entire arrest warrant material, including the names of the agents on the raid.

## REQUEST FOR HEARING

Pursuant to Local Rule 7.1(b)(2), the Intervenor Paul M. Dorsey requests that the Court set a hearing on this motion. In light of the Court's task in reviewing the interests that the government or Trump may assert, considering the many facts already publicly known about the investigators of Trump, and weighing the colossal public interest in the records, a public hearing would assist the Court and further the public's interest in transparency. Intervenor Dorsey estimates that the time required for argument on his part would be 15 minutes or less. This estimate does NOT include time required for arguments from the "Media Intervenors."

## CERTIFICATION OF GOOD-FAITH CONFERENCE

Pursuant to Local Rules 7.1(b)(2) and 88.9(a), undersigned pro-se intervenor certifies that on the morning of August 12, 2022, he made reasonable efforts (given the extreme time constraints of this case) to confer with the United States Attorney's Office for the Southern District of Florida. Namely, I emailed attorney Gonzalez and attorney Bratt at their respective "doj" email addresses an outline of the arguments I was planning to make. This was at 12:45 am Friday, August 12, 2022. (see exhibit 1) I asked them to incorporate my arguments into their response that is due by 5:00 pm Monday, August 15, 2022. At the time of this filing, the undersigned pro-se intervenor has received no communications from the government.

Dated August 12, 2022, 4:05 pm.

Respectfully submitted

*Paul M Dorsey*

Paul M. Dorsey
110 Westminster Drive
West Hartford, CT  06107
(860) 521-0081
*p.dorsey@comcast.net*

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2022, a true and correct copy of the foregoing document is being emailed to the Judge Reinhart.  A courier will also file a signed version of this motion with the court clerk on Monday, August 15, 2022.  A copy of the foregoing is also being served by email and/or overnight mail, postage paid, to:

Juan Antonio Gonzalez
U.S. Attorney's Office
Southern District of Florida
98 NE 4th Street, Floor 8
Miami, FL 33132-2131
juan.antonio.gonzalez@usdoj.gov


Law Office of Andrea Flynn Mogensen, P.A.
Suite 128
677 N. Washington Blvd.
Sarasota, FL 34236
941-955-1066


*Paul M Dorsey*

Paul M. Dorsey
110 Westminster Drive
West Hartford, CT  06107
(860) 521-0081
*p.dorsey@comcast.net*

Exhibit 1

Paul Dorsey <p.dorsey@comcast.net>                                        8/12/2022 12:45 AM

## Another motion to intervene in 22-mj-8332

To juan.antonio.gonzalez@usdoj.gov <juan.antonio.gonzalez@usdoj.gov> •
jay.bratt2@usdoj.gov <jay.bratt2@usdoj.gov>

Greetings:  I write pursuant to the local rule to inform you that I will be filing a motion to intervene in the USA v Sealed Search Warrant case to argue for a complete unsealing of all search warrant material, including the application for the warrant AND the names of the agents involved in the search.

I'm a private citizen. I'm not a lawyer -  but over the years I have filed half a dozen or so motions to intervene (in federal and Connecticut courts).  Some were successful, some weren't.

I'm going to argue that the legal standard should be the First Amendment, and that that standard imposes a higher burden than the common law standard.

I'm also going to bring up three facts unique to this case that were not mentioned in the motions filed by the news organizations.  These facts support complete unsealing. Specifically:

That FBI personnel have previously lied to federal courts regarding past search warrant applications aimed against Donald Trump (the warrant was against Carter Page, a low level Trump campaign worker, if I recall correctly).  I want to know if the current FBI application contains any other lies.  I also want to know if the FBI violated its duty of candor to the tribunal.  I can't do that without seeing the application.

I've heard news reports (it wasn't the New York Times or NBC News) that the magistrate judge who signed the warrant excused himself from a case involving Donald Trump and Hillary Clinton due to his bias against Donald Trump.  I don't know if that's true or not, but I'm going to have it in the motion.  If it is true, I want to know if the FBI went to this judge in particular for the warrant.  The application might be specifically addressed to the judge or maybe to just the "District Court, Southern District of Florida." so, another reason why I need to see the application.

That the special counsel Mueller hired all Democrats (or nearly all Democrats) for his team investigating Trump.  Mueller was a former head of the FBI.  I want to know if all of the agents serving the warrant were Democrats.  Or if they contributed to Democrats.  News reports I've heard state that Trump is warning about the planting of evidence by the agents.  I recall the OJ Simpson criminal case getting torpedoed over this exact issue (in addition to that glove that didn't fit, *et al*).  I need the names of the agents in order to investigate them.

/////

In the interest of judicial economy, I ask that you incorporate a response to these four items (1st Amendments higher standard and the three unique facts discussed above) in your court

filing due Friday before 5 pm.

I also ask that you advise me as to whether you will incorporate a response in your Friday's filing.

Sorry for the extreme short notice. But I believe the court will want your response sooner rather than later. If I had the finished motion, I would have provided it to you.

This email will be attached as an exhibit to my motion for the purpose of complying with the local rule.

Thank you.

/s/ Paul Dorsey

Paul Dorsey
110 Westminster Drive
West Hartford, CT 06107
(860) 521-0081
p.dorsey@comcast.net