UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CRIMINAL CASE NO.: 9:22-mj-08332-BER-1**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SEALED SEARCH WARRANT,

    Defendant.

_____/

## MOVANT JUDICIAL WATCH, INC.'S REPLY IN SUPPORT OF ITS MOTION TO UNSEAL

Movant Judicial Watch, Inc., by counsel, respectfully submits this reply in support of its motion to unseal the search warrant materials in this case [ECF No. 4].[1]

    1.    There is no dispute that the Court "must balance the presumptive right of access against important competing interests and then weigh[] the Government's asserted reasons for continued sealing against Petitioner's interest in access." *Bennett v. United States*, 2013 U.S. Dist. LEXIS 102771, *21 (S.D. Fla. July 23, 2013) (citing *In re Four Search Warrants*, 945 F. Supp. 1563, 1567-1568 (N.D. Ga. 1996).

    2.    The government's opposition is devoid of any balancing of the interests at stake even though, in its motion to unseal the warrant and the inventory list, the government recognized that "[t]his matter plainly concerns public officials or public concerns as it involves a law

---

[1] Judicial Watch notes that while, multiple media entities included motions to intervene with their motions to unseal, it filed only a motion to unseal. Judicial Watch did so to avoid burdening the Court with additional paperwork. Judicial Watch is prepared to file a separate motion to intervene if the Court determines one is necessary. In addition, for the avoidance of doubt, Movant respectfully requests to be heard at the hearing scheduled for August 18, 2022 at 1:00 p.m. and expects its argument would be no longer than five minutes.

enforcement action taken at the property of the 45th President of the United States.  The public's clear and powerful interest in understanding what occurred under these circumstances weighs heavily in favor of unsealing."  Gov't Motion (ECF No. 4 at 4) (internal quotation marks and citation omitted).  The government's argument for keeping the search warrant affidavit under wraps is little more than the assertion that the affidavit should remain sealed because of what the government *says* is important. Movant does not dispute the importance of preserving the integrity of criminal investigations and protecting the country's national security interests. However, the public may be forgiven for not taking the government at its word as to what information would jeopardize such interests. Indeed, that is precisely why the Constitution inveighs this Court with the heavy responsibility of balancing the government's and the public's competing interests in disclosure.

3. The Court must give searching review to the government's claimed reasons for keeping the affidavit under seal. *Baltimore Sun Company v. Goetz*, 886 F.2d 60, 65 (4th Cir. 1989) ("[T]he decision to seal the papers must be made by the judicial officer; he cannot abdicate this function.").  And while the government asserts that movants' case law is "readily distinguishable," the government identifies no analogous case law concerning the execution of a search warrant at the home of a sitting president's immediate predecessor and election opponent and potential future election opponent.  It is the government's case law that is readily distinguishable.

4. The public interest in the contents of the affidavit cannot be understated. The secrecy surrounding the search warrant, and the affidavit that led to its issuance, has caused the nation to convulse with intrigue and harmful speculation that will only increase the longer the truth is kept from the public. The heat must be replaced with light, and soon. Maintaining the seal will only fuel more speculation, uncertainty, leaks, and political intrigue and it will also serve to

undermine public confidence in the fair administration of justice and equal protection of the law. Considering the gravity of this unprecedented action by the government, at a minimum, the Court should review the affidavit line-by-line to determine what information may be disclosed and what information may be redacted to balance the competing concerns at issue.

5. The unsealing of the warrant and inventory list has not satisfied the public interest. If anything, disclosure of the inventory of records seized during the search has only further inflamed public debate about the search and increased public interest in the disclosure of as much of the affidavit as possible.

6. Relatedly, and as has been widely reported, President Trump has also called for the immediate release of the completely unredacted search warrant affidavit.[2]

Dated: August 17, 2022.            Respectfully Submitted,

MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Facsimile: (305) 358-1221

*/s/ James C. Moon*
Michael S. Budwick, Esquire
Florida Bar No. 938777
mbudwick@melandbudwick.com
James C. Moon, Esquire
Florida Bar No. 938211
jmoon@melandbudwick.com

*/s/ Paul J. Orfanedes*
Paul J. Orfanedes, Esquire
(*Admitted Pro Hac Vice*)
porfanedes@judicialwatch.org

---

[2] https://truthsocial.com/@realDonaldTrump/108830529259405266

/s/ *Michael Bekesha*
Michael Bekesha, Esquire
(*Admitted Pro Hac Vice*)
mbekesha@judicialwatch.org
JUDICIAL WATCH, INC.
425 Third Street, S.W., Suite 800
Washington, DC 20024
Telephone: (202) 646-5172
Facsimile: (202) 646-5199

*Counsel for Movant Judicial Watch, Inc.*