UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

IN RE SEALED SEARCH WARRANT        Case No.: 9:22-MJ-08332-BER-1
_____/

**THE FLORIDA CENTER FOR GOVERNMENT ACCOUNTABILITY'S
REPLY TO UNITED STATES' OMNIBUS RESPONSE TO MOTIONS TO UNSEAL**

The Florida Center for Government Accountability, Inc., a Florida not-for-profit corporation, (the "Center"), through counsel, submit this Reply to the Unites States' Omnibus Response to Motions to Unseal (ECF# 59) ("Response").[1]

**Argument**

The government agrees that, under the common law right of access to judicial records, the Court must apply a balancing test. (ECF #59 at 3). Noticeably absent from the Response is any analysis of those balancing factors, particularly the public importance of this case. Nor does the government explain why redaction could not achieve the interests of protecting an ongoing criminal investigation, particularly where substantial information is already in the public domain.

As demonstrated below, the particular facts and circumstances of this case tip the balancing analysis in favor of release.

**I.      Standard of review**

The decision to allow public access is a matter of the Court's supervisory and discretionary power. *Ctr. for Individual Rights v. Chevaldina*, No. 16-20905-Civ-KING/TORRES, 2018 U.S. Dist. LEXIS 89847, at *20 (S.D. Fla. May 30, 2018). A court's

---

[1] Because the Center adopts the Consolidated Reply of all Media Intervenors (ECF# 67) ("Consolidated Reply"), this Reply is limited.

discretion is exercised "in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 599, 98 S. Ct. 1306, 1312-13 (1978).

##  II.    Public importance

The Eleventh Circuit has recognized the importance of transparency in judicial proceedings "if the public is to learn about the crucial legal issues that help shape modern society. Informed public opinion is critical to effective self-governance." *Newman v. Graddick*, 696 F.2d 796, 801 (11th Cir. 1983). The court in *Newman* held that this right is not limited to a trial but extends "equally to proceedings other than the trial itself." *Id*. The *Newman* court also observed that the "integrity of the judicial process, which public scrutiny is supposed to safeguard, is just as much at issue in proceedings of this kind as at trial." *Id.*

The government acknowledges that the balancing factors the court must consider include whether the sealed information is about public officials and public concerns and whether any legitimate privacy interests are harmed by disclosure. Response at 4. In support of the search warrant affidavit remaining sealed, the government frequently cites *Bennett v. United States*, No. 12-61499-CIV-ROSENBAUM, 2013 U.S. Dist. LEXIS 102771 (S.D. Fla. July 23, 2013), but that case has numerous distinctions.

For example, *Bennett* involved the execution of a search warrant at a pain management clinic for alleged controlled substance violations. Dr. Bennett, the owner of the clinic, sought to unseal the search warrant affidavit "in order to challenge its constitutional sufficiency." *Id.* at *22. The government argued against unsealing it because of an ongoing criminal investigation. Nothing in the opinion suggests that Dr. Bennett was a public official or that the public had *any* interest or concern in the search warrant.

In contrast, this case involves a search of the residence of the former President of the United States. As demonstrated by the Media Intervenors, there is a substantial and historic public interest in this case. Consolidated Reply at 6-10.

A key factor in *Bennett* for finding that a redacted search warrant affidavit was not practical was that it included "the identities of patients and employees of the Gulfstream Pain Center." *Bennett*, *supra*, at *23-24. But for those privacy interests, the outcome in *Bennett* would likely have been different. *See id*. at *23 (if the identity of witnesses and undercover officers were "the only risk posed by unsealing the affidavit, this case would likely be one where redaction could provide an alternative to complete sealing while still accommodating the Government's compelling interest in closure.").

Here, the Center agrees that redaction of information in the search warrant affidavit would adequately protect the interests asserted by the government and be narrowly tailored to serve that interest. *See Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606, 102 S. Ct. 2613, 73 L. Ed. 2d 248 (1982) (denial of disclosure must serve a compelling governmental interest and be narrowly tailored to serve that interest).

For the above reasons, the Center urges the Court to direct the government to redact information that is narrowly tailored to serve the interests of its ongoing investigation but otherwise unseal the search warrant affidavit.

Respectfully submitted,

*/s/ Andrea Flynn Mogensen, Esq.*
Andrea Flynn Mogensen, Esq.
Law Office of Andrea Flynn Mogensen, P.A.
677 N. Washington Blvd., Suite 128
Sarasota, FL 34236
Tel: (941) 955-1066
Florida Bar No. 549681
andrea@sarasotacriminallawyer.com

/s/ Nellie L. King
Nellie L. King, Esq.
Law Offices of Nellie L. King
319 Clematis Street, Suite 604
West Palm Beach, FL 34201
Tel: (561) 220-2377
Florida Bar No. 99562

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 17, 2022, I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF system for filing.

/s/ Andrea Flynn Mogensen, Esq.
Andrea Flynn Mogensen, Esq.