UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

IN RE SEALED SEARCH WARRANT

Case No. 22-MJ-8332-BER

Via Courier Service

August 18, 2022

Michael S. Barth
P.O. Box 832
Far Hills, New Jersey 07931
917-628-6145

District Court Judge
Paul G. Rogers Federal Building and U.S. Courthouse
701 Clematis Street
West Palm Beach, Florida 33401

FILED BY _____ D.C.

AUG 18 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

Re:  In Re Sealed Search Warrant, Case No. 9:22-MJ-08332-BER
    Rule 72 Motion for District Judge to Review an Order of a Magistrate Judge,
    Judge Recusal and to file These Pleadings as Conforming to the Rules of Court.

Dear Chief Judge Cecilia M. Altonaga, or Rule 72 District Judge to be assigned to this Motion

Please accept this letter memorandum in support of the undersigned Rule 72 Motion for a District Judge to review an Order of the Honorable Magistrate Judge Bruce E. Reinhart in the above-referenced matter, Judge Recusal, and to File these Pleadings as Consistent with the Rules of Court. If granted, please file the attached Reply to the Government's Response to the Omnibus Motions to Unseal.

As to the Rule 72 Motion, the Paperless Order, Docket Number 62 reads in pertinent part:

"Docket Text: PAPERLESS ORDER Denying pro se motion DE[62] to intervene and unseal documents. The interests asserted by the movant are adequately represented by the media-intervenors. See In re Horizon Organic Milk Plus DHA Omega-3 Mktg. & Sales Prac. Litig., No. 12-MD-02324, 2014 WL 12496734, at *2 (S.D. Fla. July 10, 2014) (citing Fed. R. Civ. P. 24) (collecting cases). Signed by Magistrate Judge Bruce E. Reinhart on 8/17/2022. (hk02) Modified text per chambers on 8/17/2022 (mf)."

To note, under Docket 61, an appeal to the Eleventh Circuit is pending on a matter that perhaps could be considered related to this Motion.

As a Federal District Court in the Fourth Circuit has written:

"The Federal Magistrates Act, 28 U.S.C. 631 et. Seq., and the Federal Rules of Civil Procedure specifically provide for the district judge's review of an order issued by a magistrate judge. Rule 73 provides for the District Court's review and requires parties objecting to a magistrate judge's order to file their exceptions within 10 days of being served with a copy of the order. Fed. R. Civ. P 72(a). In addition, Rule 72 provides that, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." *See example* In Re Search Warrants, 353 F. Supp. 583 (N.D.M.D. 2004).

As the Court's Clerk confirmed on August 17, 2022, there is yet to be assigned a District Judge to this matter that is distinct from the assigned Magistrate Judge. Presumably that does not impact this motion.

Logically a Rule 72 Review makes sense considering a Magistrate Judge is chosen by "their peers" in the District, and not the Advice and Consent of the Senate under Article II, Section. Clause 2 of the United States Constitution. Conversely, asking a District Judge to overturn an Order of a Magistrate Judge where the District Judge may have voted for the Magistrate Judge is conflicting in and of itself. Perhaps an example to put that in context, as there do not appear to be many cases on such a conflict, is from my own experience from an appeal from a state tax court case, and on appeal to the United States Supreme Court, Supreme Court Justice Alito recused himself from considering the appeal, because New Jersey Supreme Court Chief Justice Rabner recused himself from the appeal, and Chief Justice Rabner recused himself from the appeal of a tax Court judge that he personally selected where that tax court judge the Chief Judge appointed did not get appointed through a nomination by the Governor and confirmed by the New Jersey State Senate. As you may be aware, Justice Alito supervised Chief Justice Rabner at an earlier point in time thus the link of the recusal of the State Supreme Court Chief Justice reviewing an appeal of his hand-picked tax court judge to the United Supreme Court Justice. (Citation and References omitted.)

Similarly asking to overturn Magistrate Judge Reinhart may have its own consequences as well, to the extent Judges appear to seek "retribution" for "interlocutory" type appeals of their Orders, as no one doubts the importance of a Judge's reputation. (Reference omitted.) Hopefully this "appeal" does not invoke similar side effects of previous sanctions requests should this appeal be translated to impacting a Judge's reputation. *See example:*

> "Saying the "unfounded factual and legal accusations" hurt his reputation, Reinhart in 2011 asked U.S. District Judge Kenneth Marra to sanction Edwards. Marra declined, saying the dispute had nothing to do with whether federal prosecutors violated the women's rights. "The Court cannot permit anyone slighted by allegations in court pleadings to intervene and conduct mini-trials to vindicate their reputation," Marra wrote, in denying Reinhart's request." (Reference omitted.)

