UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-MJ-08332

IN RE: SEALED SEARCH WARRANT

_____/

ORDER OVERRULING OBJECTION TO
MAGISTRATE JUDGE ORDER ON INTERVENTION

This matter is before the Court on the *pro se* Movant's Letter Memorandum filed on August 18, 2022, which the Court construes as an objection to Magistrate Judge Bruce E. Reinhart's paperless order at docket entry 64. That paperless order reads as follows:

> PAPERLESS ORDER denying pro se motion DE 62 to intervene and unseal documents. The interests asserted by the movant are adequately represented by the media-intervenors. *See In re Horizon Organic Milk Plus DHA Omega-3 Mktg. & Sales Prac. Litig.*, No. 12-MD-02324, 2014 WL 12496734, at *2 (S.D. Fla. July 10, 2014) (citing Fed. R. Civ. P. 24) (collecting cases). Signed by Magistrate Judge Bruce E. Reinhart on 8/17/2022. (hk02) (Entered: 08/17/2022)

The Court construes the Movant's objection as arguing that the Movant's request to intervene in this matter should have been granted. Intervention is governed by Rule 24 of the Federal Rules of Civil Procedure. Pursuant to that Rule, a district court may permit an intervenor to intervene when the intervenor shares a claim or defense with the main action. This Court "will presume that a proposed intervenor's interest is adequately represented when an existing party pursues the same ultimate objective as the party seeking intervention." *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 215 (11th Cir. 1993). Adequate representation exists when "no collusion is shown between the representative and an opposing party, if the representative does not have or represent an interest adverse to the proposed intervenor, and if the representative does not fail in fulfillment of his duty." *Id.* (quotation marks omitted).

Here, under both an abuse of discretion and *de novo* standard of review, the Court concludes that Judge Reinhart's decision was correct. This Court has considered the issues presented at the hearing on this matter before Judge Reinhart on August 18, 2022. Based upon that review, the Court concludes that the parties who have been permitted intervention in this matter—various outlets of the national news media—have thoughtfully and professionally litigated their position. This Court can therefore conclude with certainty that the interests of the *pro se* Movant are adequately represented. There is no evidence of collusion between the media outlets in this case and the Government, there is no adverse interest between the media outlets and the *pro se* Movant, and the media outlets have not failed in the fulfillment of their duty. The media outlets seek the same relief that the *pro se* Movant does, and they have adequately litigated on behalf of their shared relief with the Movant.

For all of the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that the *pro se* Movant's objection [DE 70] is **OVERRULED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 19th day of August, 2022.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record