UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-8332-BER

IN RE: SEALED SEARCH WARRANT

_____/

**ORDER ON MOTIONS TO UNSEAL[1]**

On August 8, 2022, the Government executed a search warrant at 1100 S. Ocean Boulevard, Palm Beach, Florida ("the Premises"). The Premises are a private club that is also the part-time residence of Former President Donald J. Trump.

Numerous intervenors ("Intervenors") now move to unseal materials related to the search warrant. ECF No. 17 at 2. The Intervenors are Judicial Watch (ECF No. 4), Albany Times Union (ECF No. 6), The New York Times Company (ECF No. 9), CBS Broadcasting, Inc. (ECF No. 20), NBCUniversal Media, LLC d/b/a NBC News, Cable News Network, Inc., WP Company, LLC d/b/a The Washington Post, and E.W. Scripps Company (ECF No. 22), The Palm Beach Post (ECF No. 23), The Florida Center for Government Accountability, Inc. (ECF No. 30), The McClatchy Company LLC d/b/a Miami Herald and Times Publishing Company d/b/a Tampa Bay Times (ECF No. 31), Dow Jones & Company, Inc. (ECF No. 32), The Associated Press (ECF No. 33), and ABC, Inc. (ECF No. 49). The Government opposes the request to unseal. ECF No. 59. Neither Former President Trump nor anyone else purporting to be the

---

[1] This Order memorializes and supplements my rulings from the bench at the hearing on August 18, 2022.

owner of the Premises has filed a pleading taking a position on the Intervenors' Motions to Unseal.

## BACKGROUND

On August 5, 2022, the Court issued a search warrant for the Premises after finding probable cause that evidence of multiple federal crimes would be found at the Premises ("the Warrant"). An FBI Special Agent's sworn affidavit ("the Affidavit") provided the facts to support the probable cause finding. The Government submitted (1) a Criminal Cover Sheet, (2) an Application for Warrant by Electronic Means, (3) the Affidavit, (4) a proposed Warrant, (5) a Motion to Seal all of the documents related to the Application and the Warrant, and (6) a proposed Order to Seal (collectively the "Warrant Package"). The Government asserted there was good cause for sealing the entire Warrant Package because public disclosure might lead to an ongoing investigation being compromised and/or evidence being destroyed. ECF No. 2. The Motion to Seal the entire Warrant Package was granted. ECF No. 3. After the search on August 8, 2022, the Government filed an inventory of the seized items (the "Inventory"), as required by Federal Rule of Criminal Procedure 41(f)(1)(D). ECF No. 21.

Beginning on August 10, 2022, the Intervenors filed motions to intervene and to unseal the entire Warrant Package. On August 11, the Government moved to unseal (1) the Warrant and (2) a copy of the Inventory that had been redacted only to remove the names of FBI Special Agents and the FBI case number. ECF No. 18. The Court granted the Government's Motion to Unseal these materials on August 12,

2022. ECF No. 41. Those materials are now publicly available. Therefore, to the extent the Intervenors have moved to unseal the Warrant and the Inventory, the motions are DENIED AS MOOT.

On August 12, 2022, the Government filed under seal redacted copies of several other documents from the Warrant Package — the Criminal Cover Sheet, the Application for a Warrant by Telephone or Other Reliable Electronic Means, the Motion to Seal, and the Sealing Order. ECF No. 57. These materials are redacted only to conceal the identities of an Assistant United States Attorney and an FBI Special Agent. The Government does not oppose unsealing the redacted versions. ECF No. 59 at 2. The Intervenors do not object to the limited redactions. Hrg. Tr. at 8. I find that the redactions are appropriate to protect the identity and personal safety of the prosecutor and investigator. Therefore, to the extent the Intervenors move to unseal these redacted documents, their motions are GRANTED. *See* ECF No. 74.

All that remains, then, is to decide whether the Affidavit should be unsealed in whole or in part. With one notable exception that is not dispositive, the parties agree about the legal principles that apply.[2] They disagree only about how I should apply those principles to the facts. The Government concedes that it bears the burden of justifying why the Affidavit should remain sealed. Hrg. Tr. at 8; s*ee, e.g., DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

---

[2] As discussed below, the parties disagree whether a First Amendment right of public access applies to a sealed search warrant and related documents.

