UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

UNITED STATES OF AMERICA

Case No.: 9:22-mj-08332-BER

v.

SEALED SEARCH WARRANT

_____/

**MEDIA INTERVENORS' MOTION TO UNSEAL PORTIONS OF GOVERNMENT'S BRIEF ADDRESSING REDACTIONS TO SEARCH WARRANT AFFIDAVIT AND FOR PUBLIC FILING OF REDACTED VERSIONS OF ALL SEALED DOCUMENTS**

Intervenors American Broadcasting Companies, Inc.; the Associated Press; Cable News Network, Inc. ("CNN"); CBS Broadcasting Inc.; Dow Jones & Company, Inc., publisher of *The Wall Street Journal*; the E.W. Scripps Company ("Scripps"); Gannett Co., Inc. d/b/a *The Palm Beach Post*; the McClatchy Company, LLC d/b/a the *Miami Herald*; NBCUniversal Media, LLC d/b/a NBC News; The New York Times Company; Times Publishing Company d/b/a the *Tampa Bay Times*; and WP Company LLC d/b/a *The Washington Post* (the "Media Intervenors") hereby move for an order (1) unsealing portions of the government's brief (the "Brief," ECF Nos. 88, 89) addressing redactions to the affidavit of probable cause submitted in connection with the search warrant executed on August 8, 2022 at former President Donald J. Trump's residence at the Mar-a-Lago Club, and (2) directing the government, going forward, to file a public redacted version of any sealed filing simultaneously with the sealed version.[1]

---

[1] Counsel for Intervenors The Washington Post, CNN, NBC News, Scripps, and the Associated Press conferred with government counsel regarding these requests on August 24 and 25 and was advised that the government does not oppose the filing of this motion.

**ARGUMENT**

Like the search warrant affidavit itself, the Brief is a judicial record to which a presumption of public access applies.[2] As this Court has already recognized, there is an "intense public and historical interest in an unprecedented search of a former President's residence," and the government bears the burden of demonstrating that "a sufficiently important interest in secrecy" justifies sealing.  Aug. 22, 2022 Order at 5, 13 (ECF No. 80); *see also* United States' Mot. to Unseal Limited Warrant Materials at 4 (ECF No. 18) (recognizing "public's clear and powerful interest in understanding what occurred under these circumstances").  At the same time, this Court has recognized the government's interest in "protecting the integrity and secrecy of an ongoing criminal investigation."  ECF No. 80 at 6.  The Media Intervenors are sensitive to the balancing of interests required of the Court.

That said, to the extent that some portions of the Brief could be made available to the public without jeopardizing any ongoing investigation, the government should be required to file a redacted version of the Brief with those portions unsealed.  Furthermore, to avoid unnecessary motion practice in the future, the Media Intervenors respectfully request that the Court direct the government to file a public redacted version of *any* document filed under seal in this matter simultaneously with the sealed version.[3]

As this Court has also recognized, there is little interest in maintaining secrecy with respect to facts about the investigation that the government has already publicly confirmed to be accurate.  *See* ECF No. 80 at 11.  Many confirmed facts about the investigation into Trump's

---

[2] The Media Intervenors incorporate by reference their prior briefing in support of unsealing all warrant materials.  *See* ECF Nos. 8, 20, 22, 23, 31, 32, 33, 49, 67.

[3] The Media Intervenors nonetheless reserve the right to challenge all sealings, regardless of whether a public redacted version is filed.

handling of records have already been made available to the public, including through the warrant materials already unsealed in this matter (ECF Nos. 15-17, 55-57), Attorney General Merrick Garland's public statement,[4] and statements and materials released by the National Archives and Records Administration.[5]  Additionally, public statements by Trump in his pending motion for judicial oversight[6] and elsewhere disclose events that may also be recounted in the government's Brief.  At a minimum, any portions of the Brief that recite those facts about the investigation, without revealing additional ones not yet publicly available – in addition to any other portions that pose no threat to the investigation – should be unsealed.  If and when additional facts come to light and are confirmed to be accurate, or certain facts no longer pose a threat to the investigation for any other reason, there is no justification for maintaining them under seal either.  Furthermore, any legal arguments in the government's filings should be made public, even if some of the facts the government recounts remain under seal.

