FILED BY ___ D.C.

AUG 25 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-MJ-8332-BER

IN RE SEALED SEARCH WARRANT

UNDER SEAL

_____/

## UNITED STATES' SEALED, *EX PARTE* MEMORANDUM OF LAW REGARDING PROPOSED REDACTIONS

Pursuant to this Court's August 18 and August 22, 2022 orders, the United States respectfully submits this sealed, *ex parte* memorandum of law setting forth the justifications for its proposed redactions to the affidavit submitted to the Court on August 5, 2022, in support of the government's application for a search warrant at a property of former President Donald J. Trump. *See* Docket Entries ("D.E.") 1, 74, 80. For the reasons explained below, the materials the government marked for redaction in the attached document must remain sealed to protect the safety and privacy of a significant number of civilian witnesses, in addition to law enforcement personnel, as well as to protect the integrity of the ongoing investigation and to avoid disclosure of grand jury material in violation of the Federal Rules of Criminal Procedure.

### Procedural Background

On August 8, 2022, the Department of Justice executed a search warrant, issued by this Court upon the requisite finding of probable cause, at the premises located at 1100 S. Ocean Blvd., Palm Beach, Florida 33480, a property of former President Trump. Given the circumstances presented in this matter and the public interest in transparency, and in the wake

The Court found that disclosure of the Affidavit would likely result in witnesses being "quickly and broadly identified over social media and other communication channels, which could lead to them being harassed and intimidated." *Id.* at 9. The Court gave "great weight" to "the significant likelihood that unsealing the Affidavit would harm legitimate privacy interests," with disclosures potentially serving to "impede the ongoing investigation through obstruction of justice and witness intimidation or retaliation." *Id.* at 9-10. And the Court found that the Affidavit contains "critically important and detailed investigative facts: highly sensitive information about witnesses . . . ; specific investigative techniques; and information required to be kept under seal pursuant to Federal Rule of Criminal Procedure 6(e)," the disclosure of which "would detrimentally affect this investigation and future investigations." *Id.* at 10. However, noting that the warrant involves "matters of significant public concern," *id.*, the Court concluded that "the present record" does not "justif[y] keeping the *entire* Affidavit under seal," *id.* at 13 (emphasis added).

## Argument

### The Redacted Materials Must Remain Under Seal

As the Court has found, "[p]rotecting the integrity and secrecy of an ongoing criminal investigation is a well-recognized compelling governmental interest." D.E. 80 at 6 (citing, *inter alia*, *United States v. Valenti*, 986 F.2d 708, 714 (11th Cir. 1993)). Indeed, "[a]t the pre-indictment stage, the Government's need to conceal the scope and direction of its investigation, as well as its investigative sources and methods, is at its zenith." D.E. 80 at 7-8 (citing *Blalock v. United States*, 844 F.2d 1546, 1550 n.5 (11th Cir. 1988)). Counsel for the Intervenors have also acknowledged that certain portions of the affidavit must likely remain

3

of the former President's public confirmation of the search and his representatives' public characterizations of the materials sought, the government moved to unseal the search warrant, its attachments, and the Property Receipt summarizing materials seized, and this Court granted the government's motion. D.E. 18, 41.

A number of news media organizations and other entities (the "Intervenors") have filed motions to unseal these and other materials associated with the search warrant, including the affidavit. The government submitted its omnibus response to those motions on August 15, 2022. D.E. 59. The Court conducted a hearing on August 18, 2022, at the conclusion of which the Court directed the government to file under seal its proposed redactions to the affidavit and a legal memorandum setting forth the justifications for the proposed redactions.[1] D.E. 74.

In a subsequent order, the Court noted that the government "has met its burden of showing good cause/a compelling interest that overrides any public interest in unsealing the full contents of the Affidavit." D.E. 80 at 12. In that order, the Court observed that the obstruction and threat concerns raised by the government were "not hypothetical in this case." *Id.* at 8. In particular, the Court cited its prior finding of probable cause that a statute prohibiting obstruction of justice has been violated, and further relied upon the post-search increase in specific threats of violence to identified FBI agents, overall violent threats to FBI personnel, and the armed attack on the FBI office in Cincinnati. *Id.* at 8-9.

