UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CRIMINAL CASE NO.: 22-MJ-8332-BER

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SEALED SEARCH WARRANT,

    Defendant.

IN RE SEALED SEARCH WARRANT

FILED BY C.O.S D.C.
AUG 31 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## MOVANT MICHAEL S. BARTH
## MOTION TO INTERVENE FOR PURPOSE OF TAKING AN APPEAL
## AND SUPPORTING MEMORANDUM

1. Movant Michael S. Barth, pro se, respectfully requests this Court grant this Motion to Intervene to Take an Appeal in the above captioned matter United States of America v. Sealed Search Warrant (In Re Sealed Search Warrant), District Court Case No. 9:22-mj-08332; as expeditiously as possible considering an existing Appeal is pending before the Eleventh Circuit Court of Appeals (Appeal Number 22-12791-J). If the Motion to Intervene to Take an Appeal is so granted, Movant respectfully requests that the Court file the accompanying Notice of Appeal as timely and conforming to the Rules of Court. As grounds thereof, Movant states as follows:

2. On August 8, 2022, the Department of Justice executed a search warrant at the premises located at 1100 S. Ocean Blvd., Palm Beach, Florida, 33480, a property of former Republican President Donald J. Trump. Docket Entry. (D.E. 59.) The United States Attorney General Merrick Garland, stated during a press conference that he personally approved a decision to seek

1

the search warrant. (Transcript ("T.") Page ("P.", Line "L."22.12.) The search warrant was signed by a non-Article III Magistrate on August 5, 2022.

3. Numerous non-parties filed motions to intervene, including Media non-parties and non-media-non-parties. (References omitted.) Proposed intervenors that were allowed to intervene, were granted such leave with Paperless Orders. (References omitted.)

4. The Government conceded and the Court recognized "the public's right" to intervene to Move to unseal the warrant and supporting details. (References omitted.) In doing so, the Government and the Court equally recognizes the public's right to appeal, or to intervene for purpose of taking an appeal to unseal the entire record as unredacted, as excessive redacted documents as provided here basically is the equivalent of sealed documents.

5. On August 12, 2022, the Court unsealed the signed search warrant, that were labeled as "Attachments A and B", and the redacted Property List. (Reference omitted.)

6. This movant filed a motion to intervene on August 16, 2022, to unseal all the remaining court records (and documents as unredacted), including the Magistrate's notes that related to any questions asked of the Government before the Magistrate signed the search warrant. (D.E. 62.)

7. This movant's motion to intervene was denied on August 17, 2022. (D.E. 64.) The District Court's Paperless Order noted on the Docket that "The interests asserted by the movant are adequately represented by the media-intervenors." referencing *In re Horizon Organic Milk Plus DHA Omega-3 Mktg. & Sales Prac. Litig.*, 2014 WL 12496734, at *2 (S.D. Fla. July 10, 2014) (citing Fed. R. Civ. P. 24).

8. On August 18, 2022 this movant filed a Rule 72 Motion for a District Judge to Review an Order of a Magistrate Judge, and for Magistrate Judge Recusal (D.E. 70.) Included with that

2

Motion was Movant's Reply to the Government's Omnibus Response to Motions to Unseal. (D.E. 70-3.)

9. Oral Arguments were held on August 18, 2022, but was limited to only the Government and media intervenors (D.E. 73.)

10. During those Oral Arguments, Media Intervenors conceded the Court's and the Government's position that Magistrate Reinhart had Probable Cause to issue the search warrant. (T. P. 22. L. 18-22) [Also adopted by all Media Intervenors.] Counsel for the Media Intervenors conceded to the Court's and the Government's position to not disclosing the "Government's methods." (T. P.28.L 12-19.) At least one Media Intervenor consented to redactions of portions of the sealed documents. (Reference omitted.) The Government acknowledged that the raid was unprecedented. (T.9.2.) The Government stated "its investigation" of the former President was "very early" in the process. (T.P.10, L. 25.) The Government accused one political party as being "more violative" over the situation. (T.13.15.) The Government (and the Court) stated that the Media may not be publishing correct information about the matter. (T.20.15.) (Ironically part of the Probable Cause Affidavit was based on "Media Articles." (*see e.g.,* D.E. 102-1.)

11. Movant's Rule 72 Motion was denied after those Oral Arguments, on August 19, 2022. (D.E. 78.) Movant's motion for Judge Recusal was apparently not acted upon.

12. Movant's Notice of Appeal to the Eleventh Circuit Court of Appeals was filed on August 22, 2022. (D.E. 84.). The United States Court of Appeals for the Eleventh Circuit filed this Movant's Appellant Brief on August 23, 2022, as in Case Number 22-12791.

13. While the Government and the Court recognized the need for "unprecedented transparency," the Government filed a heavily redacted memorandum and heavily redacted Affidavit. (D.E. 102-1, 102-2.) As to the transparency that the Court and Government indicated

3

was required, those redacted documents raised more questions than it provided answers. As such, under the circumstances, the Government has failed in its burden to justify keeping the records redacted as filed, or any other "records" or "papers" sealed.

14. It appearing the District Court's decision(s) as "Final" for purpose of an appeal, and while initially there were multiple expediated pleadings filed in the District Court by the Media Intervenors, it appearing no other party or non-party having taken an appeal, the undersigned seeks this Motion to Intercede for Purpose of Taking an Appeal in order to obtain access to unredacted documents, and the unsealing of any remaining records. Even this Court recognized this movant had a right to intervene. Accordingly, it appears further briefing would not be required, until an Appellate briefing schedule.

15. While this movant has an appeal pending before the Court of Appeals for the Eleventh Circuit, that included a Motion for an Expedited Appeal, and while this movant has already filed a brief in that appeal, the Appellate briefing schedule suggests that Appeal will not be resolved before the time to take an appeal from the District Court has expired. Accordingly, Movant requests Leave to Intervene to Take an Appeal, and to file these pleadings as conforming to the Rules of Court.

August 30, 2022          Respectfully submitted,

/s/ *Michael S. Barth*

Michael S. Barth, Pro Se
P.O. Box 832
Far Hills, New Jersey 07931

## REQUEST FOR HEARING

Pursuant to Local Rule 7.1(b)(2), it appearing oral arguments are unnecessary, as no other Motion to Intervene was heard on oral aruguments.

## CERTIFICATE OF COMPLIANICE WITH RULE 7.1 (a) (3)

The undersigned respectfully requests that the Court waive this requirement considering the Government and the Court has already agreed the Public has a right to Intervene in this matter.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 30, 2022, this document was transmitted to the Clerk's Office via Express Mail EI 449 275 783 US; and as result, counsel to be notified electronically.

August 30, 2022             Respectfully submitted,

/s/ *Michael S. Barth*

Michael S. Barth, Pro Se
P.O. Box 832
Far Hills, New Jersey 07931