UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

IN RE SEALED SEARCH WARRANT

Case No.: 9:22-MJ-08332-BER-1

September 6, 2022

Michael S. Barth
P.O. Box 832
Far Hills, New Jersey 07931
917-628-6145

Rule 72 Motion District Court Judge
Paul G. Rogers Federal Building and U.S. Courthouse
701 Clematis Street
West Palm Beach, Florida 33401

FILED BY ⎯⎯ coo ⎯⎯ D.C.

SEP 07 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

Re: Rule 72 Motions

Dear Rule 72 District Court Judge,

      Please accept this letter Memorandum and Attachments in support of a Rule 72 objection to the Honorable Magistrate Judge Bruce E. Reinhart paperless order at docket entry ("D.E.") 110; an entry made after a Notice of Appeal was filed and transmitted to the Court of Appeals for the Eleventh Circuit (D.E. 108). Presumably it is logical to conclude that an Amendment to that Notice of Appeal is not necessary at this stage. (Movant also respectfully requests that this Court rely on pleadings previously filed in this matter, in support of this Rule 72 Motion.)

      The paperless order at D.E. 110 has the potential for other implications addressed below, should other alternative Rule 72 Motions be necessary. The order at D.E. 110 reads as follows:

*"Docket Text:* PAPERLESS ORDER denying [107] Motion by Non-Party Michael S. Barth to Intervene for Purposes of Appeal. *See Davis v. Butts,* 290 F.3d 1297, 1299 (11th Cir. 2002) ("Standing alone, an order denying permissive intervention is neither a final decision nor an appealable interlocutory order because such an order does not substantially affect the movant's rights."). Signed by Magistrate Judge Bruce E. Reinhart on 9/1/2022. (hk02)."

      However, the Honorable District Court Judge Robin L. Rosenberg already categorized this non-party under an Intervention of Right, and therefore based on that precedent, Magistrate Reinhart's paperless order should be reversed.

1

As Judge Rosenberg indicated on the August 19, 2022 docket entry 78, intervention is governed by Federal Rule of Civil Procedure 24. Under Rule 24, the two types of intervention are: Intervention of Right and Permissive Intervention. Rule 24 reads in pertinent part:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute, or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect the interest, **unless existing parties adequately represent that interest.** (*emphasis added.*)
> (b) Permissive Intervention. (1) In General. On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact. (2) By a Government Officer or Agency. On a timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on: (A) a statute or executive order administered by the officer or agency; or (B) any regulation, order, requirement, or agreement issued or made under the statute or executive order.

In Judge Rosenberg's Order Overruling Objection to Magistrate Judge Order on Intervention, Judge Rosenberg relied on Federal Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist., 983 F.2d 211, 215 (CA11 1993). (D.E. 78.) That opinion by the Eleventh Circuit Court of Appeals discussed a denial of a motion for intervention as of right, not permissive intervention. While Judge Rosenberg referenced existing parties as representing this movant's interest (albeit they were non-parties), those are words of intervention of right, not words of permissive intervention. (*See supra.*) Accordingly, when Judge Rosenberg denied this non-party's motion, she denied it based on this movant's intervention of right classification.

Moreover, throughout the pleadings in this case, the Court and the United States Government recognized the public's right to intervene, and those "right(s)" were also recognized many times during oral arguments held on August 18, 2022 (References omitted.)

Since it appears under 28 U.S.C. 636, that a Magistrate has no jurisdiction nor power to ignore the intervention of right classification previously determined by Judge Rosenberg; it is

2

therefore appropriate to overturn Magistrate Reinhart's denial of this non-party's motion to intervene for purpose of appeal. Nothing to the contrary suggests a Magistrate does not need to follow the precedent of the District Court, particularly on the same intervention classification.

In Magistrate Reinhart's paperless order denying the motion to intervene for purpose of taking an appeal, it is not clear why Magistrate Reinhart addressed that motion, without addressing – or perhaps ignoring - the previous motion for Magistrate Recusal (A 1).

Accordingly, to the extent that the District Court retains jurisdiction, please also consider this as appropriate, a Rule 72 Motion to review Magistrate Reinhart's refusal to consider that same motion for his recusal, and if not a Rule 72 Motion, alternatively the Court's *sua sponte* review.

To that extent, Section 455(a) of Title 28 of the United States Code states that "[a]ny justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his [or her] impartiality might reasonable be questioned." That provision is also widely held to be self-enforcing on the part of the judge. (Eleventh Circuit reference omitted.)

There are several examples that show that disqualifying bias and prejudice under existing law, where countless millions of reasonable people would reasonably question a Magistrate's impartiality in the matter at hand. This collectively includes the following, with reference below to a previous recusal and the derogatory Facebook posts as a sufficient basis, standing alone:

1. Magistrate Reinhart recently recused himself from a very recent case involving the former President in Case Number 22-12102-Civ-Middlebook (A 2.)
2. Magistrate Reinhart made derogatory Facebook posts about the former President, (Copy of Facebook post omitted from January 14, 2017.)
3. Magistrate Reinhart made political contributions to political opponents of the former President. (Reference omitted,)

It would appear unnecessary at this juncture to provide additional factors to put those disqualifying biases into an additional context for the purpose of a Magistrate recusal, both as a matter of fact and law. However, the disqualifying bias and prejudice weighs heavily to tip the

3

balance of interest to the greater public right to access to all unsealed and unredacted records in this matter, and heavily against the Government desire in sealing or filing redacted documents.

