UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-MJ-8332-BER

IN RE SEALED SEARCH WARRANT

UNDER SEAL

_____/

FILED BY ᴛᴍ D.C.
SEP 09 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## UNITED STATES' NOTICE REGARDING ADDITIONAL PARTIAL UNSEALING OF SEARCH WARRANT

As this Court is aware, portions of the affidavit submitted to the Court on August 5, 2022, in support of the government's application for a search warrant at a property of former President Donald J. Trump have been unsealed, and a redacted version of that affidavit has been made publicly available on the Court's docket. *See* Docket Entries ("D.E.") 1, 74, 80, 102-1. The government files this supplemental notice, along with the attached version of the affidavit with revised redactions, in order to permit the Court to decide whether additional unsealing to the extent reflected in the attached redacted affidavit is warranted.

Among the reasons that the Court previously explained supported keeping aspects of the affidavit sealed was grand jury secrecy. *See* D.E. 80 at 7-8. Indeed, Federal Rule of Criminal Procedure 6(e) generally requires the government and grand jurors themselves, among others, not to disclose matters occurring before the grand jury unless otherwise authorized by an exception to the rule. One such exception is Rule 6(e)(3)(E)(i), which permits a court to authorize disclosure of a grand jury matter in connection with a judicial proceeding. In contrast to the general prohibition on government disclosures of grand jury matters, however, the recipient of a grand jury subpoena is generally free to disclose grand

jury matters in the absence of a court order to the contrary.

In another proceeding in this district related to the search warrant in this matter, former President Trump voluntarily revealed the existence of a subpoena for documents bearing classified markings served on his post-presidential office, as well as a subpoena served on his business entity, the Trump Organization, for video surveillance footage. *See Trump v. United States of America*, No. 9:22-cv-81294-AMC, D.E. 1 at 5-6. Those subpoenas were issued by a federal grand jury sitting in the U.S. District Court for the District of Columbia.

In order to respond to former President Trump's filings in that matter, the government sought permission from the U.S. District Court for the District of Columbia to disclose the existence of those subpoenas, as well as correspondence and communications related to them, pursuant to Rule 6(e)(3)(E)(i). *See In Re Application of USA for Order Pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i) for Limited Disclosure of Matter Occurring Before a Grand Jury*, No. 22-GJ-37, D.E. No. 1 (D.D.C. Aug. 29, 2022).[1] The court granted the government's request, finding under the applicable law in that district that the government had established a "particularized need" for the grand jury material in question, and permitted the government to make the disclosure in *Trump v. United States*. *See id.* D.E. 2. Thereafter, the government referenced the subpoenas already publicly revealed by former President Trump in its filings. *See Trump v. United States*, D.E. 48 at 7-9.

Because those aspects of the grand jury's investigation have now been publicly revealed, there is no longer any reason to keep them sealed (*i.e.* redacted) in the filings in this

---

[1] The unsealed filings in that matter are available on the website of the U.S. District Court for the District of Columbia.

matter, including the affidavit in support of the search warrant. Therefore, the government has sought and received authorization from the U.S. District Court for the District of Columbia to additionally disclose here matters related to the subpoenas that former President Trump publicly revealed in *Trump v. United States*. *See In Re Application of USA for Order Pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i) for Limited Disclosure of Matter Occurring Before a Grand Jury*, No. 22-GJ-37, D.E. No. 7 (D.D.C. Sep. 7, 2022). Pursuant to that order, the government is attaching hereto a revised version of the affidavit that no longer redacts facts related to the relevant grand jury subpoenas. If the Court agrees, the government does not object to the unsealing of the attached version of the affidavit or of this filing.

Respectfully submitted,

/s *Juan Antonio Gonzalez*
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY
Florida Bar No. 897388
99 NE 4th Street, 8th Floor
Miami, FL 33132
Tel: 305-961-9001
Email: juan.antonio.gonzalez@usdoj.gov

/s *Jay I. Bratt*
JAY I. BRATT
CHIEF
Counterintelligence and Export Control Section
National Security Division
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
Illinois Bar No. 6187361
Tel: 202-233-0986
Email: jay.bratt2@usdoj.gov