UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-MJ-8332-BER

IN RE SEALED SEARCH WARRANT

_____/

**UNITED STATES' MOTION TO UNSEAL
NOTICE REGARDING ADDITIONAL PARTIAL UNSEALING**

The United States moves the Court to unseal its Notice Regarding Additional Partial Unsealing of Search Warrant and its accompanying attachment, along with the motion to seal and order to seal associated with that filing. Those documents are found at Docket Entries (D.E.) 122, 123, 124, and 125.

**Factual and Procedural History**

On August 8, 2022, the Department of Justice executed a search warrant at 1100 S. Ocean Blvd., Palm Beach, Florida, 33480, a property of former President Donald J. Trump. In the weeks since, the search warrant and related materials have been the subject of significant interest and attention from news media organizations and other entities.

Given the circumstances presented in this matter and the public interest in transparency, the government moved to unseal the search warrant, its attachments, and the Property Receipt summarizing the materials seized, and this Court granted the government's motion. D.E. 18, 41.

Several news media organizations and other entities (the "Intervenors") filed motions to unseal all materials associated with the search warrant, including the affidavit. The government opposed those requests. D.E. 59. The Court conducted a hearing on August 18, 2022, at which the Court directed the government to file under seal proposed redactions to

1

the affidavit. D.E. 74. In an accompanying written order, the Court noted that the government "has met its burden of showing good cause/a compelling interest that overrides any public interest in unsealing the full contents of the Affidavit." D.E. 80 at 12. Noting that the warrant involves "matters of significant public concern," *id.*, however, the Court concluded that "the present record" does not "justif[y] keeping the entire Affidavit under seal," *id.* at 13.

Later, the Court issued an order granting in part the Intervenors' motions to unseal the affidavit. D.E. 94. The Court reiterated that:

> the Government has met its burden of showing a compelling reason/good cause to seal portions of the Affidavit because disclosure would reveal (1) the identities of witnesses, law enforcement agents, and uncharged parties, (2) the investigation's strategy, direction, scope, sources, and methods, and (3) grand jury information protected by Federal Rule of Criminal Procedure 6(e).

D.E. 94 at 1.

The Court also found that the "proposed redactions are narrowly tailored to serve the Government's legitimate interest in the integrity of the ongoing investigation and are the least onerous alternative to sealing the entire Affidavit." D.E. 94 at 1-2. Thus, the Court ordered the government to publicly file the affidavit, with the redactions approved by the Court. D.E. 94 at 2. That unsealed, partially redacted version of the affidavit is found at D.E. 102-1, which was unsealed pursuant to this Court's order, D.E. 99.

In another proceeding in this district related to this search warrant, former President Trump voluntarily revealed the existence of a subpoena for documents bearing classified markings served on his post-presidential office, as well as a subpoena served on his business entity, the Trump Organization, for video surveillance footage. *See Trump v. United States of America*, No. 9:22-cv-81294-AMC, D.E. 1 at 5-6. Those subpoenas were issued by a federal grand jury sitting in the U.S. District Court for the District of Columbia.

In order to respond to former President Trump's filings in that matter, the government sought permission from the U.S. District Court for the District of Columbia to disclose the existence of those subpoenas, as well as correspondence and communications related to them, pursuant to Rule 6(e)(3)(E)(i). *See In Re Application of USA for Order Pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i) for Limited Disclosure of Matter Occurring Before a Grand Jury*, No. 22-GJ-37, D.E. 1 (D.D.C. Aug. 29, 2022). The court granted the government's request, finding under the applicable law in that district that the government had established a "particularized need" for the grand jury material in question, and permitted the government to make the disclosure in *Trump v. United States*. *See id.* D.E. 2. Thereafter, the government referenced the subpoenas already publicly revealed by former President Trump in its filings. *See Trump v. United States*, D.E. 48 at 7-9.

The government next sought and received authorization from the U.S. District Court for the District of Columbia to additionally disclose here matters related to the subpoenas that former President Trump publicly revealed in *Trump v. United States*. *See In Re Application of USA for Order Pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i) for Limited Disclosure of Matter Occurring Before a Grand Jury*, No. 22-GJ-37, D.E. 7 (D.D.C. Sep. 7, 2022) (attached hereto as Exhibit A).[1]

Pursuant to that order, the government has filed a Notice Regarding Additional Partial Unsealing of Search Warrant, accompanied by an attachment containing a version of the search warrant affidavit with revised redactions. The government filed this material under

---

[1] Although the attached document reflects that it was first filed under seal, the order was later unsealed and is publicly accessible on the website of the U.S. District Court for the District of Columbia: https://www.dcd.uscourts.gov/sites/dcd/files/21gj37%20Order.pdf.

seal with the intention of seeking the Court's permission to unseal both that Notice and its attachment, along with all associated filings such as the motion and order to seal.

### Argument

### The Court Should Unseal the Partially Redacted Version of the Search Warrant Affidavit Contained in the Government's Notice, Docket Entries 124 and 125.

In the interest of transparency, as well as the principle that limitations on public access to judicial proceedings should be "narrowly tailored," *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607 (1982), and in accordance with the prior request made in its sealed Notice, the government asks this Court to unseal D.E. 124 and 125, along with the associated motion to seal and order to seal, D.E. 122 and 123. The only difference between this version of the search warrant affidavit and the one filed, pursuant to the Court's order, on August 26, 2022, DE102-1, is that this new version removes certain redactions that covered Rule 6(e) material. Because the former President publicly disclosed the existence of those grand jury subpoenas and associated information in his filings in *Trump v. United States of America*, No. 9:22-cv-81294-AMC, the government sought permission from the responsible district court—the U.S. District Court for the District of Columbia—to publicly disclose limited Rule 6(e) material both in that case and in this matter. And the government has received that district court's permission. *See* Ex. A at 2.

The government has retained all other redactions that protect information that this Court has found should remain under seal, *see* D.E. 94 at 1. Unsealing this version of the search warrant affidavit, with its revised (and reduced) redactions, would respect the public's qualified right of access to criminal and judicial proceedings and the judicial records filed therein, *see, e.g.*, *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001), while still

safeguarding the government's compelling interest in protecting its ongoing investigation, *see, e.g.*, *United States v. Valenti*, 986 F.2d 708, 714 (11th Cir. 1993).

## Conclusion

This Court should unseal D.E. 122, 123, 124, and 125. A proposed Order is attached herein.

Respectfully submitted,

/s *Juan Antonio Gonzalez*
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY
Florida Bar No. 897388
99 NE 4th Street, 8th Floor
Miami, Fl 33132
Tel: 305-961-9001
Email: juan.antonio.gonzalez@usdoj.gov

## Certificate of Service

**I HEREBY CERTIFY** that I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing.

/s *Juan Antonio Gonzalez*
Juan Antonio Gonzalez
United States Attorney
