# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA FOR ORDER PURSUANT TO FED. R. CRIM. P. 6(e)(3)(E)(i) FOR LIMITED DISCLOSURE OF MATTER OCCURRING BEFORE A GRAND JURY | NO. 22-GJ-37<br><br>**FILED UNDER SEAL** |

## ORDER

Before the Court is the second application of the United States of America seeking this Court's authorization to disclose certain grand jury material "in connection with a judicial proceeding" pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i). Specifically, the government seeks to disclose the existence of grand jury subpoenas out of this district issued to (1) the Custodian of Records for the Office of Donald J. Trump on May 11, 2022, and (2) the Trump Organization on June 24, 2022, in connection with *In re Sealed Search Warrant,* No. 9:22-cv-08332-BER, in the Southern District of Florida. The Court finds as follows:

(1) As contemplated by Fed. R. Crim. P. 6(e)(3)(F), because the government is the petitioner, this Court may proceed *ex parte*;

(2) Pursuant to Fed. R. Crim. P. 6(e)(3)(G), because this Court is able reasonably to determine whether disclosure is proper, no transfer is necessary of the government's application to the Southern District of Florida, where the relevant "judicial proceeding" is pending; and

(3) The government has established that a "judicial proceeding" is pending, that it seeks disclosure of a matter occurring before a grand jury "in connection with" that proceeding, and that it has a "particularized need" for the grand jury material, *see In re Capitol Breach Grand Jury Investigations*, 339 F.R.D. 1, 23 (D.D.C. 2021), insofar as it previously represented to the court in *In re Sealed Search Warrant* that grand jury secrecy concerns—some of which no longer obtain because the recipient of one of the grand jury subpoenas has already disclosed their existence and this Court previously authorized them to be disclosed in *Trump v. United States*, No. 9:22-cv-81294-AMC (S.D. Fla.)— justified the continued sealing of an affidavit in support of a search warrant, and now seeks to provide that court with updated accurate information about the secrecy of the grand jury materials at issue.

In light of those findings, and having reviewed the government's first and second applications and the attachments thereto, the Court hereby **ORDERS** that the government is authorized pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i) to make the limited disclosure of a grand jury material set forth in this second application. In particular, the government is permitted to disclose, in its filings and in any further unsealings of previously-sealed or previously-redacted filings in *In re Sealed Search Warrant,* No. 9:22-cv-08332-BER (S.D. Fla.), the grand jury subpoenas seeking (1) documents bearing classification markings and (2) video surveillance footage, both described in its second application here, as well as any correspondence or communications directly flowing from them, both having been disclosed publicly by the petitioner in *Trump v. United States* and having been previously authorized by this Court to be disclosed in the government's pleadings and at any argument in that matter. *See* Order Allowing Disclosure (Aug. 29, 2022), ECF No. 2; it is further

**ORDERED** that the government's second application is hereby unsealed; and it is further

**ORDERED** that the Clerk of the Court is directed to post the government's second application to the appropriate location on the Court's website.

**SO ORDERED** in Washington, D.C., this 7th day of September, 2022.

HON. BERYL A. HOWELL
CHIEF UNITED STATES DISTRICT JUDGE