# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

November 01, 2022

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

FILED BY ___AP___ D.C.

Nov 1, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Appeal Number: 22-13061-J
Case Style: USA v. Michael Barth
District Court Docket No: 9:22-mj-08332-BER-1

The enclosed copy of this Court's Order of Dismissal is issued as the mandate of this court. See 11th Cir. R. 41-4. Counsel and pro se parties are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order. No additional time shall be allowed for mailing."

Any pending motions are now rendered moot in light of the attached order.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Davina C Burney-Smith, J/lt
Phone #: (404) 335-6183

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 22-13061-J

_____

UNITED STATES OF AMERICA,

                                             Plaintiff-Appellee,

versus

MICHAEL S. BARTH,

                                             Interested Party-Appellant,

SEALED SEARCH WARRANT,

                                             Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

Before: JILL PRYOR, NEWSOM, and GRANT, Circuit Judges.

BY THE COURT:

    This appeal is DISMISSED, *sua sponte*, for the reasons outlined below. First, we lack jurisdiction to review this appeal to the extent that it concerns Michael Barth's motion for recusal because that motion has not yet been explicitly addressed in a judgment or order. *See Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998). And to the extent that the district court's August 19, 2022 order implicitly denied Barth's motion to recuse, he may not seek an immediate appeal of that denial because it is reviewable on appeal from the final judgment. *See Steering Comm. v. Mead Corp. (In re Corrugated Container Antitrust Litig.)*, 614 F.2d 958, 960-61 (5th Cir. 1980).

Second, Barth challenged the district court's August 19, 2022 order overruling his objections to the magistrate judge's August 17, 2022 order denying his motion to intervene in appeal no. 22-12791, which was dismissed. Thus, to the extent that Barth again challenges the August 17 and 19 orders, this appeal is DISMISSED as duplicative. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986) (noting that it is well established that federal courts avoid duplicative litigation as a general principle in order to conserve judicial resources); *Georgia ex. rel. Olens v. McCarthy*, 833 F.3d 1317, 1321 (11th Cir. 2016) (stating that litigation is generally duplicative if the parties, issues, and available relief do not significantly differ between two or more actions); *see also United States v. Arlt*, 567 F.2d 1295, 1297 (5th Cir. 1978) (holding that an appellant "is not entitled to two appeals").

Finally, we lack jurisdiction to review the remaining orders designated in the notice of appeal because they were all issued by a magistrate judge and the district court had not rendered them final at the time Barth filed the instant notice of appeal. *See Donovan v. Sarasota Concrete Co.*, 693 F.2d 1061, 1066-67 (11th Cir. 1982); *United States v. Cline*, 566 F.2d 1220, 1221 (5th Cir. 1978); *see also Perez-Priego v. Alachua Cnty. Clerk of Court*, 148 F.3d 1272, 1273 (11th Cir. 1998). The district court had not been given an opportunity to effectively review the magistrate judge's orders and we cannot hear appeals directly from federal magistrate judges. *See United States v. Schultz*, 565 F.3d 1353, 1359 (11th Cir. 2009). Moreover, even if the district court were to subsequently render these orders final, it would not serve to cure this premature notice of appeal. *See Robinson v. Tanner*, 798 F.2d 1378, 1385 (11th Cir. 1986); *Perez-Priego*, 148 F.3d at 1273. Accordingly, we lack jurisdiction over this appeal.

All pending motions are DENIED as moot. No motion for reconsideration may be filed unless it complies with the timing and other requirements of 11th Cir. R. 27-2 and all other applicable rules.