# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

UNITED STATES OF AMERICA

v.                                                                        Case No.: 9:22-mj-08332-BER

SEALED SEARCH WARRANT

_____/

## MEDIA INTERVENORS' RENEWED MOTION FOR FURTHER UNSEALING OF SEARCH WARRANT AFFIDAVIT

Now that the indictment in *United States v. Donald J. Trump*, No. 23-cr-80101-AMC (S.D. Fla.) has been unsealed, Intervenors American Broadcasting Companies, Inc.; the Associated Press; Cable News Network, Inc.; CBS Broadcasting Inc. o/b/o CBS News.; Dow Jones & Company, Inc., publisher of *The Wall Street Journal*; the E.W. Scripps Company; *The Palm Beach Post*, and *USA TODAY*, publications operated by subsidiaries of Gannett Co., Inc.; NBCUniversal Media, LLC d/b/a NBC News; The New York Times Company; Times Publishing Company, publisher of the *Tampa Bay Times*; and WP Company LLC d/b/a *The Washington Post*, and Proposed Intervenors Advance Publications, Inc.; Bloomberg L.P.; CMG Media Corporation; Fort Myers Broadcasting Company; Gray Media Group, Inc.; Guardian News & Media Limited; Insider Inc.; Los Angeles Times Communications LLC, publisher of *The Los Angeles Times*; the McClatchy Company, LLC d/b/a the *Miami Herald*; Orlando Sentinel Media Group, publisher of the *Orlando Sentinel*; POLITICO LLC; Radio Television Digital News Association; Reuters News & Media Inc.; Sun-Sentinel Company, LLC, publisher of the *South Florida Sun Sentinel*; TEGNA Inc.; Telemundo Network Group LLC d/b/a Noticias Telemundo; Tribune Publishing Company; and Univision Networks & Studios, Inc. (all together, the "Media Intervenors") respectfully renew the pending motion (ECF No. 126) for an order

further unsealing the affidavit of probable cause submitted in connection with the search warrant executed on August 8, 2022 at Mar-a-Lago (the "Affidavit"), and further move to unseal the order (ECF No. 146) and motion (ECF No. 147) filed under seal in this matter on June 12, 2023.

## ARGUMENT

Recognizing "the intense public and historical interest in an unprecedented search of a former President's residence," Aug. 22, 2022 Order at 13 (ECF No. 80), this Court entered an order on August 25, 2022 granting the Media Intervenors' motion to unseal in part and directing the Government to file a redacted version of the Affidavit on the public docket.  Aug. 25, 2022 Order (ECF No. 94); *see also* Notice of Filing of Redacted Aff. (ECF No. 102-1) (redacted Affidavit as publicly filed).  The Court found that the Government had "met its burden of showing that its proposed redactions [were] narrowly tailored to serve the Government's legitimate interest in the integrity of the ongoing investigation."  Aug. 25, 2022 Order at 1-2.

The following month, the Government notified the Court that, because additional judicial records related to the investigation into the former President's handling of classified materials had since been filed in two separate proceedings,[1] "aspects of the grand jury's investigation have now been publicly revealed, [and] there is no longer any reason to keep them sealed (i.e. redacted) in the filings in this matter, including the affidavit in support of the search warrant." *See* Notice Regarding Additional Partial Unsealing of Search Warrant (ECF No. 124) at 2-3.

---

[1] Those proceeding were (1) the now-dismissed action before Judge Aileen M. Cannon brought by Trump to seek the appointment of a special master and other judicial oversight, *Trump v. United States*, No. 9:22-cv-81294-AMC (S.D. Fla.) (the "Special Master Proceeding") and (2) an emergency application by the Government before then-Chief Judge Beryl A. Howell of the U.S. District Court for the District of Columbia seeking permission to disclose certain information about the underlying grand jury investigation in connection with the Special Master Proceeding, *In re Application of USA for Order Pursuant to Fed. R. Crim. P. 6(E)(3)(e)(i) for Limited Disclosure of Matter Occurring Before a Grand Jury*, No. 1:22-gj-37-BAH (D.D.C.).

