**SEALED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-MJ-8332-BER



FILED BY _____ D.C.

JUN 30 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

IN RE SEALED SEARCH WARRANT                    FILED UNDER SEAL

_____/

## UNITED STATES' MOTION TO SEAL RESPONSE AND REDACTED WARRANT AFFIDAVIT

The United States of America hereby moves the Court to place under seal two documents: (1) the United States' Sealed, *Ex Parte* Response to Media Intervenors' Renewed Motion for Further Unsealing; and (2) Exhibit A to the Response, which consists of the government's proposed less-redacted version of the search warrant affidavit signed and approved by the Court on August 5, 2022. In support of this Motion, the government states:

1. Courts have inherent power to control access to papers filed with the courts. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). Courts have traditionally been "highly deferential to the government's determination that a given investigation requires secrecy and that warrant materials be kept under seal." *Times Mirror Co. v. United States*, 873 F.2d 1210 (9th Cir. 1989). Therefore, courts have routinely granted government requests to seal warrant materials where there is a need for secrecy. *See Washington Post v. Robinson*, 935 F.2d 282, 289 (D.C. Cir. 1991).

2. This Court previously granted a motion to seal the search warrant signed on August 5, 2022, and materials associated with that warrant. ECF No. 1. The Court subsequently found that the government had demonstrated "a compelling reason/good cause" to maintain under seal portions of the affidavit submitted in support of the warrant "because disclosure would reveal (1) the identities of witnesses, law enforcement agents, and uncharged parties, (2) the

investigation's strategy, direction, scope, sources, and methods, and (3) grand jury information protected by Federal Rule of Criminal Procedure 6(e)." ECF No. 94. Following the government's notice that the U.S. District Court for the District of Columbia had authorized disclosure of certain aspects of the grand jury's investigation, ECF No. 124, this Court ordered the disclosure of a version of the affidavit removing redactions covering that material, ECF No. 125. The full, unredacted affidavit remains under seal pursuant to Court order. *See* ECF Nos. 80, 94.

3. The Response and Exhibit A to the Response both include information that the Court previously ordered to remain under seal. Specifically, the Response references portions of the affidavit that remain under seal pursuant to earlier Court orders in order to explain why compelling interests require that information to remain sealed. Exhibit A is a version of the affidavit that contains fewer redactions than the previous, publicly unsealed affidavit. The revised redactions reflected in Exhibit A thus reveal information that remains under seal by order of this Court. Accordingly, the government respectfully requests that the Court grant leave to file these two documents under seal.

4. For the reasons explained in the Response, the United States does not object to the public release of the less-redacted version of the affidavit attached as Exhibit A to the Response. If the Court agrees, Exhibit A may be unsealed at a time the Court deems appropriate. The government also does not object to the unsealing of this Motion.

5. Finally, the government does not object to the partial unsealing of the Response, with appropriate redactions to protect information that remains under seal in Exhibit A to the Response. Should the Court agree, the government respectfully requests not less than 48 hours from the date of any order concerning unsealing the Response in which to propose redactions.

Date: June 30, 2023

                                      Respectfully submitted,

                                      BRIAN M. BOYNTON
                                      Principal Deputy Assistant Attorney General
                                      Civil Division

                                      ELIZABETH J. SHAPIRO
                                      Deputy Director
                                      Civil Division, Federal Programs Branch

                                      */s/ Leslie Cooper Vigen*
                                      LESLIE COOPER VIGEN
                                      Senior Trial Counsel (D.C. Bar No. 1019782)
                                      United States Department of Justice
                                      Civil Division, Federal Programs Branch
                                      1100 L Street, NW
                                      Washington, DC 20005
                                      Tel.: (202) 305-0727
                                      Email: Leslie.Vigen@usdoj.gov

                                      *Counsel for United States*