UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-MJ-8332-BER

IN RE: SEALED SEARCH WARRANT

_____/

FILED BY _____ D.C.

JUL 0 5 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

**ORDER ON MOTION TO UNSEAL**

Multiple media organizations ask to unseal the affidavit in support of the search warrant for 1100 S. Ocean Boulevard, Palm Beach, Florida. ECF No. 148. A redacted version of the affidavit was previously unsealed. ECF No. 102-1. In response to the media organizations' Motion, the Government filed an *ex parte* Response. ECF No. 153. The Government asked that the Response be filed under seal because it contained information that was previously sealed. ECF No. 152. The Government agreed that a redacted version of the Response could be unsealed without compromising legitimate governmental interests. *Id.* ¶5.

In its Response, the Government agreed that some additional parts of the search warrant affidavit could now be unsealed; it argued that other parts of the affidavit should remain under seal to comply with grand jury secrecy rules and to protect investigative sources and methods. ECF No. 153. Consistent with this position, the Government submitted under seal a redacted version of the affidavit that revealed some previously-sealed material. ECF No. 153-1.

After reviewing the media's Motion and the Government's Response, I find that additional portions of the search warrant affidavit should be unsealed, but that the

entire affidavit should not be unsealed. I further find that the Government has met its burden of showing that its proposed redactions of the affidavit are narrowly tailored to serve the Government's legitimate interests and are the least onerous alternative to sealing the entire search warrant affidavit.

The media organizations also ask to unseal a Motion and Order filed under seal on June 12, 2023. ECF Nos. 146, 147. Those filings related to unsealing materials for the limited purpose of allowing the Government to provide those materials as discovery in case number 23-CR-80101-AMC. The Order (docket entry 147) does not reveal grand jury material or investigative sources or methods. As such, it can be unsealed without compromising legitimate governmental interests. The Motion (docket entry 146) identifies investigative steps that have not yet been made public. It therefore should remain under seal.

The Government argues that both the Motion and Order should remain under seal because they are discovery material to which there is no right of access. *See, e.g., United States v. Nickens,* 809 F. App'x 584, 591-92 (11th Cir. 2020) (discovery materials "do not fall within the scope of either the First Amendment or the common law right of access."). For the reasons stated above, even assuming the Motion is subject to a right of access, the Government has met its burden to justify sealing the Motion. The Order is not discovery material nor does it disclose the contents of any discovery material. The underlying discovery material remains under seal and is subject to the parties' agreed protective order at docket entry 27 in case number 23-CR-80101-AMC.

WHEREFORE, it is ORDERED that:

1. The Renewed Motion for Further Unsealing of Search Warrant Affidavit (ECF No. 148) is GRANTED IN PART and DENIED IN PART. The Clerk of the Court shall unseal docket entries 147. The Government shall file docket entry 153-1 as a separate item on the public docket. Docket entry 146 shall remain under seal.

2. The Government's Motion to Seal Response And Redacted Warrant Affidavit is GRANTED IN PART and DENIED IN PART. Docket entry 152 shall not be sealed. Docket Entry 153 shall be sealed. On or before 5:00 p.m. Eastern time on July 6, 2023, the Government shall file under seal a proposed redacted version of docket entry 153.

3. The Order unsealing docket entry 147 is STAYED pending further Court order. On or before July 13, 2023, at 5:00 p.m. Eastern time, the Government shall file a notice stating whether it intends to appeal the unsealing of docket entry 147.

**DONE and ORDERED** in Chambers this 5th day of July, 2023, at West Palm Beach in the Southern District of Florida.

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE