SEALED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-MJ-8332-BER

IN RE SEALED SEARCH WARRANT

FILED UNDER SEAL

_____/

FILED BY _____ CAS _____ D.C.
JUL 07 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

UNITED STATES' MOTION TO SEAL

The United States of America hereby moves the Court to place under seal the following documents, filed in connection with the Media Intervenors' Renewed Motion for Further Unsealing and the Court's subsequent July 5, 2023 Order adjudicating that motion: (1) the United States Sealed, Ex Parte Motion to Reconsider the Court's Order to Unseal the Document Docketed as ECF # 147, and (2) the Proposed Order accompanying the Motion for Reconsideration. In support of this Motion, the government states:

1. Courts have inherent power to control access to papers filed with the courts. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). Courts have traditionally been "highly deferential to the government's determination that a given investigation requires secrecy and that warrant materials be kept under seal." *Times Mirror Co. v. United States*, 873 F.2d 1210 (9th Cir. 1989). Therefore, courts have routinely granted government requests to seal warrant materials where there is a need for secrecy. *See Washington Post v. Robinson*, 935 F.2d 282, 289 (D.C. Cir. 1991).

2. This Court previously granted a motion to seal the search warrant signed on August 5, 2022, and materials associated with that warrant. ECF No. 1. The Court subsequently found that the government had demonstrated "a compelling reason/good cause" to maintain under seal portions of the affidavit submitted in support of the warrant "because disclosure would reveal

(1) the identities of witnesses, law enforcement agents, and uncharged parties, (2) the investigation's strategy, direction, scope, sources, and methods, and (3) grand jury information protected by Federal Rule of Criminal Procedure 6(e)." ECF No. 94. Following the government's notice that the U.S. District Court for the District of Columbia had authorized disclosure of certain aspects of the grand jury's investigation, ECF No. 124, this Court ordered the disclosure of a version of the affidavit removing redactions covering that material, ECF No. 125. On July 5, 2023, the Court approved the release of a lesser redacted version of the Affidavit, which the government filed on the public record that same day. ECF No. 156-1. The full, unredacted affidavit remains under seal pursuant to Court order. *See* ECF Nos. 80, 94, 156.

3. The Court's July 5, 2023, Order also unsealed the Order at ECF No. 147, approving a discovery related disclosure. The government respectfully seeks reconsideration of that portion of the July 5 Order, and its reconsideration motion discusses information in ECF #147 that remains under seal. Specifically, the reconsideration motion references search warrants and investigative steps that the government has never disclosed to the public. Although the Court's current Order would unseal this information, the Court has stayed its unsealing order to provide the government the opportunity to appeal the decision if it so chooses. *See* July 5 Order, ECF No. 154 at 3. Accordingly, the docket information discussed in the reconsideration motion remains under seal by earlier order of this Court. The government thus respectfully requests that the Court grant leave to file the Motion for Reconsideration and proposed order under seal.

Date: July 7, 2023

Respectfully submitted,

*/s/ Elizabeth J. Shapiro*
ELIZABETH J. SHAPIRO (D.C. Bar No. 418925)
LESLIE COOPER VIGEN (D.C. Bar No. 1019782)
Attorneys
United States Department of Justice
1100 L Street, NW
Washington, DC 20005
Tel.: (202) 514-5302
Email: Elizabeth.Shapiro@usdoj.gov

*Counsel for United States*