UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

UNITED STATES OF AMERICA

v.   Case No.: 9:22-mj-08332-BER

SEALED SEARCH WARRANT
_____/

**MEDIA INTERVENORS' MOTION FOR THE GOVERNMENT TO PERIODICALLY REASSESS AND REPORT ON UNSEALING THE SEARCH WARRANT AFFIDAVIT**

Last week, this Court granted in part the renewed motion of the Media Intervenors[1] to further unseal the affidavit of probable cause submitted in connection with the search warrant executed on August 8, 2022 at Mar-a-Lago (the "Affidavit").  Order on Mot. to Unseal (ECF No. 154).  Specifically, the Court concluded that "additional portions of the search warrant affidavit should now be unsealed" following the release of the indictment in *United States v. Trump*, No. 23-cr-80101-AMC, and that the Government had carried its heavy burden to justify continuing to redact other portions of the Affidavit by showing that those withholdings "are narrowly tailored

---

[1] "The Media Intervenors" refers to Intervenors American Broadcasting Companies, Inc.; the Associated Press; Cable News Network, Inc.; CBS Broadcasting Inc. o/b/o CBS News.; Dow Jones & Company, Inc., publisher of *The Wall Street Journal*; the E.W. Scripps Company; *The Palm Beach Post*, and *USA TODAY*, publications operated by subsidiaries of Gannett Co., Inc.; NBCUniversal Media, LLC d/b/a NBC News; The New York Times Company; Times Publishing Company, publisher of the *Tampa Bay Times*; and WP Company LLC d/b/a *The Washington Post*, and Proposed Intervenors Advance Publications, Inc.; Bloomberg L.P.; CMG Media Corporation; Fort Myers Broadcasting Company; Gray Media Group, Inc.; Guardian News & Media Limited; Insider Inc.; Los Angeles Times Communications LLC, publisher of *The Los Angeles Times*; the McClatchy Company, LLC d/b/a the *Miami Herald*; National Cable Satellite Corporation d/b/a C-SPAN; Orlando Sentinel Media Group, publisher of the *Orlando Sentinel*; POLITICO LLC; Radio Television Digital News Association; Reuters News & Media Inc.; Sun-Sentinel Company, LLC, publisher of the *South Florida Sun Sentinel*; TEGNA Inc.; Telemundo Network Group LLC d/b/a Noticias Telemundo; Tribune Publishing Company; and Univision Networks & Studios, Inc.

to serve the Government's legitimate interests and are the least onerous alternative to sealing the entire search warrant affidavit." *Id.* at 1-2.

As the criminal case against former President Donald J. Trump moves forward, even more information about the Government's investigation will surely come to light in other publicly-filed court records, and the Government no doubt will also disclose additional details about the investigation directly to Trump and his co-defendant Waltine Nauta. As a result, even fewer of the remaining redactions in the Affidavit will be defensible under the demanding legal standard that this Court has noted. *See In re Sealed Search Warrant*, 622 F. Supp. 3d 1257, 1261 (S.D. Fla. 2022); *see also United States v. Appelbaum* (*In re United States*), 707 F.3d 283, 295 (4th Cir. 2013) (recognizing that public was "not forever barred from access . . . because at some point in the future, the Government's interest in sealing may no longer outweigh the common law presumption of access"); *United States v. Steinger*, 626 F. Supp. 2d 1231, 1237 (S.D. Fla. 2009) (recognizing that once circumstances change, "certain documents may be completely unsealed, and others might be filed in public record with certain redactions").

Because only the Government knows and can compare the information currently redacted from the Affidavit with the information it provides to Trump and Nauta and/or the information included in other public court filings, the Government is uniquely positioned to inform the Court when circumstances have changed such that the Court can and should unseal additional portions of the Affidavit. *Cf. United States v. Doe*, 629 F. App'x 69, 74 (2d Cir. 2015) (affirming denial of motion to unseal while "remind[ing] the Government that, should the conditions for unsealing set forth in the sealed order come to pass, it is under a continuing obligation to inform the district court"). The Media Intervenors therefore request that this Court order the Government to reassess its position as to continued sealing of the Affidavit and file a report informing this Court

of that position every thirty (30) days until either the Affidavit is unsealed entirely or the proceedings in *United States v. Trump* result in a final judgment, whichever is sooner.

