# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-MJ-8332-BER**


IN RE SEALED SEARCH WARRANT                    **EX PARTE & UNDER SEAL**

_____/


**UNITED STATES' SEALED, EX PARTE RESPONSE TO**
**MEDIA INTERVENORS' RENEWED MOTION FOR FURTHER UNSEALING**

## INTRODUCTION

In August 2022, this Court found that the government had demonstrated good cause to maintain under seal certain information contained in an affidavit submitted in support of the government's application for a search warrant at a property of former President Donald J. Trump. *See* Aug. 22 Order, ECF No. 80.  It held that redactions were appropriate to protect, among other things, "the identities of witnesses, law enforcement agents, and uncharged parties" and "grand jury information protected by Federal Rule of Criminal Procedure 6(e)."  *See* ECF No. 94.

On June 8, 2023, an indictment was unsealed charging former President Trump with unlawful retention of national defense information and, along with a co-conspirator, obstruction of justice and false-statement related offenses.  A coalition of media organizations (collectively, the Media Intervenors) now seek an order that would require further un-sealing of the affidavit on the ground that the concerns the Court identified "no longer apply to most, if not all, of the information currently redacted." ECF No. 148 at 4.  They also move to unseal an order and motion filed under seal in this matter on June 12, 2023, docketed at ECF numbers 146 and 147.  *Id.* at 2.

Although much of the affidavit must remain under seal to protect the interests the Court previously identified, the government does not object to the public release of a less-redacted version of the affidavit, attached hereto as Exhibit A.  This version removes redactions from information that may now be released publicly, such as facts revealed in the indictment or information about the direction of the now-concluded investigation.  Compelling governmental interests continue to require the sealing of the remainder of the affidavit, however.  As an initial matter, the affidavit contains information that was not made public in the indictment because it would tend to reveal the identities of witnesses, law enforcement personnel, and other individuals. The public revelation of these facts could result in harassment, intimidation, retaliation, or even

threats to these individuals' personal safety.  These concerns are particularly acute in this extraordinarily high-profile case in which law enforcement personnel have already been targeted. In addition, the redacted portions of the affidavit also conceal still-secret matters that occurred before the grand jury, which are protected from disclosure under Rule 6(e).  The indictment does not change this fact.

For these reasons, as set forth in more detail below, the Court should enter an order unsealing the less-redacted version of the search warrant affidavit attached as Exhibit A, but continue to keep the remainder of that document sealed.[1]  The motion and order docketed at ECF numbers 146 and 147 should remain entirely under seal, as they solely concern discovery matters and reveal the existence of and details about multiple sealed search warrants.

### PROCEDURAL BACKGROUND

On August 8, 2022, the Department of Justice executed a search warrant, issued by this Court upon a finding of probable cause, at the premises located at 1100 S. Ocean Blvd., Palm Beach, Florida 33480, a property of former President Trump.  In light of the unique circumstances at issue, including the former President's confirmation of the search, his representatives' characterizations of the materials sought, and the public interest in transparency concerning a search warrant executed on the property of a former President, the government moved to unseal the search warrant, its attachments, and the property receipt summarizing the materials seized. ECF No. 18.  This Court granted the motion.  ECF No. 41.

In the interim, a number of media organizations and other intervenors filed motions to unseal these and other materials associated with the search warrant, including the affidavit.  The

---

[1] The government does not object to the unsealing of this response with appropriate redactions to protect non-public information.  The government respectfully requests a period of at least 48 hours in which to submit proposed redactions should the Court order the response brief unsealed.

government did not object to the unsealing of the cover sheet, the government's motion to seal, or the sealing order (subject to minor redactions to protect government personnel), but maintained that compelling governmental interests required the affidavit to remain under seal.  ECF No. 59.

