# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-MJ-8332-BER

IN RE SEALED SEARCH WARRANT                    EX PARTE AND UNDER SEAL

_____/

UNITED STATES' SEALED, EX PARTE MOTION TO RECONSIDER
THE COURT'S ORDER TO UNSEAL THE DOCUMENT DOCKETED AS ECF #147

The United States hereby moves this court to reconsider, in part, its Order of July 5, 2023 (ECF # 154).  In that Order, the Court held that the June 12, 2023 Order (ECF # 147) "does not reveal grand jury material or investigative sources or methods.  As such, it can be unsealed without compromising legitimate government interests."  Order on Motion to Unseal, July 5, 2023 (ECF #154 at 2).  For the reasons that follow, the government respectfully submits that the interests of justice support the Court's reconsideration of its decision.

1.      A motion for reconsideration is appropriate where (1) an intervening change in controlling law has occurred; (2) new evidence has been discovered; or (3) there is a need to correct clear error or prevent a manifest injustice.  *PNCEF, LLC v. Highlander Enterprises, LLC*, No. 09-80974-CIV, 2010 WL 11504756, at *1 (S.D. Fla. Sept. 27, 2010), quoting *Williams v. Cruise Ships Catering & Svc. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).   "In order to reconsider a ruling, there must be a reason why the court should reconsider its prior decision, and the moving party must set forth facts or law of a 'strongly convincing nature' to induce the court to reverse its prior decision."  *PNCEF* at *1, quoting *Sussman*.  The government submits that such strong and convincing arguments exist here for the continued sealing of the Order in question.

1

2. In its Response to the Media Intervenors' Renewed Motion for Further Unsealing, the United States argued that the Motion and Order docketed at ECF #146 and #147 should remain sealed because they related exclusively to discovery matters and because they reveal the existence of eight search warrants, only one of which – the search at issue in the instant proceeding – has been publicly disclosed. The other seven searches remain entirely under seal. *See* United States' Sealed, Ex Parte Response (ECF # 153) at 2 (the motion and order should remain sealed "as they solely concern discovery matters and reveal the existence of and details about multiple sealed search warrants"); 8 ("With the exception of the search warrant at issue here, these search warrants had previously been entirely under seal, and the government had not disclosed their existence to the public"); 12 ("[T]he order discloses the case captions for all of the sealed search warrants.") The Court, in its July 5, 2023 Order, addressed the first of the government's rationales for sealing, the discovery-related nature of both documents, but did not address the latter rationale, *i.e.*, that unsealing the Order would reveal the existence of seven search warrants that remain sealed and which the government has never disclosed.

3. The interests of justice favor keeping the Order at ECF #147 sealed in its entirety due to the list of sealed docket numbers that it would reveal. ███████████████ ██████████████████████████████████████████████ ███████████████████████████████ Although the affidavits in those dockets remain sealed, the risk of disclosure increases with each unsealing. The government, accordingly, has never publicly revealed the existence of any of its search warrant applications, or even the number of warrants at issue; it sought a limited unsealing of the instant search warrant application only after the former President publicly revealed its existence. Like the motion at ECF

2

#146, therefore, unsealing the Order would indeed reveal "investigative steps that have not yet been made public." July 5 Order, ECF #154 at 2.

4. Redacting the Order at ECF #147 is not a practical alternative here. A large black box that clearly covers more than one docket number would effectively disclose that multiple dockets are referenced. Similarly, the body of the Order, in multiple places, talks about "warrants" and "affidavits" in the plural. *See* ECF #147. A redacted version of the Order, therefore, would not only give away the fact of multiple warrants, but it would also leave little meaningful information unredacted. When the redactions necessary to protect a sealed document are so heavy as to make the released versions incomprehensible and unintelligible, the entire document should remain sealed. *United States v. Steinger*, 626 F. Supp. 2d 1231, 1237 (S.D. Fla. 2009). That is the case with this one-paragraph document.

5. The public interest will not suffer if the Court agrees to reconsider its prior ruling and maintain the current sealing. Indeed, the Court has already given the public an understanding of the nature of the Order. The Court explained in its decision that the Order "related to unsealing materials for the limited purpose of allowing the Government to provide those materials as discovery in case number 23-CR-80101-AMC," July 5 Order at 2, and that the Order "is not discovery material nor does it disclose the contents of any discovery material." That information fairly describes the entire substance of the Order, apart from the docket information that the government seeks to keep sealed. Accordingly, unsealing the Order would reveal undisclosed investigative steps of the government, but would otherwise add little information to what the Court has already provided in its decision.

6. For all the foregoing reasons, the government respectfully requests that the Court reconsider in part its Order of July 5, 2023 and maintain the Order at ECF #147 under seal.

Respectfully submitted,

*/s/ Elizabeth J. Shapiro*
ELIZABETH J. SHAPIRO (D.C. Bar No. 418925)
LESLIE COOPER VIGEN
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel.: (202) 514-5302
Email: Elizabeth.Shapiro@usdoj.gov