UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-MJ-8332-BER

IN RE SEALED SEARCH WARRANT

_____/

**UNITED STATES' OPPOSITION TO MEDIA INTERVENORS' MOTION FOR THE GOVERNMENT TO PERIODICALLY REASSESS AND REPORT ON UNSEALING THE SEARCH WARRANT AFFIDAVIT**

The Media Intervenors have requested that the Court order the government to file frequent periodic reports on whether a redacted search warrant affidavit—which remains partially under seal to protect the identities of witnesses and law enforcement personnel and to preserve the secrecy of grand jury proceedings—may be further unsealed. *See* Mot., ECF No. 162. The Court should deny this unsupported and extraordinary request because such reports are unnecessary and creating them would place an undue burden on prosecutors actively preparing for trial.

**1. The Requested Order Is Unnecessary.**

There is no need for an order requiring the government to file periodic reports about the continued necessity of sealing the search warrant affidavit for at least two reasons. *First*, the government already has a demonstrated history of being forthright with the Court about circumstances that may warrant additional unsealing, and of not objecting to the public release of less-redacted versions of the affidavit where such release would be consistent with the Court's previous orders. For example, when the government received permission from the U.S. District Court for the District of Columbia to reveal the existence of certain grand jury subpoenas, it proactively notified this Court of those disclosures and proposed that a less-redacted version of the affidavit could be released publicly. *See* Notice, ECF No. 124. The government also agreed,

1

in response to a motion by the Media Intervenors, that a less-redacted version of the affidavit could be filed on the public docket following the release of the indictment of former President Trump and a co-conspirator.  *See* July 5 Order 1, ECF No. 154 ("In its Response, the Government agreed that some additional parts of the search warrant affidavit could now be unsealed . . . .").  The Court found that the government had met its burden of showing that the redactions it proposed maintaining were "narrowly tailored to serve the Government's legitimate interests," such as protecting witnesses and law enforcement and preserving the secrecy of grand jury proceedings.  *Id.* at 2.  The government's actions to date demonstrate that it will be forthright with the Court regarding whether additional unsealing is appropriate and judicious with its requested redactions—without filing a report every thirty days for the next nine months.  To that end, the government acknowledges that a superseding indictment was unsealed yesterday in the matter of *United States v. Trump, et al.*, No. 23-cr-80101 (S.D. Fla.).  The government has proactively considered whether new facts alleged in the superseding indictment counsel in favor of lifting additional redactions to the affidavit and has determined that they do not.

*Second*, there is no reason to assume that additional public disclosures will be made between now and the trial in *United States v. Trump* that will warrant additional unsealing of the search warrant affidavit—and certainly not as frequently as every thirty days.  The Media Intervenors speculate that such information "will surely" be disclosed in public court filings and that "the Government no doubt will also disclose additional details about the investigation directly to Trump and his co-defendant Waltine Nauta."  Mot. 2.  As to the first category—information made public in court filings—there is no reason to presuppose that the government will reveal as-yet-nonpublic information in public filings where the substance and scope of pretrial proceedings

in the criminal matter are as yet unknown.[1]  If that were to happen, it would be a simple matter for the government to file a notice proposing that additional redactions could be lifted, or for the media to file a motion for further unsealing.

The second category of information—information disclosed to the criminal defendants alone—provides no basis for any additional unsealing.  The government is, of course, making sealed, protected, and even classified information available to the defendants and their counsel pursuant to protective orders as part of the criminal discovery process.  But such materials do not constitute judicial records and are not subject to the common law right of access or the First Amendment compelling interest standard.  *See, e.g.*, *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310–11 (11th Cir. 2001); *see also United States v. Nickens*, 809 F. App'x 584, 591–92 (11th Cir. 2020) ("Discovery materials . . . do not fall within the scope of either the First Amendment or common law right of access.").  Nor does disclosure of discovery material to criminal defendants pursuant to a protective order in any way constitute a *public* revelation.  *See Chicago Tribune*, 263 F.3d at 1311 (observing that discovery materials "are neither public documents nor judicial records").  The government providing information in criminal discovery is thus no cause for any further unsealing of the affidavit.  *See* Aug. 22 Order 10–11, ECF No. 80 (finding that information was not required to be disclosed where "the Government has not confirmed its accuracy" or where "information is not known to the public").

**2. The Requested Order Would Be Unduly Burdensome.**

Requiring the government to file periodic reports of the nature proposed by the Media Intervenors would also create a burden on the government that significantly outweighs any benefit.

---

[1] Consistent with the Court's previous orders, only official governmental disclosures—not unauthorized leaks, media speculation, or information revealed in violation of a protective order—could warrant any additional unsealing of the affidavit. *See* Aug. 22 Order 10–11.

3

As the Court is aware, the United States, through the Office of the Special Counsel, is currently preparing to prosecute an extraordinarily high profile case charging the former President of the United States and two co-defendants with multiple felonies. The prosecution team is actively preparing evidence and witnesses for trial in May 2024. The matter is complicated by the fact that it involves classified information, which the government must ensure is properly protected by following the procedures outlined in the Classified Information Procedures Act. Counsel for the defendants have indicated they intend to file numerous pretrial motions to which the prosecution will have to respond. Although undersigned counsel are not part of the trial team, frequent consultation with those prosecutors would be required to gather the information necessary to make periodic reports and to make decisions about whether information can be unsealed without harming the prosecution, violating Federal Rule of Criminal Procedure 6(e), or endangering witnesses or government personnel.

In light of the fact that the government has been forthcoming in agreeing to unseal additional portions of the affidavit where appropriate, the burden of requiring prosecutors actively preparing for trial to consult on reports about whether additional unsealing is appropriate every thirty days for at least nine months would far outweigh any benefit in requiring such reports. This is particularly true given that the reports would, more likely than not, lack content but nonetheless require a diligent investigation on the part of both prosecutors and undersigned counsel to ensure their accuracy. Instead of imposing this requirement, the Court should follow the ordinary course and rely on the government's record of candor and on the Media Intervenors' demonstrated ability to file motions where they believe a basis to do so exists.

## CONCLUSION

For the foregoing reasons, the Media Intervenors' motion should be denied.

Date: July 28, 2023

                              Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Civil Division, Federal Programs Branch

*/s/ Leslie Cooper Vigen*
LESLIE COOPER VIGEN
Senior Trial Counsel (D.C. Bar No. 1019782)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel.: (202) 305-0727
Email: Leslie.Vigen@usdoj.gov

*Counsel for United States*