UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

UNITED STATES OF AMERICA

      v.                                            Case No.: 9:22-mj-08332-BER

SEALED SEARCH WARRANT

_____/

**REPLY IN FURTHER SUPPORT OF THE MEDIA INTERVENORS' MOTION
FOR THE GOVERNMENT TO PERIODICALLY REASSESS AND REPORT
ON UNSEALING THE SEARCH WARRANT AFFIDAVIT**

The Media Intervenors[1] respectfully submit this reply in further support of their motion ("Mot.") (ECF No. 162) for the Court to order the Government to periodically reassess its position as to continued sealing of the affidavit of probable cause submitted in connection with the search warrant executed on August 8, 2022 at Mar-a-Lago (the "Affidavit") and file a report informing this Court of that position every thirty (30) days until either the Affidavit is unsealed entirely or the proceedings in *United States v. Trump* result in a final judgment, whichever is sooner. The Government's Opposition ("Opp.") (ECF No. 170) acts like a funhouse mirror,

---

[1] "The Media Intervenors" refers to Intervenors American Broadcasting Companies, Inc.; the Associated Press; Cable News Network, Inc.; CBS Broadcasting Inc. o/b/o CBS News.; Dow Jones & Company, Inc., publisher of *The Wall Street Journal*; the E.W. Scripps Company; *The Palm Beach Post*, and *USA TODAY*, publications operated by subsidiaries of Gannett Co., Inc.; NBCUniversal Media, LLC d/b/a NBC News; The New York Times Company; Times Publishing Company, publisher of the *Tampa Bay Times*; and WP Company LLC d/b/a *The Washington Post*, and Proposed Intervenors Advance Publications, Inc.; Bloomberg L.P.; CMG Media Corporation; Fort Myers Broadcasting Company; Fox News Network, LLC; Gray Media Group, Inc.; Guardian News & Media Limited; Insider Inc.; Los Angeles Times Communications LLC, publisher of *The Los Angeles Times*; the McClatchy Company, LLC d/b/a the *Miami Herald*; Orlando Sentinel Media Group, publisher of the *Orlando Sentinel*; POLITICO LLC; Radio Television Digital News Association; Reuters News & Media Inc.; Sun-Sentinel Company, LLC, publisher of the *South Florida Sun Sentinel*; TEGNA Inc.; Telemundo Network Group LLC d/b/a Noticias Telemundo; Tribune Publishing Company; and Univision Networks & Studios, Inc.

presenting an artificially shrunken view of the need for such relief and an artificially inflated view of the administrative burden such an order would impose. A proportionally accurate reflection of the history of this matter, however, makes clear why the need for periodic reassessment is substantial and the burden on the Government to report to the Court is minimal.

A.  **Periodic Reassessment And Reporting Would Substantially Benefit The Public.**

Periodic reassessment and reporting on how much (if any) of the Affidavit should remain sealed would provide a substantial benefit to the public, which is learning significant information with each unsealing order in this historic prosecution.[2] As this Court has observed, to seal a presumptively-public record such as the Affidavit, the Government must demonstrate (1) that it "has a sufficiently important interest in secrecy that outweighs the public's right of access" and (2) that there is no "less onerous (or, said differently, a more narrowly tailored) alternative to sealing." *In re Sealed Search Warrant*, 622 F. Supp. 3d 1257, 1261 (S.D. Fla. 2022). Other courts have recognized that, as a prosecution progresses, the Government's interest in such secrecy can wane and the possibility of an alternative to sealing can become increasingly viable. *See, e.g.*, *United States v. Appelbaum* (*In re United States*), 707 F.3d 283, 295 (4th Cir. 2013) (recognizing that public was "not forever barred from access . . . because at some point in the future, the Government's interest in sealing may no longer outweigh the common law

