UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-MJ-8332-BER

IN RE: SEALED SEARCH WARRANT

_____/

**<u>ORDER</u>**

The issue before the Court relates to the continued partial sealing of the affidavit in support of the search warrant for 1100 S. Ocean Drive, Palm Beach, Florida ("the Affidavit").

Media Intervenors ask this Court to "order the Government to reassess its position as to continued sealing of the Affidavit and file a report informing this Court of that position every thirty (30) days until either the Affidavit is unsealed entirely or the proceedings in *United States v. Trump* result in a final judgment, whichever is sooner." ECF No. 162 at 2-3. They argue that the Government is in the unique position to be able to compare "the information currently redacted from the Affidavit with the information it provides [in discovery in the criminal case] and/or the information included in other public court filings." *Id.* at 2.

The Government responds that there is no need for the requested order. It first says it has shown its sensitivity to unsealing portions of the Affidavit as circumstances change. It next argues that it is speculative whether additional portions of the Affidavit will become subject to the public right of access during

pretrial proceedings in the related prosecution. Finally, it argues that requiring periodic filings would be unduly burdensome. ECF No. 170.

I have considered the Motion, the Response, and the Reply, ECF No. 173. I am fully advised and this matter is ripe for decision.

The public and the media have a qualified right of access to judicial proceedings that can be overcome by a showing of good cause. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310-12 (11th Cir. 2001); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Media intervenors focus on two categories of information that they assert may justify future modifications to the Affidavit's redactions: discovery material in *United States v. Trump, et. al.,* No. 23-cr-80101-AMC, and information contained in public filings in the *Trump* prosecution. Even assuming those categories contain information currently redacted from the Affidavit, there is no need to order the Government to file periodic reports.

In a criminal case, materials the prosecution provides to the defense are not subject to the public right of access. *See, e.g., United States v. Nickens,* 809 F. App'x 584, 591-92 (11th Cir. 2020) (discovery materials "do not fall within the scope of either the First Amendment or the common law right of access."). Even if they were, the Court has entered a protective order in *U.S. v. Trump* under Federal Rule of Criminal Procedure 16(d)(1) that prohibits either side from publicly disclosing discovery materials without prior approval. ECF No. 27 ¶6 in Case No. 23-cr-80101-AMC. Implicit in the protective order was the Court's finding that good cause existed for this limitation. *See* Fed. R. Crim. P. 16(d)(1) ("At any time the court may, for good

cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief.").

The Government is correct that it is speculative whether public filings will justify further unsealing. If public filings contain information that the Media Intervenors in good faith believe may be currently redacted from the Affidavit, they can move for further unsealing. The Government is also expected to notify the Court if the need for redaction ceases to exist because of public disclosures. And, the Court can, on its own, order further unsealing, after providing proper notice and opportunity to be heard.[1] Because these viable alternatives exist, it is unnecessary and therefore unduly burdensome to require the Government to file periodic reports.

For all these reasons, the Motion (ECF No. 162) is DENIED.

**DONE and ORDERED** in Chambers this 14th day of August, 2023, at West Palm Beach in the Southern District of Florida.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned is also the assigned United States Magistrate Judge in *United States v. Trump, et. al.*