# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 26, 2023

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

FILED BY _____ AP _____ D.C.

Sep 26, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Appeal Number: 22-12791-JJ
Case Style: USA v. Michael Barth
District Court Docket No: 9:22-mj-08332-BER-1

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

Enclosure(s)

MDT-1 Letter Issuing Mandate

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-12791

_____

UNITED STATES OF AMERICA,

                                                Plaintiff-Appellee,

*versus*

MICHAEL S. BARTH,

                                                Interested Party-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:22-mj-08332-BER-1

_____

JUDGMENT

2                                                                          22-12791

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: August 4, 2023

For the Court: DAVID J. SMITH, Clerk of Court

ISSUED AS MANDATE: September 26, 2023

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-12791

Non-Argument Calendar

_____

In re: SEALED SEARCH WARRANT

_____

UNITED STATES OF AMERICA,

                                              Plaintiff-Appellee,

*versus*

MICHAEL S. BARTH,

                                             Interested Party-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:22-mj-08332-BER-1

_____

Before WILSON, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

Michael S. Barth appeals from the district court's denial of his motion to intervene in a search warrant proceeding. Because we find no error in the district court's denial of the motion to intervene, we dismiss the appeal for lack of jurisdiction.

**I.**

In August 2022, the government obtained a search warrant to search the Mar-a-Lago residence of former President Donald J. Trump. The search warrant and an affidavit demonstrating probable cause were filed under seal. Two days after the search was executed, Judicial Watch, Inc. moved to unseal these documents. Judicial Watch said that it was investigating "the potential politicization" of the FBI and Department of Justice and whether they are "abusing their law enforcement powers to harass a likely future political opponent." Various news organizations intervened shortly thereafter for the purpose of unsealing and obtaining access to all the search warrant materials. The Florida Center for Government Accountability, Inc., a nonprofit focusing

Case 9:22-mj-08332-BER   Document 186   Entered on FLSD Docket 09/28/2023   Page 6 of 13
USCA11 Case: 22-12791   Document: 38-1   Date Filed: 08/04/2023   Page: 3 of 8

22-12791               Opinion of the Court                3

on ensuring government accountability and transparency, intervened for the same purpose.

Barth is proceeding pro se as a member of the public. He sought to intervene "for the limited purpose of miscellaneous relief to unseal all the remaining documents (including the Court's notes), related to the sealed search warrant." His motion said that he intends to "adopt and incorporate the applicable legal references in the memorandums of law filed by the Media Intervenors."

A magistrate judge denied Barth's motion to intervene under Federal Rule of Civil Procedure 24 because the "interests asserted by the movant are adequately represented by the media-intervenors." Barth filed a letter seeking review by a district judge, which the district court construed as an objection to the magistrate judge's order. Barth's objection was overruled. The district court agreed with the magistrate judge that the parties who have been permitted to intervene "have thoughtfully and professionally litigated their position" and concluded "with certainty" that Barth's interests were adequately represented. Moreover, the district court found no evidence of collusion with the government, no adverse interest between the existing intervenors and Barth, and that the intervenors have not failed in the fulfillment of their duties.

Barth now appeals.[1] He argues that the district court erred by denying his request to intervene because the existing parties

---

[1] Since the date that Barth filed this suit, criminal prosecution related to the underlying search warrant has begun and various materials and excerpts

| 4 | Opinion of the Court | 22-12791 |
|---|---|---|

would not necessarily represent his interests. He says that counsel for the media intervenors made two "fatal mistakes": (1) conceding that the warrant was supported by probable cause and (2) conceding that the government has an interest in protecting its methods that may, in some cases, outweigh the public right to access. He also argues that the media may only want to "unseal this matter so far" because they do not "really. . . want to know 'both sides of the story.'" And he suggests that the government and media are colluding by leaking details of the investigation.

## II.

An order denying a motion to intervene is not a final order. *Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1301 (11th Cir. 2008). Under the "anomalous rule," however, "we exercise 'provisional jurisdiction' to determine whether a district court erred in denying intervention as of right under Rule 24(a), or clearly abused its discretion in denying permissive intervention under Rule 24(b)." *United States v. US Stem Cell Clinic, LLC*, 987 F.3d 1021, 1024 (11th Cir. 2021) (quoting *Fox*, 519 F.3d at 1301)). If "we discover no reason to reverse the district court, then 'our jurisdiction evaporates' and we dismiss the appeal." *Id.*

## III.

A party seeking to intervene as of right under Rule 24(a)(2) must show that: "(1) his application to intervene is timely; (2) he

---

related to it have already been unsealed. This appeal is not moot because portions of the search warrant affidavit remain under seal.