As to the Motion for Judge Recusal; the Government and Media Intervenors have referenced former President Trump on numerous occasions in their pleadings, and perhaps in the next pleadings they will reference where former President Trump called for Magistrate Judge Reinhart recusal. (Reference omitted.) However, if the function of a Magistrate Judge is to process "routine matters", a fundamental question becomes how did the Court conclude the execution of a search warrant on a former President's property is "routine." Accordingly, the District should substitute the Judge on this matter, even if *sua sponote*. Conversely, please consider this, as appropriate, a Constitutional Challenge of the Federal Rules that allow a Magistrate to consider denying a Motion to Unseal Warrant documents in this matter, when constitutionally seemingly outside the scope of his jurisdiction to issue such a warrant in these circumstances.

As to Magistrate Reinhart's reliance on the unpublished opinion In Re Horizon Organic Milk Plus DHA Omega-e Marketing and Sales Practice Litigation, 2014 WL 12496734 (SDFL 2014), it appears that the Court recognizes this movants intervention as a matter of right. That intervention as a matter of right is already recognized by the Government, and supported by

various case law including the Eleventh Circuit case Brown v. Advantage Engineering, Inc., 960 F.3d 1013, 1016 (CA11 1992). (any member of the public has standing to move to unseal the court file…) Even though the Eleventh Circuit also recognized the right of the press to have standing, the Eleventh Circuit did not rule that the public only has standing if the media does not show up. Has the media committed to appeal if necessary? In Re Horizon is based on someone trying to intervene as a "Plaintiff", too remote to even be considered in this matter. Even looking at the "existing [non-existent] parties" in this matter, perhaps it would be one thing to brief if the target of the raid was a party, however they are not here and therefore In Re Horizon is not even remotely controlling or persuasive.

In Re Horizon the burden on the proposed intervenor to show that the "existing parties" cannot adequately represent its interest is minimal. *Id. at 1.* However the list of "non-party" media proponents includes as abbreviated: ABC, CBS, CNN, Dow Jones, E.W. Scripps, Florida Center for Government Accountability, Judicial Watch, McClatchy, NBC, Palm Beach Post, the Associated Press, The New York Times, Times Publishing, USA, WP Company. It is ironic to suggest they represent the public interest when they are already disclosing information that is purportedly sealed; unless they are selectively leaked to advance their own interest, not the interest of the public. (References omitted.) Did the Government already admit to the Court behind closed doors the media is or is not a security concern of their selective leaks?

Moreover, without choosing inflammatory words, the various media accuse each other of all types of things. Perhaps former Justice Breyer would ask if the found religion or something. There are seemingly many examples to quote, and movant's right should be preserved to provide more examples on appeal if necessary. However, it appears a number of the media intervenors have come to the defense of the Magistrate and the Government that it might be fairer to suggest

some of the media intervenors actually represent the Government and the Magistrate interests, as compared to my interest. A few examples from the many examples on the public domain to show the media movants bias that preclude Magistrate Reinhart's conclusion:

- Media pundits' celebrations in response to the FBI's raid on former President Trump's Mar-a-Lago home last week extended into Sunday, this time with MSNBC host Tiffany Cross claiming Americans are anxious to see him "handcuff[ed]" and "perp walked" like in an episode of "COPS." (Reference omitted.)
- "NY Times staffer wanted to check with Schumer before running Sen. Tim Scott op-ed, Bari Weiss says." (Reference omitted.)
- "Trumps angry words spur warnings of real violence." (Associated Press.)

Accordingly, without more inflammatory language, it appears at a minimum the Media intervenors, (apart from fact they are "non-parties" as was not the case In Re Horizon and therefore does not apply and contrary to the Eleventh Circuit), and they clearly do not sufficiently represent the interests of "the public" or my interests based on their obvious bias, and therefore the undersigned respectfully requests the court grant the relief requested.

/s/ Michael S. Barth

Michael S. Barth
Pro Se
P.O. Box 832
Far Hills, New Jersey 07931
917-628-6145