3

## APPLICABLE LEGAL PRINCIPLES

It is a foundational principle of American law that judicial proceedings should be open to the public. An individual's right to access judicial records may arise from the common law, the First Amendment, or both. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310-12 (11th Cir. 2001). That right of access is not absolute, however. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Where a sufficient reason exists, a court filing can be sealed from public view.

"The common law right of access may be overcome by a showing of good cause, which requires balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (brackets in original) (quoting *Chicago Tribune,* 263 F.3d at 1309). In deciding whether good cause exists, "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero,* 480 F.3d at 1246. They also consider "whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, whether access is likely to promote public understanding of historically significant events, and whether the press has already been permitted substantial access to the contents of

the records." *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983) (citing *Nixon*, 435 U.S. at 596-603 & n.11).

Despite the First Amendment right of access, a document can be sealed if there is a compelling governmental interest and the denial of access is "narrowly tailored to serve that interest." *Globe Newspaper Co. v. Superior Court,* 457 U.S. 596, 606 (1982).

The Eleventh Circuit has not resolved whether the First Amendment right of access applies to pre-indictment search warrant materials. The Government argues, "The better view is that no First Amendment right to access pre-indictment warrant materials exists because there is no tradition of public access to *ex parte* warrant proceedings." ECF No. 59 at 4 n.3. Nevertheless, the Government says that I need not resolve this question because, even under the First Amendment test, a compelling reason exists for continued sealing. *Id.* (citing *Bennett v. United States*, No. 12-61499-CIV, 2013 WL 3821625, at *4 (S.D. Fla. July 23, 2013) (J. Rosenbaum).

I do not need to resolve whether the First Amendment right of access applies here. As a practical matter, the analyses under the common law and the First Amendment are materially the same. Both look to whether (1) the party seeking sealing has a sufficiently important interest in secrecy that outweighs the public's right of access and (2) whether there is a less onerous (or, said differently, a more narrowly tailored) alternative to sealing. As discussed more fully below, in this case, both tests lead to the same conclusion.

5

**DISCUSSION**

*1. Balancing the Parties' Interests*[3]

The Government argues that unsealing the Affidavit would jeopardize the integrity of its ongoing criminal investigation. The Government's motion says, "As the Court is aware from its review of the affidavit, it contains, among other critically important and detailed investigative facts: highly sensitive information about witnesses, including witnesses interviewed by the government; specific investigative techniques; and information required by law to be kept under seal pursuant to Federal Rule of Criminal Procedure 6(e)." ECF No. 59 at 8.

Protecting the integrity and secrecy of an ongoing criminal investigation is a well-recognized compelling governmental interest. *See, e.g., United States v. Valenti*, 987 F.2d 708, 714 (11th Cir. 1993); *Bennett,* 2013 WL 3821625, at *4; *Patel v. United States*, No. 19-MC-81181, 2019 WL 4251269, at *4 (S.D. Fla. Sept. 9, 2019) (J. Matthewman). "Although many governmental processes operate best under public scrutiny, it takes little imagination to recognize that there are some kinds of government operations that would be totally frustrated if conducted openly." *Press-*

---

[3] "As the Eleventh Circuit has explained, findings in a public order as to the need for sealing 'need not be extensive. Indeed, should a court say too much the very secrecy which sealing was intended to preserve could be impaired. The findings need only be sufficient for a reviewing court to be able to determine, *in conjunction with a review of the sealed documents themselves,* what important interest or interests the district court found sufficiently compelling to justify the denial of public access.'" *United States v. Steinger*, 626 F. Supp. 2d 1231, 1234 (S.D. Fla. 2009) (J. Jordan) (citing and adding emphasis to *United States v. Kooistra,* 796 F.2d 1390, 1391 (11th Cir. 1986)).

*Enter. Co. v. Superior Court of Cal. for Riverside Cnty.,* 478 U.S. 1, 8-9 (1986). Criminal investigations are one such government operation. The Intervenors agree that protecting the integrity of an ongoing criminal investigation can, in the right case, override the common law right of access. Hrg. Tr. at 28.