## CONCLUSION

For the foregoing reasons, the Media Intervenors respectfully request that the Court enter an order (1) unsealing portions of the government's Brief, and (2) directing the government, going forward, to file a public redacted version of any sealed filing simultaneously with the sealed version.

---

[4] Press Release, *Attorney General Merrick Garland Delivers Remarks*, Dep't of Justice (Aug. 11, 2022), https://www.justice.gov/opa/speech/attorney-general-merrick-garland-delivers-remarks.

[5] Press Release, *Press Statement in Response to Media Queries About Presidential Records*, Nat'l Archives (Feb. 14, 2022), https://www.archives.gov/press/press-releases/2022/nr22-001; Ltr. from Debra Steidel Wall, Acting Archivist of the United States, to Evan Corcoran (May 10, 2022), *available at* https://www.archives.gov/files/foia/wall-letter-to-evan-corcoran-re-trump-boxes-05.10.2022.pdf.

[6] *See* Mot. for Judicial Oversight and Additional Relief, *Trump v. United States of America*, No. 9:22-cv-81294-AMC (S.D. Fla. Aug. 22, 2022) (ECF No. 1).

Dated: August 25, 2022

THOMAS AND LOCICERO PL

By: */s/ Carol Jean LoCicero*
    Carol Jean LoCicero (FBN 603030)
    Mark R. Caramanica (FBN 110581)
    601 South Boulevard
    Tampa, FL 33606
    Telephone: 813.984.3060
    clocicero@tlolawfirm.com
    mcaramanica@tlolawfirm.com

    Dana J. McElroy (FBN 845906)
    915 Middle River Drive, Suite 309
    Fort Lauderdale, FL 33304
    Telephone: 954.703.3418
    dmcelroy@tlolawfirm.com

*Attorneys for Intervenors The New York Times Company, CBS Broadcasting Inc., the McClatchy Company, LLC, and Times Publishing Company*

SHULLMAN FUGATE PLLC

By: */s/ Rachel E. Fugate*
    Rachel E. Fugate (FBN 144029)
    Deanna K. Shullman (FBN 514462)
    Minch Minchin (FBN 1015950)
    2101 Vista Parkway, Suite 4006
    West Palm Beach, FL 33411
    Telephone: 813.935.5098
    rfugate@shullmanfugate.com
    dshullman@shullmanfugate.com
    mminchin@shulmanfugate.com

*Attorneys for Intervenors Dow Jones & Company, Inc. and American Broadcasting Companies, Inc.*

Respectfully submitted,

BALLARD SPAHR LLP

By: */s/ Charles D. Tobin*
    Charles D. Tobin (FBN 816345)
    1909 K Street NW, 12th Floor
    Washington, DC 20006
    Telephone: 202.661.2218
    tobinc@ballarspahr.com

    Elizabeth Seidlin-Bernstein (*pro hac vice*)
    1735 Market Street, 51st Floor
    Philadelphia, PA 19103-7599
    Telephone: 215.665.8500
    seidline@ballardspahr.com

*Attorneys for Intervenors WP Company LLC, Cable News Network, Inc., NBCUniversal Media, LLC, the E.W. Scripps Company, and the Associated Press*

ATHERTON GALARDI MULLEN & REEDER PLLC

By: */s/ L. Martin Reeder, Jr.*
    L. Martin Reeder, Jr. (FBN 308684)
    1641 Worthington Road, Suite 11
    West Palm Beach, FL 33409
    Telephone: 561.293.2530
    martin@athertonlg.com

*Attorneys for Intervenor The Palm Beach Post*