---

[1] Based on the government's and the Intervenors' agreement that certain additional documents (namely, the government's motion to seal, the Court's sealing order, and two cover sheets) could be publicly released with minor redactions to protect government personnel, the Court also ordered those documents released. D.E. 74.

2

under seal to protect information such as witness identities and investigative sources and methods. Hrg. Tr. at 35.

The government has carefully reviewed the affidavit and has identified five categories of information that must remain under seal in order to protect the safety of multiple civilian witnesses whose information was included throughout the affidavit and contributed to the finding of probable cause, as well as the integrity of the ongoing investigation. In the attached chart, the government has identified each category that applies to information the government proposes to redact. Some information falls within more than one category. The categories, described further below, are (1) information from a broad range of civilian witnesses who may be subject to "witness intimidation or retaliation," D.E. 80 at 9; (2) information regarding investigative avenues and techniques that could provide a roadmap for potential ways to obstruct the investigation, *id.* at 9-10; (3) information whose disclosure is prohibited under Rule 6(e) of the Federal Rules of Criminal Procedure ("Rule 6(e)"), such as grand jury subpoenas, testimony, and related material, *id.* at 10; (4) information whose disclosure could risk the safety of law enforcement personnel, *id.* at 9; and (5) information whose disclosure could harm "legitimate privacy interests" of third parties, *id.*

### 1. Witness Information

First and foremost, the government must protect the identity of witnesses at this stage of the investigation to ensure their safety. As this Court noted, if information relating to witnesses were disclosed, "it is likely that even witnesses who are not expressly named in the Affidavit would be quickly and broadly identified over social media and other communication channels, which could lead to them being harassed and intimidated." D.E. 80 at 9. *See also,*

4

*e.g.*, *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 219 (1979) (describing the risk that "prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony"); *United States v. Steinger*, 626 F. Supp. 2d 1231, 1235 (S.D. Fla. 2009) (similar). ███████████████████ ███████████████████████████████ Information in the affidavit could be used to identify many, if not all, of these witnesses. For example, ███ ███████████████████████████████████████████████████████████████████

5



If witnesses' identities are exposed, they could be subjected to harms including retaliation, intimidation, or harassment, and even threats to their physical safety. As the Court has already noted, "these concerns are not hypothetical in this case." D.E. 80 at 8.

6

███████████████████████████████████████

██████████████████████ Meanwhile, FBI agents who have been publicly identified in connection with this investigation have received repeated threats of violence from members of the public. Exposure of witnesses' identities would likely erode their trust in the government's investigation, and it would almost certainly chill other potential witnesses from coming forward in this investigation and others.

### 2. Investigation "Road Map"

As Judge Jordan explained in *Steinger*, if details about an ongoing investigation are prematurely disclosed, such disclosures "would compromise the investigation and might also lead to the destruction of evidence." 626 F. Supp. 2d at 1235 (citing *Douglas Oil Co.*, 441 U.S. at 218-19); *see also, e.g., Patel v. United States*, No. 9:19-MC-81181, 2019 WL 4251269, at *5 (S.D. Fla. Sept. 9, 2019) (agreeing with the government that disclosure of information "would severely prejudice" its investigation, including by "prematurely disclosing its scope and direction, subjects, and potential witnesses, and could result in the destruction of evidence"); D.E. 80 at 9-10 (disclosure of investigative "sources and methods" "would detrimentally affect this investigation and future investigations").

Although the public is now aware that the government executed a search warrant at the premises owned by the former President and seized documents marked as classified, the affidavit is replete with further details that would provide a roadmap for anyone intent on obstructing the investigation. "Maximizing the Government's access to untainted facts increases its ability to make a fully-informed prosecutive decision." D.E. 80 at 8.

For example, ████████████████████████████████

7



Revealing this information could thus adversely impact the government's pursuit of relevant evidence.[2]

In addition, revealing this information could severely disadvantage the government as it seeks further information from witnesses. For example, ▮▮▮▮▮

---

[2] Additionally, the Court has noted that disclosure of certain information pertaining to physical aspects of the premises could negatively affect the Secret Service's ability to carry out its protective functions. D.E. 80 at 10. Although the Department of Justice is not in a position at this time to assess those potential harms, the information in the affidavit describing physical aspects of the premises fits within the category of information whose disclosure would provide a "road map" of investigative techniques and avenues, ▮▮▮

8

These concerns are particularly compelling in this case. As explained in the affidavit, ▮▮▮ In short, the government has well-founded concerns that steps may be taken to frustrate or otherwise interfere with this investigation if facts in the affidavit were prematurely disclosed.