The public interest was already conceded by the Court and the Government. (References omitted.) Not to take Magistrate Reinhart's sentence out of context, but the balance tips further for the public right of access to full unredacted unsealed records when combined with Magistrate Reinhart's unsupported position that basically no non-party intervenor, whether media or non-media, can appeal his orders to the Court of Appeals, but for only the Government. The Magistrate's position appears to be both unconstitutional and the antithesis of transparency.

Assuming *arguendo* Magistrate Reinhart's position about the inability of a non-party intervenor to appeal his Orders to the Eleventh Circuit for full access to unsealed-unredacted documents and records, and to the extent that the District does not consider those orders dispositive and final for purpose of appeal, and to the extent that the District agrees with Magistrate Reinhart that the Court of Appeals lacks jurisdiction on the Notice of Appeal filed on September 1, 2022; alternatively please also consider this as a Rule 74 Motion to review the Magistrate Orders that prevented the public access to completely unsealed completely unredacted records related to the search warrant at issue. These Orders filed with the Notice of Appeal included Docket Entries 80, 94 and 99.

A District Judge has numerous reasons to find Magistrate Reinhart Orders in error, and that the Government failed in its burden relating to maintaining any portion of the record sealed or redacted. Since the time frame for a Rule 72 review is narrower than the briefing schedule on appeal, absent the District allowing more time to brief this issue, the following examples and summary thereof highlights how the Government failed in its admitted burden on the balance of

interests to keep anything in the record sealed or redacted, and to the extent the matter should be revisited under Rule 72, the entire record should be unsealed and unredacted.

(Please note that it is not clear what is still sealed in Docket Numbers 1-3; and any other records, if any, that Magistrate Reinhart's referenced at oral arguments on August 18, 2022 when he "make[s] the Government amend its affidavit so that all information that the Court considers is in the written affidavit'; considering the apparent unsupported timeline of the signing of the affidavit. (*See example* Transcripts of August 18, 2022, Page 39, Lines 5-7.)

While much has been said about the balance of the public right to access the records involving this search warrant, perhaps pictorially the United States Supreme Court recognizes that balance with a blindfolded Lady Justice holding a balanced scale. While that blindfold is generally accepted as a symbol of impartiality, when a Magistrate should be recused, it shifts the scales and likewise shifts the burden greater onto the Government to have to show why the all the documents should not be unsealed and unredacted. To the extent the Government obtained a warrant knowing a Magistrate was biased, this only further tips the balance further against the Government, and further for greater public access. To the extent an Affidavit is based on an misunderstanding of the law, for example, based on how a Government employee handles classified documents as compared to omitting the legal authority of the President of the United States to declassify documents, that affidavit based on a misapplication of the law further tips the scale against the Government, and further for greater public access. When a purported probable cause affidavit is based on media articles (references omitted), the balance tips further against the Government and further for greater public access. When a search warrant is overly broad, that scale is tipped even further against the Government, and further for greater public access to all unsealed, all unredacted documents.

For the reasons stated above, the undersigned respectfully requests the Rule 74 District Judge reverse Magistrate Reinhart's Order denying the motion to appeal; as necessary to revisit the Magistrates bias under a Motion for Magistrate Recusal under either Rule 74 or the Court *sua sponte* review, and if the District Court accepts Magistrate Reinhart's view that no non-party but the Government can appeal his Orders to the Court of Appeals, overturn those Orders that did not allow for public access to all fully unsealed and fully unredacted court records associated with the search warrant executed on the property of the former President of the United States.

Respectfully submitted,
/s/ *Michael S. Barth*
Michael S. Barth

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SEALED SEARCH WARRANT,

IN RE SEALED SEARCH WARRANT        Case No. 22-MJ-8332-BER

NOTICE OF Rule 72 Motion for District Judge to Review an Order of a Magistrate Judge, Judge Recusal, and to File Pleadings as Consistent with the Rules of Court.

NOTICE is hereby given that the undersigned has filed a Rule 72 Motion for District Judge to Review an Order of a Magistrate Judge, Judge Recusal, and to File Pleadings as Consistent with the Rules of Court.

Certificate of Service

I HEREBY CERTIFY that on August 18, 2022, this document was transmitted to the Clerk's Office using courier service; and as result, necessary counsel to be notified electronically.

Respectfully submitted,

/s/ *Michael S. Barth*

Michael S. Barth
Pro Se
P.O. Box 832
Far Hills, New Jersey 07931
917-628-6145

Dated August 18, 2022

A1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-14102-Civ-Middlebrooks

DONALD J. TRUMP,

        Plaintiff,

v.

HILLARY R. CLINTON, et al.,

        Defendants.

## NOTICE OF RECUSAL

The undersigned Magistrate Judge, to whom the above-styled cause has been assigned, hereby recuses himself and refers the case to the Clerk of Court for reassignment pursuant to 28 U.S.C. § 455.

Dated at West Palm Beach, Florida this 22nd day of June, 2022.

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

In accordance with the Local Rules for the Southern District of Florida, providing for the random and equal allotment of cases, this cause will be reassigned to Magistrate Judge William Matthewman.

A2