The Court agreed that the disclosures justified further unsealing, *see* Order to Unseal (ECF No. 130), and placed a less-redacted copy of the Affidavit on the public docket (ECF No. 125).

On June 8, 2023, former President Trump was indicted, along with his employee, Waltine Nauta. The 49-page indictment contains more than two-dozen pages of detailed factual allegations accompanied by photographs and charts outlining the alleged national defense records at issue. All told, the indictment asserts 38 charges under multiple federal statutes. *See generally* Indictment, *United States v. Trump*, ECF No. 3

Now that former President Trump has been indicted and arraigned and has pleaded not guilty on 38 criminal counts related to his handling of classified materials, and that indictment has been unsealed, the Government cannot justify maintaining the current redactions to the Affidavit. *See, e.g.*, *United States v. Doe*, 629 F. App'x 69, 74 (2d Cir. 2015) (directing government "to inform the district court" should "the conditions for unsealing . . . come to pass"); *United States v. Appelbaum* (*In re United States*), 707 F.3d 283, 295 (4th Cir. 2013) (recognizing that public was "not forever barred from access . . . because at some point in the future, the Government's interest in sealing may no longer outweigh the common law presumption of access"); *United States v. Steinger*, 626 F. Supp. 2d 1231, 1237 (S.D. Fla. 2009) (recognizing that once circumstances change, "certain documents may be completely unsealed, and others might be filed in public record with certain redactions"); *see also* Aug. 18, 2022 Hr'g Tr. at 30:6-9 (confirming that the Court would address any future request for unsealing "in the full context in which it arises").

The Government's stated justifications for redacting portions of the Affidavit until now have been that "disclosure would reveal (1) the identities of witnesses, law enforcement agents, and uncharged parties, (2) the investigation's strategy, direction, scope, sources, and methods,

and (3) grand jury information protected by Federal Rule of Criminal Procedure 6(e)." Order to Unseal at 1 (ECF No. 94). Given the unsealed indictment, however, it is safe to say that those concerns no longer apply to most, if not all, of the information currently redacted in the Affidavit. *See also Washington Post v. Robinson*, 935 F.2d 282, 292 (D.C. Cir. 1991) ("Because disclosure of the contents of the plea agreement would only have confirmed to the public what was already validated by an official source . . . it could hardly have posed any additional threat to the ongoing criminal investigation."); *CBS v. U.S. Dist. Ct.*, 765 F.2d 823, 825 (9th Cir. 1985) (finding alleged harms not compelling where much of the information to be sealed "might easily be surmised from what is already in the public record"); *In re The Herald Co.*, 734 F.2d 93, 101 (2d Cir. 1984) ("Though the basis for apprehending harm to the defendant is apparent, the record raises a question as to whether the information sought to be kept confidential has already been given sufficient public exposure to preclude a closure order on this account."). The Court should therefore review the Affidavit in light of the indictment and lift all redactions that are no longer justified, and on the same grounds unseal the sealed order and motion (ECF Nos. 146 & 147) recently docketed in this matter.

## CONCLUSION

For the foregoing reasons, the Media Intervenors respectfully request that the Court enter an order further unsealing the Affidavit and unsealing the recently-docketed sealed order and motion. Specifically, the Media Intervenors request that the Court (1) direct the Government to submit a new version of the Affidavit *in camera* that includes only those redactions essential to ensuring the integrity of the prosecution of former President Trump or his co-defendant in this District, (2) direct the Government to file a public redacted version of its brief simultaneously with any brief it files under seal in conjunction with its *in camera* submission of proposed redactions to the Affidavit, (3) conduct an independent review of the Government's proposed

redactions, and (4) promptly place on the public docket a new version of the Affidavit and unsealed versions of the June 12, 2023 order and motion.