The Media Intervenors respectfully submit that placing this responsibility on the Government will result in greater and prompter public access to the information contained in the Affidavit, and thus will advance "the intense public and historical interest in an unprecedented search of a former President's residence," *see* Aug. 22, 2022 Order at 13 (ECF No. 80). Moreover, because the Media Intervenors will still be willing and able to advocate for unsealing as circumstances warrant (and indeed reserve the right to do so), the Court will continue to benefit from the adversarial process as well in considering whether and what to further unseal.

## CONCLUSION

For the foregoing reasons, the Media Intervenors respectfully request that the Court (1) direct the Government to file a status report in this matter every thirty days until either the entire Affidavit is unsealed or a final judgment is reached in *United States v. Trump*, whichever is sooner, informing the Court as to the Government's position on whether any additional portions of the Affidavit can be unsealed; (2) direct the Government to file a public redacted version of its report simultaneously with any such report it files under seal; (3) conduct an independent review of the Government's position as to any continuing redactions; and (4) where appropriate, promptly place a less-redacted version of the Affidavit on the public docket.

## **CERTIFICATION OF GOOD-FAITH CONFERENCE**

Pursuant to Local Rule 88.9(a), undersigned counsel certify that on July 12, 2023, they made reasonable efforts to confer via email with counsel for the Government and counsel for Trump. Counsel for Trump did not respond, and counsel for the Government stated that the Government opposes this motion.

Dated: July 14, 2023

THOMAS AND LOCICERO PL

By: */s/ Carol Jean LoCicero*
    Carol Jean LoCicero (FBN 603030)
    601 South Boulevard
    Tampa, FL 33606
    Telephone: 813.984.3060
    clocicero@tlolawfirm.com

    Dana J. McElroy (FBN 845906)
    Karen Williams Kammer (FBN 771200)
    Daniela B. Abratt (FBN 118053)
    915 Middle River Drive, Suite 309
    Fort Lauderdale, FL 33304
    Telephone: 954.703.3418
    dmcelroy@tlolawfirm.com
    kkammer@tlolawfirm.com
    dabratt@tlolawfirm.com

*Attorneys for CBS Broadcasting Inc., Fort Myers Broadcasting Company, the McClatchy Company, LLC d/b/a the Miami Herald, The New York Times Company, Sun-Sentinel Company, LLC, publisher of the South Florida Sun Sentinel, and Times Publishing Company*

SHULLMAN FUGATE PLLC

By: */s/ Rachel E. Fugate*
    Rachel E. Fugate (FBN 144029)
    Deanna K. Shullman (FBN 514462)
    Minch Minchin (FBN 1015950)
    2101 Vista Parkway, Suite 4006
    West Palm Beach, FL 33411
    Telephone: 813.935.5098
    rfugate@shullmanfugate.com
    dshullman@shullmanfugate.com
    mminchin@shulmanfugate.com

*Attorneys for American Broadcasting Companies, Inc., CMG Media Corporation, Dow Jones & Company, Inc., Guardian News & Media Limited, Orlando Sentinel Media Group, publisher of the Orlando Sentinel, and Tribune Publishing Company*

Respectfully submitted,

BALLARD SPAHR LLP

By: */s/ Charles D. Tobin*
    Charles D. Tobin (FBN 816345)
    1909 K Street NW, 12th Floor
    Washington, DC 20006
    Telephone: 202.661.2218
    tobinc@ballardspahr.com

    Elizabeth Seidlin-Bernstein (*pro hac vice*)
    1735 Market Street, 51st Floor
    Philadelphia, PA 19103-7599
    Telephone: 215.665.8500
    seidline@ballardspahr.com

*Attorneys for Advance Publications, Inc., the Associated Press, Bloomberg L.P., Cable News Network, Inc., the E.W. Scripps Company, Gray Media Group, Inc., Insider Inc., Los Angeles Times Communications LLC, publisher of The Los Angeles Times, National Cable Satellite Corporation d/b/a C-SPAN, NBCUniversal Media, LLC, Radio Television Digital News Association, Reuters News & Media Inc., TEGNA Inc., Telemundo Network Group LLC d/b/a Noticias Telemundo, WP Company LLC d/b/a The Washington Post, and Univision Network & Studios, Inc.*

ATHERTON GALARDI MULLEN & REEDER PLLC

By: */s/ L. Martin Reeder, Jr.*
    L. Martin Reeder, Jr. (FBN 308684)
    1641 Worthington Road, Suite 11
    West Palm Beach, FL 33409
    Telephone: 561.293.2530
    martin@athertonlg.com

*Attorneys for The Palm Beach Post and USA TODAY, publications operated by subsidiaries of Gannett Co., Inc.*