The Court found that the government had met its burden to demonstrate compelling interests in the continued sealing of the affidavit that outweighed any public interest in unsealing. Aug. 22 Order 12.  The Court gave "great weight" to the interests in protecting, among other things, (1) "legitimate privacy interests" that would be harmed by "disclosing the identity of the affiant [or] providing evidence that could be used to identify witnesses" and which could lead to "obstruction of justice" or "witness intimidation or retaliation" and (2) "sources and methods used by the Government in its ongoing investigation," the disclosure of which could "detrimentally affect this investigation and future investigations."  Aug. 22 Order 9–10.  As to the former, the Court found that disclosure of the affidavit would likely result in witnesses being "quickly and broadly identified over social media and other communication channels, which could lead to them being harassed and intimidated." *Id.* at 9.  It further determined that even if certain facts contained in the affidavit had been discussed publicly as a result of "anonymous sources, speculation, or hearsay," other information—such as the "witnesses and the investigative techniques" used—remained non-public, and the government had a compelling reason not to disclose them at that time. *Id.* at 11.

The Court concluded, however, that it did not appear the entire affidavit need remain under seal to preserve these interests and ordered the government to propose redactions. *Id.* at 12–13. The government thereafter submitted a sealed, *ex parte* memorandum explaining the basis for proposed redactions to the affidavit, along with a proposed redacted version of the affidavit. ECF No. 89 (sealed version); ECF No. 102-2 (redacted public version).

3

The Court found that the government met its burden to demonstrate that its proposed redactions to the affidavit were supported by compelling governmental interests and narrowly tailored.  ECF No. 94.  Specifically, the Court noted that disclosure of the redacted material would reveal "(1) the identities of witnesses, law enforcement agents, and uncharged parties, (2) the investigation's strategy direction, scope, sources, and methods, and (3) grand jury information protected by Federal Rule of Criminal Procedure 6(e)."  *Id.* at 1.  Pursuant to Court order, the redacted version of the affidavit was made public on August 26, 2022.  ECF No. 102-1.  After receiving authorization to disclose certain aspects of the grand jury's investigation that had been revealed in public filings in other proceedings, the government subsequently notified this Court that it could make public a less-redacted version of the affidavit.  ECF No. 124.  That less-redacted version was filed publicly on September 9, 2022.  ECF No. 125.

On June 8, 2023, an indictment was unsealed charging former President Trump and a co-conspirator with multiple felonies related to the unlawful possession and willful retention of classified information, obstruction of justice, and related crimes.  *See* Indictment, *United States v. Trump, et al.*, No. 23-cr-80101, ECF No. 3 (S.D. Fla.).  The charges were based, in part, on evidence recovered pursuant to the search warrant at issue here.  *See, e.g.*, *id.* ¶ 8.  The indictment also discusses the issuance and execution of the search warrant.  *See id.* ¶¶ 73–75.

On June 12, 2023, the government filed under seal a motion to disclose to defendants in the criminal case, as part of discovery pursuant to Federal Rule of Criminal Procedure 16, eight search warrants—including the one at issue here—and supporting materials issued in connection with the investigation that led to the indictment of former President Trump and his co-conspirator. ECF No. 147 (sealed).  With the exception of the search warrant at issue here, these search warrants had previously been entirely under seal, and the government had not disclosed their

existence to the public.  The Court granted the motion in a sealed order the same day.  ECF No. 146

(sealed).  That order specified that "the Search Warrant Materials otherwise remain under seal and

cannot be disclosed without further order of Court."  *Id.*

On June 16, 2023, the Media Intervenors filed the motion for further unsealing at issue

here.  They argue that as a result of the indictment, the compelling governmental interests the Court

identified "no longer apply to most, if not all, of the information currently redacted."  ECF No. 148

at 4.  The Media Intervenors seek an order requiring the government to make public a version of

the affidavit "that includes only those redactions essential to insuring the integrity of the

prosecution of former President Trump or his co-defendant."  *Id.*  They also move to unseal the

order and motion filed under seal on June 12, 2023.  *Id.* at 2.