---

[2] *See, e.g.*, Melissa Quinn, *Unsealed parts of affidavit used to justify Mar-a-Lago search shed new light on Trump documents probe*, CBS News (July 6, 2023), https://www.cbsnews.com/news/donald-trump-mar-a-lago-search-warrant-affidavit-unsealed-documents-case/ ("The newly unsealed affidavit states that Trump's lawyer told federal officials that 'he was not advised there were any records in any private office space or other location in Mar-a-Lago.'"); Marshall Cohen, *Judge unseals less redacted version of affidavit used for Mar-a-Lago search warrant*, CNN (Sept. 13, 2022), https://www.cnn.com/2022/09/13/politics/less-redacted-mar-a-lago-affidavit/index.html ("[T]he newly lifted redactions in the search warrant affidavit indicate that some of those classified files contained markings for 'HCS, SI and FISA,'" which "indicate that the documents were connected to extremely sensitive government programs.").

presumption of access"); *United States v. Steinger*, 626 F. Supp. 2d 1231, 1237 (S.D. Fla. 2009) (recognizing that once circumstances change, "certain documents may be completely unsealed, and others might be filed in public record with certain redactions"). Periodic reassessment and reporting would thus ensure that the Affidavit is only as sealed as is justified by the *current* conditions of this case.

The Government raises three erroneous objections in response. First, the Government asserts that it has already shown "that it will be forthright with the Court regarding whether additional unsealing is appropriate and judicious." Opp. at 2. The Government's argument concedes the need for reassessment, and the interval for each reassessment should not rest solely with the Government, but rather under the scheduled, routine monitoring of this Court, as the Media Intervenors request.

Second, the Government claims that "there is no reason to assume that additional public disclosures will be made between now and the trial . . . that will warrant additional unsealing of the search warrant affidavit – and certainly not as frequently as every thirty days." Opp. at 2. But the path ahead in this case is likely to be especially contentious and marked with numbers of filings with the Court, as former President Trump has already indicated that he intends to file multiple substantive motions prior to trial in this matter. *See* ECF No. 66 at 2. For example, Trump may move under Rule 12(b)(3)(C), Federal Rules of Criminal Procedure, to suppress the evidence seized at Mar-a-Lago, which might place the Affidavit itself at issue. These pretrial motions, and the Government's responses, will very likely diminish the need for the continuing seal on portions of the Affidavit.

Third, the Government acknowledges that it is making information "available to the defendants and their counsel pursuant to protective orders as part of the criminal discovery

process," but it maintains that these productions "provide[] no basis for any additional unsealing." Opp. at 3. In support of this argument, the Government notes that these disclosures "do not constitute judicial records and are not subject to the common law right of access or the First Amendment compelling interest standard." *Id.* But as this Court has explained, one of the "legitimate governmental concerns" that can justify sealing presumptively public records is whether "there will be an increased risk of obstruction of justice or subornation of perjury if subjects of investigation know the investigative sources and methods." *In re Sealed Search Warrant*, 622 F. Supp. 3d at 1262. As the Government discloses more and more of those details to defendants, therefore, that concern provides less and less justification for sealing court records – *regardless* of whether the productions to defendants are themselves public.

**B.      Periodic Reassessment And Reporting Does Not Unduly Burden The Government.**

The Government also argues that requiring it to periodically reassess and report on unsealing the Affidavit would be unduly burdensome, because the Government lawyers assigned to address public access issues would have to engage in "frequent consultation with [trial] prosecutors . . . to gather the information necessary to make periodic reports and to make decisions about whether information can be unsealed without harming the prosecution, violating Federal Rule of Criminal Procedure 6(e), or endangering witnesses or government personnel." Opp. at 4. This argument fails for two reasons. First, as this Court has already observed, "given the intense public and historical interest in an unprecedented search of a former President's residence, the Government has not yet shown that these administrative concerns are sufficient to justify sealing." *In re Sealed Search Warrant*, 622 F. Supp. 3d at 1265; *see also, e.g.*, *Leopold v. United States*, 964 F.3d 1121, 1134 (D.C. Cir. 2020) (Garland, J.) ("Precluding public access

4

because of the personnel-hours required to produce those records is no more warranted than precluding public access to high-profile trials because of the costs of crowd control.").