Case 9:22-mj-08332-BER Document 186 Entered on FLSD Docket 09/28/2023 Page 8 of 13
USCA11 Case: 22-12791 Document: 38-1 Date Filed: 08/04/2023 Page: 5 of 8

22-12791            Opinion of the Court                      5

has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." *Fox*, 519 F.3d at 1302–03. When a party fails to establish one of these requirements, it is unnecessary to analyze any of the remaining requirements. *See, e.g.*, *Worlds v. Dep't of Health & Rehab. Servs.*, 929 F.2d 591, 595 (11th Cir. 1991).

The district court's decision denying Barth's intervention rested on the fourth requirement. Representation is adequate if (i) no collusion is shown between the representative and an opposing party; (ii) the representative does not have or represent an interest adverse to the intervenor; and (iii) the representative does not fail in the fulfillment in their duty. *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 215 (11th Cir. 1993). Unless one of these three conditions are met, we "will presume that a proposed intervenor's interest is adequately represented when an existing party pursues the same ultimate objective as the party seeking intervention." *Id.*; *Int'l Tank Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964, 967 (5th Cir. 1978).

We conclude that the district court correctly denied Barth's motion to intervene. Barth's interest in the unsealing of the search warrant and all related materials is adequately protected by the existing intervenors. Judicial Watch, the media organizations, and the Florida Center for Government Accountability all share the same ultimate objective and continue to forcefully litigate to

| 6 | Opinion of the Court | 22-12791 |
|---|---|---|

achieve it.  Indeed, the existing intervenors have, for the most part, accomplished this interest.  The search warrant and large portions of the affidavit have been unsealed.  And almost a year later, the existing intervenors continue to move for further unsealing.  The media organizations recently moved for the government to periodically reassess and report on unsealing of the search warrant affidavit as changed circumstances may undermine the government interests justifying the seal.  We therefore presume that Barth's interest is adequately represented by the existing intervenors who share the same ultimate objective.

Barth has not presented any reason to counter that presumption.  The persistent effort of the existing intervenors to unseal the search warrant materials undercuts Barth's unsubstantiated suggestion that they only want to unseal the matter "so far."  His further contention that the government is colluding with the intervenors is unsupported by any evidence in the record.  And he has not explained how his interests are adverse to the existing intervenors given that they all share the same objective as him in unsealing the search warrant affidavit.

The "fatal mistakes" that Barth points to also do not suggest that the existing intervenors have failed in the pursuit of this goal.  The record makes clear that the magistrate judge—not the existing intervenors—stated that the search warrant was supported by probable cause.  At a hearing that took place before the affidavit was partially unsealed, counsel for the media intervenors characterized the warrant as being "based on alleged probable

Case 9:22-mj-08332-BER Document 186 Entered on FLSD Docket 09/28/2023 Page 10 of 13
USCA11 Case: 22-12791 Document: 38-1 Date Filed: 08/04/2023 Page: 7 of 8

22-12791         Opinion of the Court         7

cause." The magistrate judge interjected: "Not alleged probable cause, I found there is probable cause." Counsel responded: "Indeed you did, your Honor." In context—where the intervenors could not have independently concluded that probable cause existed because the affidavit had not yet been unsealed—we do not interpret this exchange as a concession that probable cause existed. In any event, conceding that probable cause existed to support the warrant would not undercut efforts to unseal the affidavit.

Barth's second "fatal mistake" is not a mistake at all. The magistrate judge asked counsel for the media intervenors whether "as an abstract matter, maintaining the integrity of the investigation, and particularly the sources and methods of conducting the investigation, can be[,] in the right case[,] a legitimate and sufficient Government interest to overcome the public right of access." Counsel responded that "with the caveats that the Court has mentioned, in the right case, at the right moment of the right case" he "would agree with that principle as a general matter." This is a correct statement of law and counsel's agreement with it does not suggest that the existing intervenors are inadequately representing Barth's interest. *See United States v. Valenti*, 987 F.2d 708, 714–15 (11th Cir. 1993) (holding that district court properly denied motion to unseal "as a necessary means to achieving the government's compelling interest in the protection of a continuing law enforcement investigation"). Accordingly, we conclude that Barth's interest is adequately represented by the existing parties to the litigation.

| 8 | Opinion of the Court | 22-12791 |

★ ★ ★

The district court correctly denied Barth's motion to intervene as of right under Rule 24(a) and Barth does not argue that he sought permissive intervention under Rule 24(b). Therefore, we have no reason to reverse the district court and dismiss the appeal for lack of jurisdiction.[2]

**DISMISSED.**

---

[2] We previously dismissed this appeal to the extent that it concerned Barth's motion for recusal and do not address the arguments that the parties raised on that matter in the briefing.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 04, 2023

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 22-12791-JJ
Case Style: USA v. Michael Barth
District Court Docket No: 9:22-mj-08332-BER-1

All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against appellant.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1A Issuance of Opinion With Costs