In the context of an ongoing criminal investigation, the legitimate governmental concerns include whether: (1) witnesses will be unwilling to cooperate and provide truthful information if their identities might be publicly disclosed; (2) law enforcement's ability to use certain investigative techniques in the future may be compromised if these techniques become known to the public; (3) there will be an increased risk of obstruction of justice or subornation of perjury if subjects of investigation know the investigative sources and methods; and (4) if no charges are ultimately brought, subjects of the investigation will suffer reputational damage. *See Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 219 n.10 (1979) (discussing importance of secrecy to grand jury investigations) (quoting *United States v. Procter & Gamble*, 356 U.S. 677, 681-82 n.6 (1958)). Most of the cases discussing these principles arise in the grand jury setting. *See, e.g., Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1382 (D.C. Cir. 1980) (Grand jury secrecy "serves to protect the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like."); *see also Pitch v. United States*, 953 F.3d 1226, 1232 (11th Cir. 2020) (discussing "vital purposes" for grand jury secrecy). The same concerns also apply to a pre-indictment search warrant. At the pre-indictment stage, the Government's need to

conceal the scope and direction of its investigation, as well as its investigative sources and methods, is at its zenith. *Blalock v. United States*, 844 F.2d 1546, 1550 n.5 (11th Cir. 1988) ("The courts' concern for grand jury secrecy and for the grand jury's law enforcement function is generally greatest during the investigative phase of grand jury proceedings.") (quoting S. Beale & W. Bryson, *Grand Jury Law & Practice* § 10:18 (1986)). Maximizing the Government's access to untainted facts increases its ability to make a fully-informed prosecutive decision while also minimizing the effects on third parties.

As the Government aptly noted at the hearing, these concerns are not hypothetical in this case. One of the statutes for which I found probable cause was 18 U.S.C. § 1519, which prohibits obstructing an investigation. Also, as some of the media Intervenors have reported, there have been increased threats against FBI personnel since the search. ECF No. 59 at 8 n.5 (citing news articles about threats to law enforcement); *see, e.g.*, Josh Campbell, et al., *FBI Investigating 'Unprecedented' Number of Threats Against Bureau in Wake of Mar-a-Lago Search,* CNN.COM (Aug. 13, 2022), https://www.cnn.com/2022/08/12/politics/fbi-threats-maralago-trump-search/index.html; Nicole Sganga, *FBI and DHS Warn of Increased Threats to Law Enforcement and Government Officials After Mar-a-lago Search*, CBSNEWS.COM (Aug. 15, 2022), https://www.cbsnews.com/news/mar-a-lago-search-fbi-threat-law-enforcement/. An armed man attempted to infiltrate the FBI Office in Cincinnati, Ohio on August 11, three days after the search. Elisha Fieldstadt, et al., *Armed Man Who was at Capitol on Jan. 6 is Fatally Shot After Firing into an FBI Field Office in*

8

*Cincinnati*, NBC<small>NEWS</small>.<small>COM</small> (Aug. 11, 2022), https://www.nbcnews.com/news/us-news/armed-man-shoots-fbi-cincinnati-building-nail-gun-flees-leading-inters-rcna42669. After the public release of an unredacted copy of the Inventory, FBI agents involved in this investigation were threatened and harassed. Alia Shoaib, *An Ex-Trump Aide and Right-wing Breitbart News Have Been Separately Accused of Doxxing [sic] the FBI Agents Involved in the Mar-a-Lago Raid*, B<small>USINESS</small>I<small>NSIDER</small>.<small>COM</small> (Aug. 13, 2022), https://www.businessinsider.com/breitbart-trump-aide-doxxing-mar-a-lago-raid-fbi-agents-2022-8. Given the public notoriety and controversy about this search, it is likely that even witnesses who are not expressly named in the Affidavit would be quickly and broadly identified over social media and other communication channels, which could lead to them being harassed and intimidated.

Balancing the Government's asserted compelling need for sealing against the public's interest in disclosure, I give great weight to the following factors:

- There is a significant likelihood that unsealing the Affidavit would harm legitimate privacy interests by directly disclosing the identity of the affiant as well as providing evidence that could be used to identify witnesses. As discussed above, these disclosures could then impede the ongoing investigation through obstruction of justice and witness intimidation or retaliation. This factor weighs in favor of sealing.

- The Affidavit discloses the sources and methods used by the Government in its ongoing investigation. I agree with the Government

9

that the Affidavit "contains, among other critically important and detailed investigative facts: highly sensitive information about witnesses, including witnesses interviewed by the government; specific investigative techniques; and information required by law to be kept under seal pursuant to Federal Rule of Criminal Procedure 6(e)." ECF No. 59 at 8. Disclosure of these facts would detrimentally affect this investigation and future investigations. This factor weighs in favor of sealing.

- The Affidavit discusses physical aspects of the Premises, which is a location protected by the United States Secret Service. Disclosure of those details could affect the Secret Service's ability to carry out its protective function. This factor weighs in favor of sealing.