9

### 3. Rule 6(e)

The affidavit contains certain information that must be kept under seal pursuant to Federal Rule of Criminal Procedure 6(e) because it may disclose "a matter occurring before the grand jury." Although "Rule 6(e) does not draw a veil of secrecy over all matters occurring in the world that happen to be investigated by a grand jury," it bars disclosure of information that "would reveal something about the grand jury's identity, investigation, or deliberation." *Labow v. U.S. Dep't of Justice*, 831 F.3d 523, 529 (D.C. Cir. 2016) (internal quotations omitted).[3] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

### 4. Safety of Law Enforcement Personnel

Minor but important redactions are necessary to protect the safety of law enforcement



personnel. *See* D.E. 80 at 3 (redactions in other materials "are appropriate to protect the identity and personal safety of" an investigative agent). Specifically, information in the affidavit that would identify the affiant, such as by name or through biographical information, *see* Aff. ¶ 4, should remain under seal. ████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████ ██ ████████████

### 5. Privacy Interests

As the Supreme Court has long recognized, premature disclosure of investigative information creates a risk that "persons who are accused but exonerated" may be "held up to public ridicule." *Douglas Oil Co.*, 441 U.S. at 219; *see also, e.g.*, *Steinger*, 626 F. Supp. 2d at 1235 (disclosure of names of subjects and of matters being investigated "could have devastating consequences for those persons who have been cleared of any misconduct, as well as for those still under investigation").[4] The government recognizes that the former President has spoken publicly about this investigation and has said in a public statement that he wishes for the affidavit to be disclosed in its entirety, although the Court has noted that "[n]either Former President Trump nor anyone else purporting to be the owner of the Premises has filed a pleading taking a position on the Intervenors' Motion to Unseal."[5] D.E.

---

[4] Protecting the identities of uncharged individuals is also consistent with government counsel's professional responsibilities. *See* Justice Manual § 9-27.760 ("Limitation on Identifying Uncharged Third-Parties Publicly").

[5] *See* Perry Stein & Josh Dawsey, "Trump Wants Mar-a-Lago Affidavit Released, As Some Aides Ponder Risk," *Washington Post* (Aug. 17, 2022), *available at* https://www.washingtonpost.com/national-security/2022/08/16/trump-mar-a-lago-affidavit/. ████████████

80 at 1-2. Nevertheless, the affidavit contains additional information about others that could harm these individuals' privacy and reputational interests if disclosed.

For example, 

## Conclusion

For the reasons stated herein, the Court should maintain under seal the text the government has marked for redaction. The government defers to the Court to determine whether the redactions are "so extensive that" release of the remainder of the affidavit would "result in a meaningless disclosure." D.E. 80 at 12. Should the Court order disclosure of a redacted version of the affidavit, and if the Court agrees with the government's proposed redactions, the government will submit a final version of the redacted affidavit for public release.

In the interest of transparency, as well as the principle that limitations on public access

to judicial proceedings should be "narrowly tailored," *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607 (1982), the government respectfully submits that certain portions of this filing may be unsealed, including the introductory segment up through the first two paragraphs in the Argument section on page 4, as well as certain text in the sections that follow describing relevant provisions of law. The government will submit a version of this filing that identifies the portions that can be publicly filed, along with its proposed redactions, forthwith. And with the Court's permission, the government will confer with counsel for the former President as to whether counsel or the former President has any objection to unsealing the letter from counsel included as Exhibit 1 to the affidavit. Absent any such objection, the government supports unsealing the letter.

Respectfully submitted,

*/s Juan Antonio Gonzalez*
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY
Florida Bar No. 897388
99 NE 4th Street, 8th Floor
Miami, FL 33132
Tel: 305-961-9001
Email: juan.antonio.gonzalez@usdoj.gov

*/s Jay I. Bratt*
JAY I. BRATT
CHIEF
Counterintelligence and Export Control Section
National Security Division
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
Illinois Bar No. 6187361
Tel: 202-233-0986
Email: jay.bratt2@usdoj.gov