## CERTIFICATION OF GOOD-FAITH CONFERENCE

Pursuant to Local Rule 88.9(a), undersigned counsel certify that on June 15, 2023, they made reasonable efforts to confer via email with counsel for the Government and counsel for former President Trump. Counsel for the Government stated that they "object to unsealing the entire search warrant affidavit underlying this matter," but that "[w]ith respect to the search warrant affidavit, there may be additional portions that we would be willing to unredact in light of the indictment of former President Trump." Undersigned counsel notified Government counsel that they would wait until 12:00 p.m. on June 16, 2023 "to hear further from the Government on its position," and as of this filing, undersigned counsel has received no further communications from the Government, and no communications from counsel for Trump.

| | |
|---|---|
| Dated: June 16, 2023 | Respectfully submitted, |
| THOMAS AND LOCICERO PL | BALLARD SPAHR LLP |
| By: */s/ Carol Jean LoCicero* | By: */s/ Charles D. Tobin* |
| Carol Jean LoCicero (FBN 603030)<br>601 South Boulevard<br>Tampa, FL 33606<br>Telephone: 813.984.3060<br>clocicero@tlolawfirm.com | Charles D. Tobin (FBN 816345)<br>1909 K Street NW, 12th Floor<br>Washington, DC 20006<br>Telephone: 202.661.2218<br>tobinc@ballardspahr.com |
| Dana J. McElroy (FBN 845906)<br>Daniela B. Abratt (FBN 118053)<br>915 Middle River Drive, Suite 309<br>Fort Lauderdale, FL 33304<br>Telephone: 954.703.3418<br>dmcelroy@tlolawfirm.com<br>dabratt@tlolawfirm.com | Elizabeth Seidlin-Bernstein (*pro hac vice*)<br>1735 Market Street, 51st Floor<br>Philadelphia, PA 19103-7599<br>Telephone: 215.665.8500<br>seidline@ballardspahr.com |
| *Attorneys for CBS Broadcasting Inc., Fort Myers Broadcasting Company, the McClatchy Company, LLC d/b/a the Miami Herald, The New York Times Company, Sun-* | *Attorneys for Advance Publications, Inc., the Associated Press, Bloomberg L.P., Cable News Network, Inc., the E.W. Scripps Company, Gray Media Group, Inc., Insider Inc., Los Angeles Times Communications LLC, publisher of The Los Angeles Times,* |

| | |
|---|---|
| *Sentinel Company, LLC, publisher of the South Florida Sun Sentinel, and Times Publishing Company* | *NBCUniversal Media, LLC, Radio Television Digital News Association, Reuters News & Media Inc., TEGNA Inc., Telemundo Network Group LLC d/b/a Noticias Telemundo, WP Company LLC d/b/a The Washington Post, and Univision Network & Studios, Inc.* |
| SHULLMAN FUGATE PLLC | |
| By: */s/ Rachel E. Fugate*<br>   Rachel E. Fugate (FBN 144029)<br>   Deanna K. Shullman (FBN 514462)<br>   Minch Minchin (FBN 1015950)<br>   2101 Vista Parkway, Suite 4006<br>   West Palm Beach, FL 33411<br>   Telephone: 813.935.5098<br>   rfugate@shullmanfugate.com<br>   dshullman@shullmanfugate.com<br>   mminchin@shulmanfugate.com | ATHERTON GALARDI MULLEN & REEDER PLLC<br><br>By: */s/ L. Martin Reeder, Jr.*<br>   L. Martin Reeder, Jr. (FBN 308684)<br>   1641 Worthington Road, Suite 11<br>   West Palm Beach, FL 33409<br>   Telephone: 561.293.2530<br>   martin@athertonlg.com |
| *Attorneys for American Broadcasting Companies, Inc., CMG Media Corporation, Dow Jones & Company, Inc., Guardian News & Media Limited, Orlando Sentinel Media Group, publisher of the Orlando Sentinel, and Tribune Publishing Company* | *Attorneys for The Palm Beach Post and USA TODAY, publications operated by subsidiaries of Gannett Co., Inc.* |