## LEGAL STANDARDS

The press and the public enjoy a qualified right of access to judicial proceedings and the

judicial records filed therein.  *See, e.g., Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245

(11th Cir. 2007); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311

(11th Cir. 2001).  As this Court previously observed, "[t]he common law right of access may be

overcome by a showing of good cause, which requires balanc[ing] the asserted right of access

against the other party's interest in keeping the information confidential."  Aug. 22 Order 4

(quoting *Romero*, 480 F.3d at 1246 (second brackets in original)).  Factors courts consider in

determining whether good cause exists include "whether allowing access would . . . harm

legitimate privacy interests, the degree and likelihood of injury if made public, . . . whether the

information concerns public officials or public concerns, and the availability of a less onerous

alternative to sealing the documents."[2]  *Id.* (quoting *Romero*, 480 F.3d at 1246).

Access to discovery materials is an entirely different matter.  As the Eleventh Circuit has explained, "the need for public access to discovery is low because discovery is 'essentially a private process . . . the sole purpose [of which] is to assist trial preparation."  *Romero*, 480 F.3d at 1245 (quoting *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986)); *see also United States v. Nickens*, 2018 WL 10110905, at *2 (M.D. Ala. May 17, 2008) (denying access motion and finding that defendant "ha[d] not shown how discovery in a pending criminal case is a public matter such that its non-disclosure would implicate one's right to access under the First Amendment").  "[T]here is no common-law right of access" to discovery materials, "as these materials are neither public documents nor judicial records."  *Chicago Tribune*, 263 F.3d at 1311.  Even "material filed with discovery motions is not subject to the common-law right of access"— in contrast to "discovery material filed in connection with pretrial motions that require judicial resolution of the merits," which typically is.  *Id.* at 1312.  And "where discovery materials are concerned," the First Amendment requires only "a showing of good cause by the party seeking protection."  *Id.* at 1310.  It is therefore common in both civil and criminal litigation for parties to agree, and for courts to order, "that discovery information will remain private."  *Anderson*, 799 F.2d at 1441.

---

[2] The First Amendment also provides a basis for the public "right of access to criminal trial proceedings."  *Chicago Tribune Co.*, 263 F.3d at 1310.  As the Court previously observed, the Eleventh Circuit has not opined on whether the First Amendment right of access applies to sealed search warrant materials.  Aug. 22 Order 5.  The government maintains that the better view is that no First Amendment right to access warrant materials exists because there is no tradition of public access to *ex parte* warrant proceedings.  *See In re Search of Fair Finance*, 692 F.3d 424, 429–33 (6th Cir. 2012); *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 64 (4th Cir. 1989); *Times Mirror Co. v. United States*, 873 F.2d 1210, 1212–18 (9th Cir. 1989).  But, as before, the Court need not resolve this question here because "[a]s a practical matter, the analyses under the common law and the First Amendment are materially the same."  Aug. 22 Order 5.

**ARGUMENT**

**I.      A Less-Redacted Version of the Affidavit May Be Released, but Redactions Remain Necessary to Protect Witnesses, Law Enforcement Personnel, and Rule 6(e) Material.**

The government does not oppose the unsealing of certain additional portions of the affidavit.  *See* Exhibit A.  But consistent with the Court's earlier rulings, good cause exists to continue to redact information that remains secret and would reveal (1) "the identities of witnesses, law enforcement, and uncharged parties," and (2) "grand jury information protected by Federal Rule of Criminal Procedure 6(e)."[3]  ECF No. 94 at 1; *see also* Aug. 22 Order 9–10.

**A. Redactions remain necessary to protect two principal categories of information.**

1. Information that would reveal the identities of witnesses or law enforcement personnel.

*First*, the identity of witnesses continues to require protection to ensure their safety.  *See* ECF No. 89 at 4–7.  As the Court noted, "[g]iven the public notoriety and controversy" surrounding this matter, "it is likely that even witnesses who are not expressly named in the Affidavit would be quickly and broadly identified over social media and other communication channels."  Aug. 22 Order 9.  This "could lead to them being harassed and intimidated."  *Id.*

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

---

[3] The Court also previously found that good cause existed to redact material that would reveal "the investigation's strategy, direction, scope, sources, and methods."  ECF No. 94 at 1. ████████████ information that would reveal the government's investigative avenues and techniques continues to require redaction to the extent it was not revealed in the indictment and may be used to "detrimentally affect future investigations."  *See* Aug. 22 Order 10.  Any such material is co-extensive with the other categories of material requiring redaction that are the focus of this response.

With the exception of co-defendant Waltine Nauta,[4] the indictment does not name any witness whose statements are summarized in the affidavit, nor does it attribute any specific statements to any of the other witnesses referenced in the affidavit.  Were these portions of the affidavit made public, the information could be used to identify many, if not all of these witnesses.  For example,

████████████████████████████████████████████████

███████████████████████████████████     ██████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████   ██

████████████████████████████████████████████████

████████

---

[4] Nauta is referred to as WITNESS 5 in the affidavit.  ████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████

[5] ████████████████████████████████████████████████████

████████████████████████████████████████████

Exposure of witnesses' identities could subject them to harms including retaliation, harassment, intimidation, or even threats to their physical safety.[6] As the Court observed, "these concerns are not hypothetical in this case." Aug. 22 Order 8. ███████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████████ Exposure of witness identities in advance of a trial could erode their trust in the prosecution and make witnesses less likely to testify willingly. It could also chill potential witnesses from coming forward in future investigations of public figures.

*Second*, for the same reasons, and as the Court has recognized, minor but important redactions remain necessary to protect the safety of law enforcement personnel. *See* Aug. 22 Order 3. Information in the search warrant that would identify the affiant, including name and biographical information, should remain under seal. *See* Aff. ¶ 4. The indictment does not name the affiant or otherwise alter the analysis underlying these redactions.

### 2. Information that would reveal Rule 6(e) material.

Redactions also remain necessary to prevent disclosure of information protected from disclosure under Federal Rule of Criminal Procedure 6(e). *See* ECF No. 89 at 10. Rule 6(e) prohibits attorneys for the government, among others, from disclosing "a matter occurring before the grand jury." Fed. R. Crim. P. 6(e)(2). Both the D.C. Circuit, where the grand jury was originally empaneled, and the Eleventh Circuit have held that grand jury material may not be

---

[6] ███████████████████████████████████████████████████████

███████████████████████████████████████████

released outside the enumerated exceptions of Rule 6(e)—even after an indictment, and even in cases of immense public interest.  *See Pitch v. United States*, 953 F.3d 1226 (11th Cir. 2020) (en banc); *McKeever v. Barr*, 920 F.3d 842 (D.C. Cir. 2019).  Although Rule 6(e) "does not require . . . that a veil of secrecy be drawn over all matters . . . that happen to be investigated by a grand jury," it does "protect the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like." *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1382 (D.C. Cir. 1980).

The affidavit here contains information that reveals matters that occurred before the grand jury whose disclosure has not otherwise been authorized.[7]



That information must remain redacted.

**B.  Redactions may be removed from other information revealed in the indictment.**

Although certain redactions must be maintained for the reasons set forth above, the government does not object to removal of redactions from information made public in the indictment that does not implicate witness safety, law enforcement safety, or undisclosed matters that occurred before the grand jury.  Information from which redactions can be removed includes facts set forth in the indictment that are not specifically attributed to a witness in the affidavit, *see, e.g.*, Aff. ¶¶ 28, 34, 35–36, 39, 46, 74; a photograph included in the indictment, *see id.* ¶ 46; and

---

[7] As noted, the government previously received authorization to disclose certain grand jury materials pursuant to Rule 6(e)(3)(E)(i); it promptly notified the Court that it did not object to the public release of a less-redacted version of the affidavit disclosing that information.  *See* ECF No. 124.

certain observations and findings of law enforcement personnel bearing upon the direction of the investigation, *see id.* ¶¶ 48, 56, 58, 64–67, 70, 78.  The information the government believes may be un-redacted in these paragraphs is reflected in Exhibit A; critically, a number of these paragraphs may be unsealed only in part.

## II.     The Discovery Motion and Order Must Remain Entirely Under Seal.

The Media Intervenors also request, in passing, that the Court unseal the government's motion seeking leave to share eight sealed search warrants, affidavits, and accompanying documents with counsel for defendants in the matter of *United States v. Trump, et al.*, as part of the Rule 16 discovery process, ECF No. 147, and the Court's order granting that motion, ECF No. 146.  This request should be denied because the materials relate to discovery and good cause for sealing exists.

The documents at issue are governed by the lower standard associated with discovery materials.  "Discovery is neither a public process nor typically a matter of public record." *Anderson*, 799 F.2d at 1441.  As the Eleventh Circuit has observed, "[h]istorically, discovery materials were not available to the public or press."  *Id.*  This is because "the sole purpose of discovery is to assist trial preparation."  *Id.*  It is therefore common for courts to order "that discovery information will remain private."  *Id.*  In this Circuit, there is no common-law right of access to materials filed with discovery motions, and discovery materials may remain under seal consistent with the First Amendment upon "a showing of good cause by the party seeking protection."  *See Chicago Tribune*, 263 F.3d at 1312–13; *see also United States v. Nickens*, 809 F. App'x 584, 591–92 (11th Cir. 2020) ("a party seeking to shield discovery material from disclosure to a third party need only show good cause for the sealing").  Because the additional materials at issue here concern only the exchange of discovery materials, these standards apply.

*See Nickens*, 809 F. App'x at 591–92 (in-camera inspection of government file to determine whether it included *Brady* material was "a quintessential discovery proceeding").

Good cause exists for the motion and order to remain under seal.  The motion reveals eight sealed search warrants—of which only the warrant at issue here has been made public— ███████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████, the order discloses the case captions for all of the sealed search warrants.  ECF No. 146.  It also specifically orders that the search warrant materials must otherwise remain under seal.  *Id.*  Making this information public would harm the privacy interests of witnesses and reveal previously undisclosed law enforcement techniques.[8]  The Court has already recognized that these are compelling interests.  Aug. 22 Order 9–10.  What is more, the public interest in learning about the progress of discovery, which is "essentially a private process" with the "sole purpose" of assisting with trial preparation, is low.  *Anderson*, 799 F.2d at 1441.  Finally, granting motions to unseal in these circumstances could have "severe" effects detrimental to "the smooth functioning of the discovery process."  *Id.*  For example, having to consider whether discovery motions will be subject to public disclosure could slow down the discovery process to the detriment of the criminal defendants.  It could discourage voluntary disclosures.  Similarly, having to respond to such motions on a regular basis could distract prosecutors from preparing for a speedy trial.

Accordingly, there is good cause specific to these circumstances, and as a policy matter in general, to deny the Media Intervenor's request to unseal the discovery motion and order here.

---

[8] Redactions are not a viable alternative to maintaining the sealed filings at ECF numbers 146 and 147 entirely under seal.  The material that must be redacted is "so extensive" that release of any remaining text would be nothing more than "a meaningless disclosure."  Aug. 22 Order 12.

**CONCLUSION**

For the reasons explained above, the Court should maintain under seal the text the government has marked for redaction in the search warrant affidavit.  The government does not object to the public release of the less-redacted version of the affidavit attached hereto as Exhibit A.   The Court should maintain entirely under seal the motion and order filed at ECF numbers 146 and 147.

The government further submits that certain portions of this response may be unsealed. Should the Court agree, the government respectfully requests at least 48 hours in which to submit proposed redactions for the Court's consideration.

Date: June 30, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Civil Division, Federal Programs Branch

*/s/ Leslie Cooper Vigen*
LESLIE COOPER VIGEN
Senior Trial Counsel (D.C. Bar No. 1019782)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel.: (202) 305-0727
Email: Leslie.Vigen@usdoj.gov

*Counsel for United States*