Second, the Government does not explain how such consultation would be *more* burdensome than what it already claims to be doing to proactively reassess continued sealing. For example, the Government states that it "proactively considered whether new facts alleged in the superseding indictment counsel in favor of lifting additional redactions to the affidavit and has determined that they do not." Opp. at 2. If the Government is already engaged in such an effort after every filing, then it hardly burdens the Government to compile those reassessments every 30 days and report on them to the Court. With those reports, the Court will be in a better position to independently assess the Government's stance on continued redactions – just as it should independently assess the Government's claim as to the superseding indictment here.

## CONCLUSION

For the foregoing reasons and those set out in their initial motion, the Media Intervenors respectfully request that the Court (1) direct the Government to file a status report every thirty days until either the entire Affidavit is unsealed or a final judgment is reached in *United States v. Trump*, whichever is sooner, informing the Court as to the Government's position on whether additional portions of the Affidavit can be unsealed; (2) direct the Government to file a public redacted version of its report simultaneously with any such report it files under seal; (3) conduct an independent review of the Government's position as to any continuing redactions, and (4) where appropriate, promptly place a less-redacted version of the Affidavit on the public docket.

Dated: August 2, 2023

THOMAS AND LOCICERO PL

By: */s/ Carol Jean LoCicero*
    Carol Jean LoCicero (FBN 603030)
    601 South Boulevard
    Tampa, FL 33606
    Telephone: 813.984.3060
    clocicero@tlolawfirm.com

    Dana J. McElroy (FBN 845906)
    Karen Williams Kammer (FBN 771200)
    Daniela B. Abratt (FBN 118053)
    915 Middle River Drive, Suite 309
    Fort Lauderdale, FL 33304
    Telephone: 954.703.3418
    dmcelroy@tlolawfirm.com
    kkammer@tlolawfirm.com
    dabratt@tlolawfirm.com

*Attorneys for CBS Broadcasting Inc., Fort Myers Broadcasting Company, the McClatchy Company, LLC d/b/a the Miami Herald, The New York Times Company, Sun-Sentinel Company, LLC, publisher of the South Florida Sun Sentinel, and Times Publishing Company*

SHULLMAN FUGATE PLLC

By: */s/ Rachel E. Fugate*
    Rachel E. Fugate (FBN 144029)
    Deanna K. Shullman (FBN 514462)
    Minch Minchin (FBN 1015950)
    2101 Vista Parkway, Suite 4006
    West Palm Beach, FL 33411
    Telephone: 813.935.5098
    rfugate@shullmanfugate.com
    dshullman@shullmanfugate.com
    mminchin@shulmanfugate.com

*Attorneys for American Broadcasting Companies, Inc., CMG Media Corporation, Dow Jones & Company, Inc., Guardian News & Media Limited, Orlando Sentinel Media Group, publisher of the Orlando Sentinel, and Tribune Publishing Company*

Respectfully submitted,

BALLARD SPAHR LLP

By: */s/ Charles D. Tobin*
    Charles D. Tobin (FBN 816345)
    1909 K Street NW, 12th Floor
    Washington, DC 20006
    Telephone: 202.661.2218
    tobinc@ballardspahr.com

    Elizabeth Seidlin-Bernstein (*pro hac vice*)
    1735 Market Street, 51st Floor
    Philadelphia, PA 19103-7599
    Telephone: 215.665.8500
    seidline@ballardspahr.com

*Attorneys for Advance Publications, Inc., the Associated Press, Bloomberg L.P., Cable News Network, Inc., the E.W. Scripps Company, Fox News Network, LLC, Gray Media Group, Inc., Insider Inc., Los Angeles Times Communications LLC, publisher of The Los Angeles Times, NBCUniversal Media, LLC, Radio Television Digital News Association, Reuters News & Media Inc., TEGNA Inc., Telemundo Network Group LLC d/b/a Noticias Telemundo, WP Company LLC d/b/a The Washington Post, and Univision Network & Studios, Inc.*

ATHERTON GALARDI MULLEN & REEDER PLLC

By: */s/ L. Martin Reeder, Jr.*
    L. Martin Reeder, Jr. (FBN 308684)
    1641 Worthington Road, Suite 11
    West Palm Beach, FL 33409
    Telephone: 561.293.2530
    martin@athertonlg.com

*Attorneys for The Palm Beach Post and USA TODAY, publications operated by subsidiaries of Gannett Co., Inc.*