- As the Government concedes, this Warrant involves "matters of significant public concern." ECF No. 59 at 7. Certainly, unsealing the Affidavit would promote public understanding of historically significant events. This factor weighs in favor of disclosure.

The Intervenors emphasize that the Court is required to consider if the press has "already been permitted substantial access to the contents of the records." *Newman,* 696 F.2d at 803. The Government acknowledges that the unsealed Warrant and Inventory already disclose "the potential criminal statutes at issue in this investigation and the general nature of the items seized, including documents marked as classified." ECF No. 59 at 7. One Intervenor argues that no privacy

interest remains because "Mr. Trump and his counsel have spoken repeatedly about the government's search and publicly disclosed information about the alleged subject matter of the warrant, including the potential mishandling of classified documents and violations of the Presidential Records Act." ECF No. 32 at 5. Another cites the Government's statement in its Motion to Unseal the Warrant that "the occurrence of the search and indications of the subject matter involved are already public." ECF No. 22 at 7 (citing ECF No. 18 at 3). A third argues:

> The investigation has been made public by the target of the warrant himself, details of the investigation have appeared in publications throughout the world, members of Congress have demanded that the Justice Department provide an explanation, and political commentary on the search continues unabated. In short, with so much publicity surrounding the search, the Court should be skeptical about government claims that disclosure of this true information will invade privacy, disturb the confidentiality of an investigation, tip off potential witnesses, or lead to the destruction of evidence.

ECF No. 8 at 8-9. No one disputes that there has been much public discourse about this Warrant and the related investigation. ECF No. 67 at 7-9 (summarizing issues of public discussion). Nevertheless, much of the information being discussed is based on anonymous sources, speculation, or hearsay; the Government has not confirmed its accuracy.

In any event, these arguments ignore that the contents of the Affidavit identify not just the facts known to the Government, but the sources and methods (i.e., the witnesses and the investigative techniques) used to gather those facts. That information is not known to the public. For the reasons discussed above, the Government has a compelling reason not to publicize that information at this time.

I do not give much weight to the remaining factors relevant to whether the common law right of access requires unsealing of the Affidavit. *See Romero, supra; Newman, supra.* Allowing access to the unredacted Affidavit would not impair court functions. Having carefully reviewed the Affidavit before signing the Warrant, I was — and am — satisfied that the facts sworn by the affiant are reliable. So, releasing the Affidavit to the public would not cause false information to be disseminated. There is no indication that the Intervenors seek these records for any illegitimate purpose.

After weighing all the relevant factors, I find that the Government has met its burden of showing good cause/a compelling interest that overrides any public interest in unsealing the full contents of the Affidavit.

*2. Narrowly Tailoring/Least Onerous Alternatives*

I must still consider whether there is a less onerous alternative to sealing the entire document. The Government argues that redacting the Affidavit and unsealing it in part is not a viable option because the necessary redactions "would be so extensive as to render the document devoid of content that would meaningfully enhance the public's understanding of these events beyond the information already now in the public record." ECF No. 59 at 10; *see also Steinger*, 626 F. Supp. 2d at 1237 (redactions not feasible because they would "be so heavy as to make the released versions incomprehensible and unintelligible."). I cannot say at this point that partial redactions will be so extensive that they will result in a meaningless disclosure, but I may ultimately reach that conclusion after hearing further from the Government.

The Government argues that even requiring it to redact portions of the Affidavit that could not reveal agent identities or investigative sources and methods imposes an undue burden on its resources and sets a precedent that could be disruptive and burdensome in future cases. I do not need to reach the question of whether, in some other case, these concerns could justify denying public access; they very well might. Particularly given the intense public and historical interest in an unprecedented search of a former President's residence, the Government has not yet shown that these administrative concerns are sufficient to justify sealing.

I therefore reject the Government's argument that the present record justifies keeping the entire Affidavit under seal. In its Response, the Government asked that I give it an opportunity to propose redactions if I declined to seal the entire Affidavit. I granted that request and gave the Government a deadline of noon on Thursday, August 25, 2022. ECF No. 74. Accordingly, it is hereby ORDERED that by the deadline, the Government shall file under seal a submission addressing possible redactions and providing any additional evidence or legal argument that the Government believes relevant to the pending Motions to Unseal.

**DONE and ORDERED** in Chambers this 22nd day of August, 2022, at West Palm Beach in the Southern District of Florida.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE